IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re:<br><br>**ERIN ENERGY CORPORATION,**<br><br>  Debtor. | § § § § § § § | **Case No. 18-32106**<br><br>**Chapter 11** |
| In re:<br><br>**ERIN ENERGY LIMITED,**<br><br>  Debtor. | § § § § § § § | **Case No. 18-32107**<br><br>**Chapter 11** |
| In re:<br><br>**ERIN ENERGY KENYA LIMITED,**<br><br>  Debtor. | § § § § § § § | **Case No. 18-32108**<br><br>**Chapter 11** |
| In re:<br><br>**ERIN PETROLEUM NIGERIA LIMITED,**<br><br>  Debtor. | § § § § § § § § | **Case No. 18-32109**<br><br>**Chapter 11**<br><br>**Joint Administration Pending** |

**EMERGENCY MOTION FOR ENTRY OF AN ORDER (I) DIRECTING JOINT
ADMINISTRATION OF RELATED CHAPTER 11 CASES AND
(II) GRANTING RELATED RELIEF**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER**

**NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED, IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER, IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE MARVIN ISGUR:**

The above captioned debtors and debtors-in-possession (collectively, the "Debtors"), hereby file their Emergency Motion for Order Authorizing Joint Administration of the above-referenced cases under FED. R. BANKR. P. 1015(b)(4) ("Rule 1015(b)") and Local Bankruptcy Rule 1015-1, and in support thereof show the Court as follows:

## I.
## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Southern District of Texas General Order 2012-6. This is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409. Pursuant to Local Rule 1015-1, the instant Motion for Joint Administration is filed in the court with the lowest case number of the cases for which joint administration is sought.

## II.
## BACKGROUND

2. On April 25, 2018 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the

"Court"). The Debtors continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. ERN operates through its subsidiaries as an independent oil and gas exploration and production ("E&P") company focused on energy resources in Africa with headquarters located at 1330 Post Oak Blvd., Suite 2250, Houston, Texas 77056. In total, ERN has ten (10) wholly owned subsidiaries and one partially owned subsidiary.[1] EEL is a wholly owned subsidiary of ERN organized under the laws of the Cayman Islands. EEL was founded in 2012 and is also the parent of EEKL. EPNL is a limited company incorporated under the laws of the Federal Republic of Nigeria. Founded in 2009, EPNL is currently the main operating subsidiary of ERN in Nigeria and accounts for almost all of ERN's revenues.

4. EEKL is a subsidiary of EEL and is organized under the laws of the Republic of Kenya. Founded in 2012, EEKL is the operating subsidiary of ERN in the country of Kenya. Although EEKL holds two licenses in the country, there are no ongoing operations in Kenya.

5. The Debtors focus their efforts on acquiring and developing high-potential E&P assets in Sub-Saharan Africa, and exploring those assets through strategic partnerships with national oil companies, indigenous local partners, and other independent oil companies. The Debtors' current asset portfolio consists of five licenses across Nigeria, Ghana and The Gambia covering an area of approximately 1.5 million acres. The Debtors' strategic acquisitions and aggressive E&P strategies have helped sustain their growth and success.

6. A number of factors – including regulation and the prolonged commodity downturn – have had a material adverse effect on the Debtors' financial condition. The most significant impact has been in Nigeria where certain pending legal matters culminated in armed

---

[1] A complete organizational history and corporate organizational chart of the Debtors and their affiliated entities may be found in the First Day Declaration of Sakiru Adefemi Ayoade, incorporated herein by reference.

agents of Nigerian Agip Exploration Limited ("NAEL") boarding the EPNL offtake vessel and seizing valuable assets. NAEL's wrongful actions resulted in ERN and EPNL's inability to operate and market crude oil from the Oyo Field offshore Nigeria.

7. The disruption of operations in Nigeria coupled with the Debtors' inability to service mounting debt obligations and other trade payable obligations has resulted in a severe cash-flow shortage. Through these Bankruptcy Cases, the Debtors seek protection and enforcement of the automatic stay with respect to the Debtors' assets while the Debtors seek alternative sources of funding pending resolution of the Nigerian litigation.

## III.
## RELIEF REQUESTED

8. The Debtors hereby seek entry of an order, substantially in the form attached hereto as Exhibit A, (a) directing procedural consolidation and joint administration of their related chapter 11 cases and (b) granting related relief. The Debtors request that the court maintain one file and one docket for all the jointly-administered cases under the case of Erin Energy Corporation, and that the Court administer these chapter 11 cases under a consolidated caption, as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § | | |
| § | | |
| ERIN ENERGY CORPORATION, *et al.*,[1] § | | Case No. 18-32106 |
| § | | |
| Debtors. § | | Chapter 11 |
| § | | |
| § | | (Jointly Administered) |

---

[1] The last four digits of Erin Energy Corporation's ("ERN") federal tax identification number are 9798. The other Debtors in these cases are: Erin Energy Limited ("EEL"); Erin Energy Kenya Limited ("EEKL"); and Erin Petroleum Nigeria Limited ("EPNL"). The Debtors' service address is: 1330 Post Oak Blvd., Suite 2250, Houston, TX 77056.

9. Bankruptcy Rule 1015(b) provides that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and such affiliates. The primary considerations to be weighed by the Court when considering joint administration are (1) protecting creditors of different estates against potential conflicts of interest; and, (2) avoiding unnecessary costs and delays.

10. In these cases, management and operations of the Debtors are comprised of largely the same individuals, and the Debtors share many of the same creditors. The undersigned counsel is unaware of potential conflicts of interest between the above-referenced debtors that would potentially harm these creditors. Joint administration will save substantial costs and prevent delays, which will serve the interests of all four estates and their creditors, and will in turn foster the most expeditious and economical administration of the estates.

11. Bankruptcy Rule 2002(n), which incorporates Bankruptcy Rule 1005, provides that notices under Bankruptcy Rule 2002 contain certain information, including the tax

identification number of each Debtor and any other names used by the Debtors in the previous eight years. Fed. R. Bankr. P. 2002(n).

12. The Debtors submit that use of the above simplified caption without full tax identification numbers will ensure a uniformity of pleading identification. All pleadings filed and each notice mailed by the Debtors will include a footnote listing all of the Debtors. All such pleadings will also include a note specifying that the Chapter 11 cases are "Jointly Administered." Moreover, the petitions for each Debtor are publicly available to all parties-in-interest. Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Rule 2002(n) and Local Bankruptcy Rule 1015(i) have been satisfied.

13. In addition, the Debtors request that the Court make a separate docket entry on the dockets of Erin Petroleum Nigeria Limited, Erin Energy Kenya Limited, and Erin Energy Limited, substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of Texas directing joint administration of the chapter 11 cases of: Erin Energy Corporation, Case No. 18-32106; Erin Petroleum Nigeria Limited, Case No. 18-32109; Erin Energy Kenya Limited, Case No. 18-32108; and Erin Energy Limited, Case No. 18-32107. **All further pleadings and other papers shall be filed in, and all further docket entries shall be made in Case No. 18-32106.**

14. It would be far more practical and expedient for the administration of the Chapter 11 Cases if the Court were to authorize their joint administration. The Debtors envision that many of the motions, hearings and other matters involved in the Chapter 11 Cases will affect all of the Debtors. Consequently, joint administration will reduce costs and facilitate a more efficient administrative process, unencumbered by the procedural problems otherwise attendant to the administration of separate, albeit related, chapter 11 cases.

## IV.
## EMERGENCY CONSIDERATION

15. The Debtors respectfully request emergency consideration of this motion in accordance with Bankruptcy Local Rule 9013-1(i). The Debtors believe that joint administration of these chapter 11 cases is critical to an immediate and orderly transition into chapter 11 that will preserve the value of the Debtors' estates and maintain the viability of the Debtors' operations. The failure to receive the relief requested in this motion on an emergency basis would place an undue burden on the administration of the other relief requested by the Debtors on an emergency basis contemporaneously herewith. Accordingly, the Debtors respectfully request that the Court approve the relief requested in this motion on an emergency basis.

## V.
## NOTICE

Notice of this Motion shall be given to (a) the Office of the United States Trustee for the Southern District of Texas; (b) counsel to the Debtors' prepetition secured lenders; and (c) the 20 largest unsecured creditors of each of the respective Debtors (as found on Official Form 204). The Debtors submit that no other or further notice need be provided.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in this Motion and such other and further relief as may be just and proper.

[remainder of page intentionally left blank]

Dated: April 26, 2018.

        Respectfully submitted,

        **OKIN ADAMS LLP**

By:    /s/ *Ryan A. O'Connor*
       Matthew S. Okin
       Texas Bar No. 00784695
       mokin@okinadams.com
       David L. Curry, Jr.
       Texas Bar No. 24065107
       dcurry@okinadams.com
       John Thomas Oldham
       Texas Bar No. 24075429
       joldham@okinadams.com
       Ryan A. O'Connor
       Texas Bar No. 24098190
       roconnor@okinadams.com
       1113 Vine St., Suite 201
       Houston, Texas 77002
       Tel: 713.228.4100
       Fax: 888.865.2118

       **PROPOSED ATTORNEYS FOR THE DEBTORS**