## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **ERIN ENERGY CORPORATION, *et al.*,**[1] | § | **Case No. 18-32106** |
| | § | |
| **Debtors.** | § | **Chapter 11** |
| | § | |
| | § | **(Joint Administration Requested)** |

### DEBTORS' EMERGENCY MOTION FOR THE ENTRY OF AN ORDER PURSUANT TO SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE ENFORCING AND RESTATING AUTOMATIC STAY

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED, IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER, IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELEIVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

[1] The last four digits of Erin Energy Corporation's ("ERN") federal tax identification number are 9798. The other Debtors in these cases are: Erin Energy Limited ("EEL"); Erin Energy Kenya Limited ("EEKL"); and Erin Petroleum Nigeria Limited ("EPNL").  The Debtors' service address is: 1330 Post Oak Blvd., Suite 2250, Houston, TX 77056.

**TO THE HONORABLE MARVIN ISGUR:**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their undersigned proposed attorneys, hereby file this emergency motion (the "Motion") for entry of an order pursuant to sections 105(a) and 362 of the bankruptcy code enforcing and restating automatic stay and *ipso facto* provisions.  In support thereof, the Debtors state as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of these chapter 11 cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested in this Motion are §§ 105(a) and 362 of the Bankruptcy Code.

## II.    BACKGROUND

2.    On April 25, 2018 (the "Petition Date"), the Debtors, filed voluntary petitions for relief (the "Bankruptcy Cases") under chapter 11, title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").  The Debtors continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

*Company Overview*

3.    ERN operates through its subsidiaries as an independent oil and gas exploration and production ("E&P") company focused on energy resources in Africa with headquarters located at 1330 Post Oak Blvd., Suite 2250, Houston, Texas 77056.  In total, ERN has ten (10) wholly owned subsidiaries and one partially owned subsidiary.  EEL is a wholly owned subsidiary of ERN organized under the laws of the Cayman Islands.  EEL was founded in 2012 and is also the parent of EEKL.  EPNL is a limited company incorporated under the laws of the

Federal Republic of Nigeria.  Founded in 2009, EPNL is currently the main operating subsidiary of ERN in Nigeria and accounts for almost all of ERN's revenues.

4.      EEKL is a subsidiary of EEL and is organized under the laws of the Republic of Kenya.  Founded in 2012, EEKL is the operating subsidiary of ERN in the country of Kenya. Although EEKL holds two licenses in the country, there are no ongoing operations in Kenya.

5.      The Debtors focus their efforts on acquiring and developing high-potential E&P assets in Sub-Saharan Africa, and exploring those assets through strategic partnerships with national oil companies, indigenous local partners, and other independent oil companies.  The Debtors' current asset portfolio consists of five licenses across Nigeria, Ghana and The Gambia covering an area of approximately 1.5 million acres.  The Debtors' strategic acquisitions and aggressive E&P strategies have helped sustain their growth and success.

6.      A number of factors – including regulation and the prolonged commodity downturn – have had a material adverse effect on the Debtors' financial condition.  The most significant impact has been in Nigeria where certain pending legal matters culminated in armed agents of Nigerian Agip Exploration Limited ("NAEL") boarding the EPNL offtake vessel and seizing valuable assets.  NAEL's wrongful actions resulted in ERN and EPNL's inability to operate and market crude oil from the Oyo Field offshore Nigeria.

7.      The disruption of operations in Nigeria coupled with the Debtors' inability to service mounting debt obligations and other trade payable obligations has resulted in a severe cash-flow shortage.  Through these Bankruptcy Cases, the Debtors seek protection and enforcement of the automatic stay with respect to the Debtors' assets while the Debtors seek alternative sources of funding pending resolution of the Nigerian litigation.

*Critical Nigerian Assets*

8.      The Debtors currently derive the totality of their revenue from the sale of crude oil in Nigeria. All of the Company's oilfield assets are located offshore Nigeria in the Oil Mining Leases 120 and 121 (the "OMLs").  Although the Debtors own properties concentrated in three countries (Nigeria, The Gambia and Ghana), all of the value of the Debtor's production and reserves is currently concentrated in the Oyo oilfield offshore Nigeria.  Mission critical for the Debtors to effectively operate within this Chapter 11 and ultimately to come out of bankruptcy, is the protection, maintenance, and monetization of these assets.

### III.      RELIEF REQUESTED

9.      Pursuant to sections 105(a) and 362 of the Bankruptcy Code, the Debtors request the entry of an order, substantially in the form as the attached Exhibit A, enforcing and restating the automatic stay provisions of the Bankruptcy Code.

10.      Specifically, the Debtors request that all persons (including individuals, partnerships, corporations, and other entities and all those acting on their behalf and all governmental units, whether of the United States, any state or locality therein or any territory or possession thereof, ***or any foreign country, including but not limited to Republic of The Gambia, Republic of Ghana, The Federal Republic of Nigeria, the Republic of Kenya and the Republic of South Africa*** (including any division, department, agency, instrumentality or service thereof and all those acting on their behalf), be restrained and enjoined from:

    (a)      commencing or continuing (including the issuance or employment of process) any judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of the Debtors' chapter 11 cases or recovering a claim against the Debtors that arose before the commencement of the Debtors' chapter 11 cases;

    (b)      enforcing, against the Debtors or against property of their estates, a judgment or order obtained before the commencement of the Debtors' chapter 11 cases;

(c)     taking any action to obtain possession of property of the Debtors' estates or to exercise control over property of the estates or interfere in any way with the conduct by the Debtors of their businesses, including, without limitation, attempts to interfere with deliveries or events or attempts to arrest, seize or reclaim any vessels, ships, equipment, supplies or other assets the Debtors use in their businesses;

(d)     taking any action to create, perfect, or enforce any lien against property of the Debtors' estates;

(e)     taking any action to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose prior to the commencement of the Debtors' chapter 11 cases;

(f)     taking any action to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of the Debtors' chapter 11 cases;

(g)     offsetting any debt owing to the Debtors that arose before the commencement of the Debtors' chapter 11 cases against any claim against the Debtors; and,

(h)     commencing or continuing any proceeding before the United States Tax Court concerning the Debtors, subject to the provisions of 11 U.S.C. § 362(b).

## IV.     BASIS FOR RELIEF

11.     The Debtors' business operations are conducted in Africa with significant assets and operations off the coast of Nigeria, in the Oyo field.  As a result, the Debtors have many foreign creditors and counterparties to contracts who may not be well versed in the restrictions of the Bankruptcy Code.  Many of these creditors do not transact business on a regular basis with companies that have filed for chapter 11 relief, or are unfamiliar with the scope of a debtor-in-possession's authority to conduct its business.  These creditors may be unfamiliar with the operation of the automatic stay and other provisions of the Bankruptcy Code.

12.     Thus, various interested parties may attempt to seize assets located outside of the United States to the detriment of the Debtors, their estates and creditors, or take other actions in contravention of the automatic stay of section 362 of the Bankruptcy Code.  Moreover, should these creditors commence actions against the Debtors there is a substantial likelihood that such

actions would commenced in jurisdictions unfamiliar with U.S. bankruptcy practice, the U.S. Bankruptcy Code, and the automatic stay.

13.     Accordingly, by this Motion, the Debtors seek entry of an order, pursuant to sections 105(a) and 362 of the Bankruptcy Code, enforcing and restating the automatic stay provisions of the Bankruptcy Code.  The Debtors' intent is that a specific and explicit order from this Court will protect the Debtors from improper actions by foreign creditors in addition to actions from unwitting parties in foreign jurisdictions who are not familiar with the Bankruptcy Code or its protections and who might otherwise violate those sections.[2]

14.     Further, an order of the type requested by this Motion may substantially aid the Debtors in jurisdictions that, while unfamiliar with the U.S. Bankruptcy Code, nevertheless offer reciprocity or recognition of U.S. insolvency proceedings.  For example, the Debtors may be able to register or otherwise domesticate this order in Nigeria pursuant to the Foreign (Reciprocal Enforcement) Act of Nigeria.

**Automatic Stay Provisions of the Bankruptcy Code**

15.     As a result of the commencement of these cases, and by operation of law pursuant to section 362 of the Bankruptcy Code, the automatic stay enjoins all persons from, among other things, taking any action to obtain possession of property of the estate or to exercise control over property of the estate.   The injunction contained in section 362 of the Bankruptcy Code constitutes a fundamental protection for Debtors, which, in combination with other provisions of the Bankruptcy Code, provides these Debtors with a "breathing spell from [their] creditors" that

---

[2] The Debtors make this Motion subject to any exceptions to the automatic stay contained in section 362(d) of the Bankruptcy Code and the right of any party in interest to seek relief from the automatic stay under section 362(d) of the Bankruptcy Code.

is essential to the Debtors' ability to reorganize successfully.  *See e.g., Browning v. Navarro*, 743 F.2d 1069, 1083 (5th Cir. 1984) (citations omitted).

16.    Given its fundamental importance to a debtor's reorganization, courts broadly construe the stay provisions of section 362.  As such, the stay has been held to preclude unilateral actions by non-debtor parties to terminate contracts without court order.  *See, e.g., Bonneville Power Admin. v. Mirant Corp. (In re Mirant Corp.)*, 440 F.3d 238 (5th Cir. 2006) (noting that non-debtor termination of agreement was prohibited by the automatic stay and required court approval under section 362(d)).  Section 362 of the Bankruptcy Code has also been held to apply extraterritorially.  *See Hong Kong & Shanghai Banking Corp. v. Simon (In re Simon)*, 153 F.3d 991, 996 (9th Cir. 1998) ("Given this clear expression of intent by Congress in the express language of the Bankruptcy Code, we conclude that Congress intended extraterritorial application of the Bankruptcy Code as it applies to property of the estate."); *Nakash v. Zur (In re Nakash)*, 190 B.R. 763, 768 (Bankr. S.D.N.Y. 1996) ("Based upon the applicable Code sections [and] other indicia of congressional intent, . . . the automatic stay applies extraterritorially."); *In re McLean Indus.*, 74 B.R. 589, 601 (Bankr. S.D.N.Y. 1987) ("[t]he automatic stay applies extraterritorially").

**Authority Pursuant to § 105(a) of the Bankruptcy Code**

17.    Section 105(a) of the Bankruptcy Code authorizes the Court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Section 105(a) therefore authorizes bankruptcy courts to issue injunctions and take other necessary steps in aid of their jurisdiction.  *United States v. Sutton*, 786 F.2d 1305, 1307 (5th Cir. 1986).

18.     Notwithstanding the fundamental nature of the automatic stay and the fact that such arises as a matter of law upon the commencement of a chapter 11 case, not all parties affected or potentially affected by the commencement of a chapter 11 case are aware of the aforementioned Bankruptcy Code provisions.  Nor are all parties cognizant of the significance and impact of these provisions.  Experience has shown that it is often necessary to advise third parties of the existence and effect of the automatic stay, particularly in cases in which the debtor conducts significant business in foreign jurisdictions. Occasionally, it is necessary to commence proceedings in the bankruptcy court to enforce these provisions.   Accordingly, it is not uncommon for a bankruptcy court to issue an order embodying and restating the provisions of sections 362 of the Bankruptcy Code.

19.     Thus, even though an order of the sort sought by this Motion is not necessary to trigger the protections afforded the Debtors by section 362 of the Bankruptcy Code, the entry of such an order will be helpful for the Debtors in persuading their creditors, particularly their foreign creditors, of the existence and broad scope of these protections.  The granting of the relief requested will help ensure that creditors do not seize the Debtors' assets or take any other action in violation of the automatic stay.  Accordingly, the Debtors respectfully request that this Court issue an order which substantially restates the applicable provisions of sections 362 of the Bankruptcy Code as applicable to all creditors and parties-in-interest.   Granting the relief requested herein will facilitate a smooth and orderly transition into chapter 11 and minimize the disruption of the Debtors' business affairs.

### V.     BASIS FOR EMERGENCY RELIEF

20.     The Debtors respectfully request emergency consideration of this motion in accordance with Bankruptcy Local Rule 9013(i).  The Debtors believe that the relief requested in this Motion is critical to an immediate and orderly transition into chapter 11 that will preserve

the value of the Debtors' estates and maintain the viability of the Debtors' operations. Accordingly, the Debtors respectfully request that the Court approve the relief requested in this motion on an emergency basis.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form filed herewith, granting the relief requested in this Motion, and such other and further relief as may be just and proper under the circumstances.

DATED:  April 26, 2018.

Respectfully submitted,

**OKIN ADAMS LLP**

By:  _____/s/ *Matthew S. Okin*_____
     Matthew S. Okin
     Texas Bar No. 00784695
     mokin@okinadams.com
     David L. Curry, Jr.
     Texas Bar No. 24065107
     dcurry@okinadams.com
     John Thomas Oldham
     Texas Bar No. 24075429
     joldham@okinadams.com
     Ryan A. O'Connor
     Texas Bar No. 24098190
     roconnor@okinadams.com
     1113 Vine St., Suite 201
     Houston, Texas 77002
     Tel: 713.228.4100
     Fax: 888.865.2118

**PROPOSED ATTORNEYS FOR THE DEBTORS**