

The Honorable Marvin Isgur
United States Bankruptcy Court
for the Southern District of Texas
515 Rusk Street
Houston, Texas 77002

Herbert Smith Freehills New York LLP
450 Lexington Avenue, 14th floor
New York, NY 10017
USA
T  +1 917 542 7600
F  +1 917 542 7601
D  +1 917 542 7824
E  jonathan.cross@hsf.com
www.herbertsmithfreehills.com

Our ref

Your ref

Date
May 08 2018

**In re Erin Energy Corporation et al., Case No. 18-32106;
Response to Debtor's Motion for Interim and Final Orders Authorizing the Use of Cash Collateral**

Dear Judge Isgur:

This firm represents Mauritius Commercial Bank Limited ("**MCB**") in connection with the above-referenced proceeding, along with the related proceedings as to several entities affiliated with Erin Energy Corporation ("**Erin,**" or the "**Debtor**").[1]  We write in response to Erin's Emergency Motion for Interim and Final Orders (I) Authorizing Use of Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code; (II) Granting Adequate Protection for the Use Thereof; and (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 as to Use of Cash Collateral.  (Dk. No. 28, hereinafter the "**Motion**").  As discussed in more detail below, the Motion should be continued until after the deadline to submit written objections so that MCB has a fair opportunity to respond.

The Debtor filed the Motion on May 4, purportedly seeking "emergency" relief to obtain, and use as operating capital, cash collateral that is held in a restricted account by MCB and over which MCB holds a valid lien.  Erin filed the Motion without prior notice to MCB, let alone any attempt to meet and confer regarding the cash collateral on deposit with MCB.  The Motion does not include the disclosure required by Local Rule 4001-1(b), nor does it include the date by which relief is necessary to avoid the consequences of the purported "emergency" as required by Local Rule 9013-1(i).  The Motion states that any objections must be filed within 24 days from the date of service.  A hearing as to the Motion is scheduled for May 9 at 10:45 a.m.

---

[1] Those proceedings relate to Erin Energy Ltd. (Case No. 18-32107); Erin Energy Kenya Limited (Case No. 18-32108); and Erin Petroleum Nigeria Limited (Case No. 18-32109).

Herbert Smith Freehills New York LLP and Herbert Smith Freehills, an Australian Partnership, are separate member firms of the international legal practice known as Herbert Smith Freehills.

Herbert Smith Freehills New York LLP is a limited liability partnership registered in England and Wales with registered number OC375072. Its registered office is at Exchange House, Primrose Street, London EC2A 2EG.



Date
May 08 2018

Letter to
The Honorable Marvin Isgur

As of the date of this letter, MCB has engaged Herbert Smith Freehills New York LLP to represent MCB in connection with this bankruptcy proceeding. This firm is currently reviewing the Motion, as well as the facts underlying the cash collateral currently held by MCB in a restricted account.  MCB seeks the opportunity to fully respond to the Motion, especially because the Erin has not shown that it will be able to meet its burden of showing that MCB will receive adequate protection of its interest in the cash collateral.  Erin argues that a payment guarantee on the Pre-Export Finance Facility (the **"Finance Facility"**) alone provides adequate protection of the cash collateral pledged to MCB.  Erin's argument ignores the body of case law holding that an individual payment guarantee, standing alone, is not sufficient adequate protection of a creditor's interest in cash collateral.  *See, e.g.*, *In re C.F. Simonin's Sons, Inc.,* 28 B.R. 707, 712 (Bankr. E.D.N.C. 1983) ("[T]he chance to pursue a guarantor with its uncertainties and costs is not adequate protection.").  Put simply, Erin would have the Court deprive MCB of its bargained-for collateral protections without providing substitute collateral, a result that MCB submits is contrary to law.

Further, we understand that Public Investment Corporation ("**PIC**"), the payment guarantor of the Finance Facility, has agreed to purchase MCB's interest in the Finance Facility, including the funds in the restricted account.  The assignment of MCB's interest to PIC is expected to become effective on May 9.  Upon assignment of MCB's interest to PIC, Erin's argument that the payment guarantee constitutes adequate protection will be even less convincing, as Erin cannot fairly argue that cash collateral held by PIC is adequately protected by PIC's own payment guarantee.

MCB respectfully requests that consideration of the Motion be continued until after the deadline for the filing of written objections.  Such a continuance is not likely to prejudice the Debtors, especially given that the Motion fails to state a date by which the "emergency" relief must be granted.  MCB submits this letter without prejudice to any jurisdictional defense it may raise.

Respectfully Submitted,

Herbert Smith Freehills New York LLP

    */s/ Jonathan Cross*

Jonathan Cross, Esq.
*Attorneys for Mauritius Commercial Bank Limited*