IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Case No. 18-32106 |
| Erin Energy Corporation, *et al.*,[1] | (Chapter 11) |
| Debtors. | (Jointly Administered) |

**ORDER GRANTING EMERGENCY MOTION OF NIGERIAN AGIP EXPLORATION LIMITED PURSUANT TO SECTION 105(A) OF THE BANKRUPTCY CODE SEEKING THE ENTRY OF AN ORDER (I) DETERMINING THAT THE AUTOMATIC STAY DOES NOT APPLY TO AN ACTION COMMENCED BY THE DEBTORS OR (II) GRANTING ALTERNATE RELIEF**

(Relates to Docket No. ____)

The Court has considered the *Emergency Motion of Nigerian Agip Exploration Limited Pursuant to Section 105(a) of the Bankruptcy Code Seeking the Entry of an Order (i) Determining that the Automatic Stay Does Not Apply to an Action Commenced by the Debtors or (ii) Granting Alternative Relief* (the "**Motion**")[2]; this Court finds that: (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue in this district is proper pursuant to 28 U.S.C. §§ 1408 & 1409; (iii) the emergency relief requested in the Motion is warranted in light of the factual circumstances of these cases and the matters described in the Motion; (iv) NAE's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and (v) having reviewed the Motion and heard the statements concerning the relief requested therein at a hearing before this Court (the

---

[1] The last four digits of Erin Energy Corporation's federal tax identification number are 9798. The other Debtors in these cases are: Erin Energy Kenya Limited; Erin Energy Kenya Limited; and Erin Petroleum Nigeria Limited. The Debtors' service address is: 1330 Post Oak Blvd., Suite 2250, Houston, TX 77056.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

3038164_1

"**Hearing**"), the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein. Upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

It is hereby ORDERED THAT:

1. The Motion is granted as set forth below.

2. The automatic stay does not apply to prohibit NAE from responding to, or otherwise participating in proceedings relating to, the Vacatur Motion brought by EPNL.

3. This Order shall be binding, regardless of the dismissal, withdrawal, consolidation, conversion or refiling of these cases.

4. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____

_____
MARVIN ISGUR,
UNITED STATES BANKRUPTCY JUDGE