THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| **ERIN ENERGY CORPORATION**, *et al.*, | § | Case No. 18-32106 |
| | § | |
| | § | (Jointly Administered) |
| Debtors.[1] | § | |
| | § | |

**OBJECTION OF PUBLIC INVESTMENT CORPORATION SOC LTD.
TO ENTRY OF AGREED ORDER RESOLVING EMERGENCY MOTIONS TO
MODIFY THE AUTOMATIC STAY AND
COMPEL ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS**

TO THE HONORABLE MARVIN ISGUR,
UNITED STATES BANKRUPTCY JUDGE:

Public Investment Corporation Soc. Ltd. (**PIC**) respectfully files this objection to the entry of an agreed order (the **Agreed Order**) on the *Emergency Motion for an Order Pursuant to Sections 105(a), 362(d)(1), and 363(e) of the Bankruptcy Code Modifying the Automatic Stay and Granting Related Relief*, Dkt. No. 69 (the **Stay Motion**) and the *Emergency Motion to Compel Assumption or Rejection of Executory Contracts Pursuant to Sections 105(a), 105(d)(2), and 365(d)(2) of the Bankruptcy Code*, Dkt. No. 71 (the **Motion to Compel**) filed by Armada Oyo Limited (**Armada**) and Bumi Armada (Singapore) Pte Ltd. (**BASPL** and, together with Armada, **Bumi**).

---

[1] The last four digits of Erin Energy Corporation's (**ERN**) federal tax identification number are 9798. The other Debtors in these cases are: Erin Energy Limited (**EEL**); Erin Energy Kenya Limited (**EEKL**); and Erin Petroleum Nigeria Limited (**EPNL**). The Debtors' service address is: 1330 Post Oak Blvd., Suite 2250, Houston, Texas 77056.

## BACKGROUND

1. PIC hereby incorporates, as if fully set forth herein, the background and argument contained in its initial objection to the Cash Collateral Motion dated May 9, 2018, Dkt. No. 45, its supplemental brief dated May 9, 2018, Dkt. No. 51, and its objection to the entry of a final order dated May 18, 2018, Dkt. No. 84.

2. On May 14, 2018, Bumi filed the Stay Motion seeking relief from the stay to take various actions with respect to the ownership and operation of the Armada Perdana, to demobilize and return the vessel to port in light of significant safety and environmental risks, to take all regulatory actions to discharge or cause to discharge the crude oil cargo, and to commence or participate in any court proceedings to interplead the proceeds of any sale or disposition of the crude oil stored in the Armada Perdana. The Assumption or Rejection Motion sought to compel the Debtors to assume or reject their charter agreement with Armada and their services agreement with BASPL, asserting a potential cure amount of over $128 million (the **Agreements**). In its motions, Bumi described a moribund "business" that is out of options and beyond rehabilitation. The record of the Debtors' chapter 11 proceedings, to date, support that description.

3. At the hearing held on May 23, 2018, the Debtors and Bumi announced a "resolution" of Bumi's motions and, later that day, filed an agreed order setting forth the terms of their agreement, Dkt. No. 117 (the **Agreed Order**). The key terms of the agreement include the Debtors' payment of $2.5 million to Bumi in two installments beginning no later than May 30, 2018, and the Debtors' funding of an escrow account with $200,000 to pay estimated expenses to flush and lay down the lines if and when the Armada Perdana departs. Agreed Order ¶¶ 1, 5. As the Debtors have no funds, these amounts will be paid entirely out of PIC's cash collateral, and indeed the timing of the first installment is keyed off of the entry of an order granting the

Emergency Cash Collateral Motion. Agreed Order ¶ 1. Failure to pay either installment, or voluntary termination by the Debtors, will result in the rejection of the Agreements, the termination of any and all interests of the Debtors in and to the Armada Perdana, and the lifting of the automatic stay without further notice or hearing to allow Bumi to demobilize the vessel. Agreed Order ¶ 3. Even if both installments are paid, these events will also occur at Bumi's sole option on or after July 31, 2018, unless Bumi agrees otherwise. Agreed Order ¶ 4. In the meantime, the stay is lifted to the extent necessary to allow Bumi to prepare to demobilize the vessel. Agreed Order ¶ 2.

## **OBJECTION**

4. The Agreed Order should not be approved because it further demonstrates the Debtors' desperate and reckless business judgment and complete disregard of its fiduciary duties. These "businesses" should not be in chapter 11. The assets of these Debtors, if there are any, are beyond this Court's ability to control in any meaningful way. It is the Nigerian courts that will ultimately determine rights here.

5. The Debtors actually receive almost nothing in exchange for further depleting PIC's cash collateral. They get a mere sixty additional days to sell their story that Nigerian litigation will go their way (even though they have yet to coherently or consistently explain what is going on there), that Nigerian governmental agencies will cooperate, that Zenith Bank will suddenly cooperate, and other contingencies will all resolve in their favor and on time. If these contingencies do not go their way, the Debtors will have nothing to show for the expenditure of $2.7 million. Meanwhile, Bumi (i) will collect $2.5 million which might be more than they ever expected to get in the ordinary course (whether as a result of these bankruptcy cases or in any other scenario); (ii) will be permitted to take all steps necessary to demobilize the vessel short of disconnecting the risers and offloading the crude oil (Agreed Order ¶ 2.)

rendering any resumption of operations in Nigeria unlikely in the hands of the Debtors; (iii) will receive into escrow the estimated cost of flushing and laying down the lines if and when the vessel is actually disconnected (Agreed Order ¶ 5); (iv) does not waive, and indeed, expressly reserves, administrative and other claims against the Debtors that it has previously alleged to be as much as $128 million (Agreed Order ¶ 7); and (v) will automatically prevail on both the Stay Motion and the Motion to Compel if no further agreement is reached by July 31, 2018 (Agreed Order ¶ 4). It will also bind any trustee that may be appointed in the future (Agreed Order ¶ 11).

6. The Agreed Order is a complete surrender by the Debtors to one creditor to the detriment of the rest, which has the simple effect of transferring $2.7 million of recovery from PIC to Bumi. In this respect, the Agreed Order seeks to prefer the interests of Bumi over those of PIC, in circumstances where the Debtors have not been able to demonstrate an ability to reorganize, and where Bumi would otherwise have had no entitlement to any such elevated status in respect of these funds. It also places total control over the outcome of these cases in the hands of a party that is owed $128 million. The automatic stay should either (i) lift immediately or (ii) remain in place, but should not be bought on these terms by the Debtors who will have nothing to show for such expenditure.

## **CONCLUSION**

7.      For the foregoing reasons, PIC respectfully requests that this Court decline to enter the Agreed Order and grant such other and further relief as it deems just and proper.

Dated: May 25, 2018
Houston, Texas

                    **VINSON & ELKINS LLP**

                    /s/ *Bradley R. Foxman*
                    Rebecca L. Petereit
                    (Texas Bar No. 24062776)
                    Bradley R. Foxman
                    (Texas Bar No. 24065243
                    Trammell Crow Center
                    2001 Ross Avenue, Suite 3700
                    Dallas, Texas 75201
                    rpetereit@velaw.com
                    bfoxman@velaw.com

                    *Attorneys for Public Investment Corporation Soc. Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2018, a true and complete copy of the foregoing objection was served upon filing via the Court's CM/ECF electronic system on all parties subscribing thereto.

/s/ *Bradley R. Foxman*
Bradley R. Foxman
