**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | Case No. 18-32106 |
| Erin Energy Corporation, *et al.*,[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |

**LIMITED OBJECTION OF NIGERIAN AGIP EXPLORATION LIMITED TO
AGREED ORDER RESOLVING BUMI'S (I) EMERGENCY MOTION FOR AN
ORDER PURSUANT TO SECTIONS 105(A), 362(D)(1), AND 363(E) OF
THE BANKRUPTCY CODE MODIFYING THE AUTOMATIC STAY AND
GRANTING RELATED RELIEF AND (II) EMERGENCY MOTION TO COMPEL
ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS PURSUANT
TO SECTIONS 105(A), 105(D)(2), AND 365(D)(2) OF THE BANKRUPTCY CODE**
**(Relates to Docket Nos. 69, 71, and 117)**

Nigerian Agip Exploration Limited ("**NAE**") hereby files this limited objection (the "**Objection**") to the proposed *Agreed Order Resolving Bumi's (i) Emergency Motion for an Order Pursuant to Sections 105(a), 362(d)(1), and 363(e) of the Bankruptcy Code Modifying the Automatic Stay and Granting Related Relief and (ii) Emergency Motion to Compel Assumption or Rejection of Executory Contracts pursuant to Sections 105(a), 105(d)(2), and 365(d)(2) of the Bankruptcy Code* [Docket No. 117] (the "**Proposed Order**") seeking to resolve the *Emergency Motion of Armada Oyo Limited and Bumi Armada (Singapore) Pte. Ltd. for an Order pursuant to Sections 105(a), 362(d)(1), and 363(e) of the Bankruptcy Code Modifying the Automatic Stay and Granting Related Relief* [Docket No. 69] (the "**Stay Relief Motion**") and the *Emergency Motion of Armada Oyo Limited and Bumi Armada (Singapore) Pte. Ltd. to Compel Assumption or Rejection of Executory Contracts pursuant to Sections 105(a), 105(d)(2), and 365(d)(2) of the*

---

[1] The last four digits of Erin Energy Corporation's federal tax identification number are 9798. The other Debtors in these cases are: Erin Energy Limited; Erin Energy Kenya Limited; and Erin Petroleum Nigeria Limited. The Debtors' service address is: 1330 Post Oak Blvd., Suite 2250, Houston, TX 77056.

*Bankruptcy Code* [Docket No. 71] (the "**Motion to Compel**", and collectively with the Stay Relief Motion, the "**Motions**").  In support of this Objection, NAE respectfully represents as follows:

## BACKGROUND

1.      On April 25, 2018, Erin Energy Corporation and Erin Petroleum Nigeria Limited ("**EPNL**"), and their affiliated debtors (collectively, the "**Debtors**"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Court**").  The Debtors' cases have been consolidated for procedural purposes only.

2.      On May 14, 2018, Armada Oyo Limited and Bumi Armada (Singapore) Pte. Ltd. ("**Bumi**") filed its Stay Relief Motion seeking an order:

> (i) modifying the automatic stay to the extent necessary to permit Bumi to: (A) take all necessary actions with respect to the ownership and operation of the Perdana to ensure the health and safety of the Perdana, her crew, and the surrounding environment, (B) take steps necessary to complete the demobilization of the Perdana and to return her to port or to such other location to mitigate any health, safety and environmental risks, (C) subject to obtaining required relief from the Nigerian courts and any relevant regulatory and governmental authorities (if required), take necessary actions to discharge or cause the discharge of the Stored Crude in furtherance of any sale or other transfer or disposition of the Stored Crude, (D) commence or participate in any action in any court of competent jurisdiction, including any action in the Nigerian courts to interplead the proceeds of any sale or disposition of the Stored Crude, and to comply with the orders of such courts subject to the payment and satisfaction of all costs incurred by Bumi in connection with any sale or disposition and discharge of the Stored Crude (from the proceeds thereof or otherwise from EPNL), and (E) terminate the Agreements if and when EPNL determines to reject the Agreements, and (ii) granting such other and further relief as the Court deems just and proper.

\\NY - 150699/000013 - 8717114 v2

Stay Relief Motion, ¶ 31.[2] On that same day, Bumi filed its Motion to Compel seeking an order to compel EPNL to assume or reject the Agreements (as defined in the Stay Relief Motion) by June 15, 2018.

3.      The Debtors and Bumi announced a resolution of the Motions at the May 23, 2018 hearing and later that day filed the Proposed Order. Among other things, the Proposed Order provides that (i) the Debtors shall pay $1.25 million to Bumi no later than 3:00 p.m. CT on May 30, 2018 and an additional $1.25 million no later than 30 days after the first installment; (ii) if the Debtors fail to make either installment payment the Agreements shall be deemed rejected; (iii) the Debtors may terminate the Agreements at any time by filing a notice of termination; (iv) the automatic stay is modified so that Bumi may operate the Perdana and protect her crew, take steps to demobilize the Perdana, including obtaining relief from any regulatory or governmental authorities, and participate in any existing action to interplead the proceeds of any sale or disposition of the Stored Crude (as defined in the Stay Relief Motion); (v) Bumi will not discharge or otherwise remove the Stored Crude from the Perdana without either an agreement with the Debtors or further order from this Court. Proposed Order, ¶¶ 1-4, 6.

4.      On May 28, 2018, NAE's counsel sent the Debtors' and Bumi's counsel comments to the Proposed Order.  NAE does not consider its requested edits to the Proposed Order to be controversial, and is hopeful that consensual language can be agreed upon, but files this limited objection to protect its rights. By filing this limited objection in order to require the Proposed Order to include protective language, NAE takes no position on the legal or factual bases for the Motions or the Proposed Order, and does not endorse either; rather, NAE merely seeks to include language that would avoid an interpretation of the Proposed Order that it would deem it to (i) infringe on the authority or actions of Nigerian or other courts or governmental

---

[2] Each capitalized term as defined in the Stay Relief Motion.

entities and/or direct what those court or governmental entities must or may do or (ii) direct or limit what actions third parties such as Bumi or NAE must or may take before such courts or governmental entities.

## **OBJECTION**

5.      NAE submits that this Court should only enter the Proposed Order with the edits included in the Redline of the Proposed Order attached hereto as **Exhibit A**. NAE's edits to the Proposed Order are succinct and are designed to do two primary things: to make clear that the Proposed Order  (i) does not limit, direct, supplant, displace or make unnecessary any required relief from any relevant Nigerian or other regulatory, governmental or judicial authorities or tribunals and (ii) by granting BUMI relief from the stay to seek to obtain relief outside of this Court, the Proposed Order does not direct that any such relief sought outside of this Court must be granted or that the rights of third parties to take actions in connection therewith are affected or limited.

6.      NAE does not believe that the above propositions are controversial.  By way of analogy, this Court has previously held that it was inappropriate for it to exercise jurisdiction and substitute United States law in place of foreign law when a foreign chapter 11 debtor was subject to disputes in foreign countries that were the subject of foreign law. *See In re Yukos Oil Co.*, 321 B.R. 396, 410-11 (Bankr. S.D. Tex. 2005) (dismissing a voluntary chapter 11 case because, among other reasons, the debtor sought "to substitute United States law in place of Russian law, European Convention law, and/or international law, and to use judicial structures within the United States in an attempt to alter the creditor priorities that would be applicable in the law of other jurisdictions."). Similar principles apply here. The Proposed Order should not (unintentionally) be read to infringe upon or make rulings about what must or may occur in foreign proceedings before foreign courts and governmental authorities.  This is particularly the

4

case here, involving issues between foreign entities (EPNL, NAE, Bumi, Allied Energy Plc, and CAMAC International (Nigeria) Limited) regarding assets located in Nigeria including oil mining leases and oil produced therefrom that were awarded by the Nigerian government pursuant to Nigerian law statutes and instruments (and that are the subject of a royalty interest held by the Nigerian government) that have been and are subject to existing foreign judicial and regulatory proceedings governed by foreign law, orders and agreements.

7.     The doctrine of comity, which "is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation", *Hilton v. Guyot*, 159 U.S. 113, 164 (1895), also counsels against this Court from infringing on the Nigerian courts and other authorities. *See, e.g., Perforaciones Exploracion Y Produccion v. Maritimas Mexicanas, S.A. de C.V.*, 356 F. App'x 675, 681 (5th Cir. 2009) ("Dismissal of a suit on international comity grounds may sometimes be appropriate when there is litigation pending in a foreign forum or, even absent such litigation, when allowing a case to proceed in the United States would intrude on the interests of a foreign government.").

8.     In addition, the Proposed Order is simply an agreed order between the Debtors and Bumi to resolve the Motions, and thus cannot impair any entity's rights unrelated to the Motions, and it certainly cannot determine issues that are the subject of separate litigation in a foreign country that no party has raised in connection with the Motions.


*[The remainder of the page is intentionally left blank.]*

## CONCLUSION

For the reasons set forth above, if this Court determines that entry of the Proposed Order is appropriate, NAE respectfully requests that the order include the language added in the Redline of the Proposed Order attached hereto as Exhibit A.

Dated: May 29, 2018

Respectfully submitted,

**HOGAN LOVELLS US LLP**

By: */s/ Ronald J. Silverman*

Ronald J. Silverman, Esq.
(*admitted pro hac vice*)
New York Bar No. 3946944
M. Shane Johnson, Esq.
Texas Bar No. 24083263
875 Third Avenue
New York, NY 10022
Telephone: (212) 918-3000
Facsimile: (212) 918-3100
ronald.silverman@hoganlovells.com
shane.johnson@hoganlovells.com

-and-

Randall A. Rios
State Bar No. 16935865
Timothy A. Million
State Bar No. 24051055
1201 Louisiana St., 28th Floor
Houston, TX 77002
Telephone: (713) 759-0818
Facsimile: (713) 759-6834
rrios@hwa.com
tmillion@hwa.com

**COUNSEL FOR NIGERIAN AGIP EXPLORATION LIMITED**

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the *Limited Objection of Nigeria Agip Exploration Limited to Agreed Order Resolving Bumi's (i) Emergency Motion for an Order Pursuant to Sections 105(a), 362(d)(1), and 363(e) of the Bankruptcy Code Modifying the Automatic Stay and Granting Related Relief and (ii) Emergency Motion to Compel Assumption or Rejection of Executory Contracts pursuant to Sections 105(a), 105(d)(2), and 365(d)(2) of the Bankruptcy Code* was served to all parties listed as receiving electronic notice *via* the courts' ECF noticing system on May 29, 2018.

　　　　　　　　　　　　*/s/ Randall A. Rios*
　　　　　　　　　　　　Randall A. Rios

\\NY - 150699/000013 - 8717114 v2