# EXHIBIT A

## Redline of Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Case No. 18-32106 |
| Erin Energy Corporation, *et al.*,[3] | (Chapter 11) |
| Debtors. | (Jointly Administered) |

**AGREED ORDER RESOLVING BUMI'S (I) EMERGENCY MOTION FOR AN ORDER PURSUANT TO SECTIONS 105(A), 362(D)(1), AND 363(E) OF THE BANKRUPTCY CODE MODIFYING THE AUTOMATIC STAY AND GRANTING RELATED RELIEF AND (II) EMERGENCY MOTION TO COMPEL ASSUMPTION OR REJECTION OF EXECUTORY CONTRACTS PURSUANT TO SECTIONS 105(A), 105(D)(2), AND 365(D)(2) OF THE BANKRUPTCY CODE**
(Relates to Dkt. Nos. 69 & 71)

Upon consideration of the *Emergency Motion for an Order Pursuant to Sections 105(a), 362(d)(1), and 363(e) of the Bankruptcy Code Modifying the Automatic Stay and Granting Related Relief* (the "**Stay Motion**") [Dkt. No. 69], and the *Emergency Motion to Compel Assumption or Rejection of Executory Contracts Pursuant to Sections 105(a), 105(d)(2), and 365(d)(2) of the Bankruptcy Code* (the "**Motion to Compel**") [Dkt. No. 71] filed by Armada Oyo Limited ("**AOL**") and Bumi Armada (Singapore) Pte. Ltd. ("**BASPL**," and together with AOL, "**Bumi**"); based on the evidence set forth on the record and in light of the agreement reached between Bumi and the above-captioned debtors and debtors in possession (the "**Debtors**"); this Court finds that: (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) the relief requested in the Stay Motion and the Motion to Compel, as agreed by the parties below, is necessary and warranted in light of the factual circumstances of these cases;

---

[3] The last four digits of Erin Energy Corporation's federal tax identification number are 9798. The other Debtors in these cases are: Erin Energy Kenya Limited; Erin Energy Kenya Limited; and Erin Petroleum Nigeria Limited. The Debtors' service address is: 1330 Post Oak Blvd., Suite 2250, Houston, TX 77056.

9

(iv) Bumi's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and (v) the legal and factual bases set forth in the motions and at the hearing establish just cause for the relief granted herein. Accordingly, after due deliberation and sufficient cause appearing therefor,

It is hereby ORDERED THAT:

1. The Debtors shall pay to Bumi by wire transfer as directed by Bumi, in partial satisfaction of their continuing obligations under the Charterparty[4] and the O&M Contract (the "**Agreements**") in connection with the continued maintenance of the FPSO Armada Perdana (the "**Perdana**") in the Oyo Field (except as set forth below), and as set forth in the second interim cash collateral budget, the sum of (a) $1,250,000.00 (the "**First Bumi Installment**") within forty-eight (48) hours of the Debtors' receipt of the authorized cash collateral amounts from Mauritius Commercial Bank Ltd. (and any of its assignees or successors), but no later than 3:00 p.m. (CT) on May 30, 2018 (the "**First Bumi Installment Deadline**"); and (b) an additional $1,250,000.00 (the "**Second Bumi Installment**" and, with the First Bumi Installment, the "**Bumi Installments**") no later than thirty (30) days after the First Bumi Installment Deadline (the "**Second Bumi Installment Deadline**"). Provided, however, the Debtors shall have the option to terminate the Agreements by filing in these cases a notice of termination at any time (a "**Termination Notice**"). Upon the filing of a Notice of Termination, the Debtors shall not be obligated to make the Bumi Installments pursuant to this Order (subject to the reservations of right and claims set forth at paragraph 6, below); provided, however, once a Bumi Installment Payment has been made by the Debtors, such payment(s) shall be final, not subject to claw-back, or otherwise avoidable.

---

[4] Capitalized terms used but not defined herein have the meanings ascribed to them in the Stay Motion and/or the Motion to Compel.

2. Pursuant to section 362(d)(1) of the Bankruptcy Code, the automatic stay is hereby modified to the extent necessary to permit Bumi to: (A) take all necessary actions with respect to the ownership and operation of the Perdana to ensure the health and safety of the Perdana, her crew, and the surrounding environment; (B) other than disconnection of the risers and offloading of the Stored Crude, take steps necessary to complete the demobilization of the Perdana; (C) obtain any required relief from any relevant regulatory ~~or~~, governmental or judicial authorities that may be required to demobilize the Perdana (provided that Nigerian Agip Exploration Limited ("**NAE**") may participate in and respond to such matters with the relevant regulatory, governmental or judicial authorities); and (D) join or participate in any existing action in any court of competent jurisdiction, including any action in the Nigerian courts to interplead the proceeds of any sale or disposition of the Stored Crude, and to comply with the orders of such courts subject to the payment and satisfaction of all actual costs incurred by Bumi in connection with facilitating any such sale or disposition and discharge of the Stored Crude (from the proceeds, to the extent the proceeds are determined to be EPNL's property, thereof or otherwise from EPNL).

3. On the earlier of (i) the date of receipt by Bumi of any Termination Notice, (ii) failure to remit the First Bumi Installment by the First Bumi Installment Deadline, or (iii) failure to remit the Second Bumi Installment by the Second Bumi Installment Deadline, the Agreements shall be deemed rejected pursuant to section 365 of the Bankruptcy Code, any and all interests of the Debtors in or to the Perdana shall be immediately terminated, and the automatic stay shall be modified for all purposes to allow Bumi to demobilize the Perdana, without prejudice to the rights of other entities asserting an interest in the Stored Crude, including NAE. Provided, however, the Debtors shall have two (2) business days to cure any

payment default relating to the First Bumi Installment Deadline or the Second Bumi Installment Deadline.

4. In the event that the Debtors make each of the First and Second Bumi Installments, unless otherwise agreed by the parties in writing, the Agreements shall be deemed rejected, any and all interests of the Debtors in or to the Perdana shall be immediately terminated, and the automatic stay shall be modified for all purposes to allow Bumi to demobilize the Perdana on or after <u>July 31, 2018, without prejudice to the rights of other entities asserting an interest in the Stored Crude, including NAE</u>.

5. The Debtors shall escrow $200,000.00 to pay the estimated expenses to flush and lay down the lines, and shall pay all such expenses to flush and lay down the lines, if and when the Perdana may be disconnected from the risers. For the avoidance of doubt, Bumi shall have no responsibility to pay expenses in connection with flushing and laying down the lines.

6. Notwithstanding the modification or termination of the automatic stay pursuant to this Order, Bumi will not discharge or otherwise remove the Stored Crude from the Perdana without either an agreement with the Debtors <u>and other entities asserting an interest in the Stored Crude, including NAE,</u> or further order of the Bankruptcy Court.

7. The payments contemplated herein are in partial satisfaction of the amounts owed to Bumi under the Agreements. All rights to assert an administrative or other claim(s) relating to the Agreements or under applicable law or equity are expressly reserved by Bumi. The Debtors' rights to argue to the contrary or to object to any portion of Bumi's claim are likewise reserved.

8. The Debtors are hereby authorized and directed to take all actions necessary to effectuate the relief granted in this Order, including providing Bumi reasonable support in furtherance of their actions to effectuate the relief granted by this Order and in connection with

12

the redelivery of the Perdana to AOL and working expeditiously to sell, discharge, or otherwise remove the Stored Crude onboard the Perdana without prejudice to the rights of other entities asserting an interest in the Stored Crude, including NAE.

9. The Debtors are hereby authorized to remove those items listed on Exhibit A, attached hereto, which are property of the Debtors; provided, however, that removal of the items shall be accomplished at the sole expense of the Debtors and shall be accomplished in a commercially reasonable manner without causing damage to the Perdana (or reasonably repairing any damage that may be caused), and Bumi shall reasonably coordinate and cooperate in such removal.

10. Notwithstanding anything contained herein to the contrary, the relief granted herein, along with any rights associated with such relief pursuant to this Order, is subject to any required relief or requirements from or of any relevant Nigerian or other regulatory, governmental or judicial authorities or tribunals.

~~10~~11. The fourteen (14) day stay provided for under Bankruptcy Rule 4001(a)(3) is hereby waived and this Order is effective immediately.

~~11~~12. This Order shall bind any trustee hereafter appointed, regardless of the dismissal, withdrawal, consolidation, conversion or refilling of these cases.

~~12~~13. This Court retains ~~exclusive~~ jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order, subject to the jurisdiction of the Nigerian or other courts and authorities as applicable.

Houston, Texas
Dated: May ___, 2018

_____
UNITED STATES BANKRUPTCY JUDGE

**AGREED AS TO FORM AND SUBSTANCE:**

By: */s/ David L. Curry, Jr.*
Matthew S. Okin
Texas Bar No. 00784695
mokin@okinadams.com
David L. Curry, Jr.
Texas Bar No. 24065107
dcurry@okinadams.com
OKIN ADAMS LLP
1113 Vine St., Suite 201
Houston, Texas 77002
Tel: 713.228.4100
Fax: 888.865.2118

**PROPOSED ATTORNEYS FOR THE DEBTORS**

-and-
By: */s/ Kevin M. Lippman*
Kevin M. Lippman
Texas Bar No. 00784479
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
klippman@munsch.com

**COUNSEL FOR ARMADA OYO LIMITED and BUMI ARMADA (SINGAPORE) PTE. LTD.**

EXHIBIT A

INVENTORY OF ERIN PROPERTY ON BOARD THE PERDANA
AS AT 14TH APRIL 2018

| S/NO | Item | Quantity | Location |
|---|---|---|---|
| 1. | 10" container with oil spill response equipment | 2 | Forward laydown area. |
| 2. | Power pack and crane on a flat rack | 1 | Forward laydown area |
| 3. | Oil spill dispersant | 3 tote tanks | Forward laydown area |
| 4. | Dispersant spray machine | 1 | Forward laydown area |
| 5. | 1m Orange retrieved mooring buoy | 1 | Forward laydown area |
| 6. | Methanol | 8,223 Liters | Methanol day tank |
| 7. | HW443 Hydraulic Oil | 14,000 Liters | Process deck |
| 8. | 1 Horse power A/C | 1 | AHU Room on Alternate Muster point. |
| 9. | Subsea spares and equipment | As contained in the subsea inventory list | Pantry room on C-Deck and the E-House. |
| 10. | Installed Yellow mooring buoy | 1 | 05' 23.82" North 004' 33.4" East (1.8Nm from Perdana FPSO). |
| 11 | HMI | 4 (1 in service and 3 under repair) | CCR and Library |
| 12. | MCS | 1 | E-House |
| 13 | TUTU | 1 | Mid-ship port side of main deck |
| 14 | HPU | 1 | Process area |
| 15 | EPU | 2 | E-House |
| 16. | UTH | 1 | Mid-ship port side of main deck |
| 17. | Bullhead Plate | 1 | Mid-ship port side of main deck |
| 18. | IBM Typewriter | 2 | Room C-503 on C-Deck. |
| 19. | 1,000 mtrs Penant 54mm | 1 pcs | Al-Harthy Tide deck |
| 20. | 1,000 mtrs wire 54mm | 1 pcs | Al-Harthy Tide deck. |

\\NY - 150699/000013 - 8717114 v2