Begin forwarded message:

**From:** "Foxman, Bradley" <bfoxman@velaw.com>
**Date:** May 30, 2018 at 12:20:19 PM CDT
**To:** Matthew Okin <mokin@okinadams.com>
**Cc:** "Ken.Coleman@AllenOvery.com" <Ken.Coleman@AllenOvery.com>, David Curry <dcurry@okinadams.com>, "Laura.Hall@AllenOvery.com" <Laura.Hall@AllenOvery.com>, "Geppert, Andrew" <ageppert@velaw.com>, "Jonathan.Cho@AllenOvery.com" <Jonathan.Cho@AllenOvery.com>
**Subject: RE: Erin Energy- Cash Collateral Order**

Matt,

To date, PIC had not retained Gambian counsel in this matter as it was not necessary for the prior proceedings. Immediately after yesterday's hearing, we reached out to South African counsel to attempt to hire Gambian counsel for PIC as soon as possible to advise on the issues related to this order. At present, we have not been able to retain Gambian counsel. We note the below in connection with the proposed cash collateral order:

- Given the statement yesterday on the record that there is a lien on the assets of the Gambian entity, we need the debtors to provide documents and diligence information showing that such lien does not exist or a subordination agreement from such creditor. I have spoken to their counsel Kwame Cain and have asked for their loan documents, but at present it is not clear to us what they do or don't have a lien on.
- Since the Gambian entity is not in bankruptcy, it needs to have typical corporate authority documents authorizing it to grant a lien. Please provide resolutions and other similar documentation showing that this entity has the corporate authority to grant a lien in its assets.
- Our South African counsel has done some research and concluded as a preliminary matter, and subject to confirmation by Gambian counsel, that prevailing Gambian mineral and petroleum legislation provides (as in many other international jurisdictions) that mineral and petroleum rights inherently vest in the State and are exploitable only subject to the terms of their permit or license. He preliminarily concludes that the licensed oil and gas rights are not in themselves freely capable of assignment or transfer by the Gambian subsidiary and that such licensed rights require the prior consent of the applicable regulator as a condition to granting a lien or a mortgage. The language in the license attached to the debtors' 10-k is consistent with this view and appears to also require government consent to granting a lien in the license. Section 12.2.E.3 of the JOA's with FAR on the Gambian entity's assets also appears to contemplate governmental consent for granting a lien.
- Since the Gambian entity can only grant a lien on assets that it owns, please provide evidence showing that the title to the assets claimed to be in the Gambian entity are in fact in such entity. This is not clear from the license that is attached to the debtors' 10-k and is necessary to ensure that the lien is properly granted. It also appears that there is a dispute with FAR regarding ownership of this asset, so please provide documents addressing the Gambian entities' ownership in these interests.
- Paragraph 12.2.E of both JOAs with FAR provides that an encumbrance on the Gambian entity's interest is expressly subordinated to the rights of the other parties under the JOA. See Section 12.2.E.3. As such, the Debtors need to deliver a subordination by FAR to the lien being granted to PIC.
- We are continuing to analyze the ruling and will likely have other concerns. We will coordinate those concerns with you as soon as possible given the time constraints here.

While we continue to try to retain Gambian counsel as soon as possible, it is highly unlikely that we will be able to consent to any cash collateral order as complying with the court's ruling until after we can successfully retain Gambian counsel.  It is not likely that we will be able to retain Gambian counsel today, and we are not sure when Gambian counsel can be retained.

We understand that the debtor is in a time crunch and we are working hard to be responsive to that issue and the Court's ruling, but we do not consent to an order being uploaded until these issues are resolved and we have Gambian counsel weigh in on whether the debtor has complied with the court's conditions to use of cash collateral.

To the extent that the debtor seeks an emergency hearing on cash collateral, we ask that it be prior to 2 pm CT today or by telephone tomorrow.

Thanks,
Brad


**From:** Matthew Okin [mailto:mokin@okinadams.com]
**Sent:** Wednesday, May 30, 2018 9:45 AM
**To:** Foxman, Bradley <bfoxman@velaw.com>
**Cc:** Ken.Coleman@AllenOvery.com; David Curry <dcurry@okinadams.com>
**Subject:** [EXT] RE: Erin Energy- Cash Collateral Order

Brad-

David Curry should have a draft for you shortly on the order.  We are going to provide a basic lien grant document (similar to a US grant) granting a 1st lien to PIC.  You or your co-counsel will need to tell us if there is anything more that we need to include.  The Debtor does not have a Gambian lawyer on retainer and we have no money to retain one at this time, so I do not have a way to confirm that the form is sufficient.  As to any prior liens in the assets, as we said yesterday, we do not believe there are any.  We have reached out to Oltasho and asked them to provide any evidence that they have that shows they have a lien in the actual assets.  So far, we have not received anything.


**Matthew Okin**
**Okin Adams LLP**
1113 Vine St. Suite 240
Houston, Texas 77002
Direct: (713) 228-4101
Main: (713) 228-4100
Fax: (888) 865-2118
mokin@okinadams.com
www.okinadams.com
Vcard

OFFICES IN HOUSTON & DALLAS
*Please note our Suite Number has been changed.*

**Confidentiality Notice:**
This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this

message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

**From:** Foxman, Bradley [mailto:bfoxman@velaw.com]
**Sent:** Wednesday, May 30, 2018 9:26 AM
**To:** Matthew Okin <mokin@okinadams.com>
**Cc:** Ken.Coleman@AllenOvery.com
**Subject:** Erin Energy- Cash Collateral Order

Matt, just wanted to let you know that we're available to review the cash collateral order once it's ready.  Please also keep us on updated on the status and mechanics for the first priority adequate protection lien on the non-debtor subsidiary.

Thanks,
Brad



**Brad Foxman**
Counsel

| | | |
|---|---|---|
| E | bfoxman@velaw.com | Vinson & Elkins LLP |
| W | +1.214.220.7784 | 2001 Ross Avenue |
| F | +1.214.999.7784 | Suite 3900 |
| | | Dallas, TX 75201 |

bio | vcard | velaw.com

**CONFIDENTIALITY NOTICE:** The information in this email may be confidential and/or privileged. This email is intended to be reviewed by only the individual or organization named above. If you are not the intended recipient or an authorized representative of the intended recipient, you are hereby notified that any review, dissemination or copying of this email and its attachments, if any, or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by return email and delete this email from your system.

Thank You.