UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Case No. 18-32106 |
| Erin Energy Corporation, *et al.*,[1] | Chapter 11 |
| Debtors. | (Jointly Administered) |

NOTICE OF EXAMINATION UNDER RULE 2004
OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

**To:   Kase Lukman Lawal**
**16 E. Rivercrest Drive**
**Houston, TX 77042**

**NOTICE IS HEREBY GIVEN** that the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (the "Debtors") intend to conduct an examination of Kase Lukman Lawal ("Lawal") under Rules 2004, 7030, and 7034 of the Federal Rules of Bankruptcy Procedure on **June 28, 2018 beginning at 9:00 a.m. (Central Time)**. The examination will take place at Snow Spence Green LLP, 2929 Allen Parkway, Suite 2800, Houston, TX 77019, and continue from day-to-day until completed. The examination may be videotaped. The examination will cover the following matters:

(i)   The Allied Transaction.[2]

(ii)  The FSA.

(iii) Lawal's current and historical involvement with the Debtors, including its present and former directors.

---

[1] The last four digits of Erin Energy Corporation's federal tax identification number are 9798. The other Debtors in these cases are: Erin Energy Limited; Erin Energy Kenya Limited; and Erin Petroleum Nigeria Limited. The Debtors' service address is: 1330 Post Oak Blvd., Suite 2250, Houston, TX 77056.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in **Schedule A**.

(iv)     Lawal's relationship with PIC, Zenith, SBSA, MCB, NAEL, Latmol, Oltasho, and SacOil.

(v)      Any expressions of interest in the Debtors' assets Lawal has received or of which Lawal is otherwise aware, including any offers to purchase such assets.

(vi)     Any valuations or similar analyses of the Debtors' assets, including any reserve estimates, of which Lawal is aware.

**NOTICE IS HEREBY GIVEN** that Lawal is further directed to produce the documents described in **Schedule A** hereto at the offices of Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, CA 91111, Attn: Jason Rosell, on or before **June 21, 2018 at 5:00 p.m. (Central Time)**.

Dated:   June 7, 2018                                          PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Steven W. Golden*
Jeffrey N. Pomerantz (admitted *pro hac vice*)
Ira D. Kharasch (admitted *pro hac vice*)
Jason H. Rosell (admitted *pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone:  (310) 227-6910

Steven W. Golden (TX Bar No. 24099681)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:  (212) 561-7700

*Proposed Counsel for the*
*Official Committee of Unsecured Creditors*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 7, 2018, a true and correct copy of the foregoing *Notice of Examination Under Rule 2004 of the Federal Rules of Bankruptcy Procedure* was sent via the CM/ECF system to the parties on the CM/ECF service list and has further been served via electronic mail upon the parties set forth on the service list annexed hereto as **Exhibit A** and via First Class US Mail upon the parties set forth on the service list annexed hereto as **Exhibit B**.

The undersigned further certifies that on June 7, 2018, a true and correct copy of the foregoing *Notice of Examination Under Rule 2004 of the Federal Rules of Bankruptcy Procedure* has been served by first class mail and electronic mail upon the following:

1. Jackson Walker LLP
   Attn: Bruce Ruzinsky
   1401 McKinney Street, Suite 1900
   Houston TX 77010
   Email: bruzinsky@jw.com

2. Kase Lukman Lawal
   16 E. Rivercrest Drive
   Houston, TX 77042
   Email: klljr@aol.com; kase.lawal@aol.com

*/s/ Steven W. Golden*
STEVEN W. GOLDEN

**SCHEDULE A**

**DOCUMENT REQUESTS PURSUANT TO RULE 2004**

**DEFINITIONS**

1. "Allied" means Allied Energy Plc. and each of its agents, representatives, officers, directors, managers, members, principals, employees, advisors, and/or attorneys.

2. "Allied Transaction" means that certain transaction whereby PIC invested in the Debtors in exchange for an approximately 30% equity interest in the Debtors.

3. "Bankruptcy Cases" means the above-captioned bankruptcy cases, jointly administered under case number 18-32106 (Bankr. S.D. Tex.).

4. "Communications" means the transmittal of information and includes all oral and written communications of any nature, type, or kind including, but not limited to, any ESI (and any attachments thereto), Documents, telephone conversations, discussions, meetings, e-mails, memoranda, and any other medium through which any information is conveyed or transmitted.

5. "Concerning" means and includes relating to, constituting, defining, evidencing, mentioning, containing, describing, discussing, embodying, reflecting, edifying, analyzing, stating, referring to, dealing with, or in any way pertaining to the subject matter.

6. "Debtors" means the debtors and debtors in possession in the Bankruptcy Cases and any and all of their directors, managers, officers, agents, advisors, employees, representatives, staff, attorneys and all other persons or entities acting on their behalf or under their control.

7. "Document" shall have the same meaning and scope as in Rule 34 of the Federal Rules of Civil Procedure and shall include any written, printed, recorded, or graphic matter that is or has been in the Debtors' actual or constructive possession or control, regardless of the

medium on which it is produced, reproduced, or stored, including without limitation anything that can be classified as a "writing," "original," or "duplicate."

8. "FSA" means that certain *Financing Support Agreement* by and between Erin Energy Corporation and PIC dated February 6, 2017.

9. "Latmol" means Latmol Investment Limited and each of its agents, representatives, officers, directors, managers, members, principals, employees, advisors, and/or attorneys.

10. "Lawal" means Kase Lukman Lawal.

11. "MCB" means Mauritius Commercial Bank Limited and each of its agents, representatives, officers, directors, managers, members, principals, employees, advisors, and/or attorneys.

12. "MCB Facility" means that certain *Pre-Export Finance Facility Agreement* between Erin Energy Corporation and Erin Petroleum Nigeria Ltd., on one hand, and MCB, on the other hand, dated February 6, 2017.

13. "NAEL" means Nigerian Agip Exploration Limited and each of its agents, representatives, officers, directors, managers, members, principals, employees, advisors, and/or attorneys.

14. "Oltasho" means Oltasho Nigeria Limited and each of its agents, representatives, officers, directors, managers, members, principals, employees, advisors, and/or attorneys.

15. "Person" means and includes individuals as well as corporations, partnerships, unincorporated associations, limited liability companies, trusts, firms, cooperatives, fictitious business names, and government agencies, and their respective agents, representatives, and employees.

16. "PIC" means Public Investment Corporation Soc. Ltd. and each of its agents, representatives, officers, directors, managers, members, principals, employees, advisors, and/or attorneys.

17. "SacOil" means SacOil Holdings, Limited and each of its agents, representatives, officers, directors, managers, members, principals, employees, advisors, and/or attorneys.

18. "SBSA" means The Standard Bank of South Africa Limited and each of its agents, representatives, officers, directors, managers, members, principals, employees, advisors, and/or attorneys.

19. "Representative" means any present and former officers, directors, partners, associates, employees, servants, agents, divisions, subsidiaries, affiliates and shareholders of such Person or entity; and (b) other persons or legal or business entities acting on behalf of, or in concert with, such Person or entity, including, without limitation, present or former lawyers, accountants, advisors, and consultants.

20. "You" or "Your" means Lawal.

21. "Zenith" means Zenith Bank Plc. and each of its agents, representatives, officers, directors, managers, members, principals, employees, advisors, and/or attorneys.

## INSTRUCTIONS

1. All documents should be produced that are in Your possession, custody, or control, including documents in the possession, custody, or control of Your attorneys, investigators, agents, employees, officers, accountants, independent contractors, subcontractors, consultants, experts, or other representatives.

2. You are required to make a diligent search for all available documents within Your actual and constructive possession, custody, or control, and not merely such documents within the personal possession of the individual answering these Requests.

3. If there are no documents in existence that are responsive to a particular Request, Your response must include a statement to that effect. If documents once existed in Your possession, custody, or control, but are no longer in Your possession, custody, or control for any reason, please identify the specific circumstances under which You lost possession, custody, or control, and identify Your understanding of the documents' current whereabouts, or the manner in which You disposed of the documents.

4. Electronically stored information ("ESI") responsive to these Requests shall be produced in the same manner in which it is stored, together with all associated metadata. If software not in normal, typical, commercial use is necessary to view the ESI produced in full, native, and usable form with full functionality, then a copy of or license to the necessary software shall be produced together with the ESI.

5. These Requests are continuing. If You or any person acting on Your behalf obtains additional documents called for by these Requests between the time of Your response and the time set for trial, such documents shall be promptly produced.

6. Where the context permits, a term's singular form shall include its plural form, and a term's plural form shall include its singular.

7. If any of the requested documents fall within the scope of this Request, but have not been produced on grounds that such documents are privileged, please provide the following information as to each document to which such claim is made: (a) the privilege that is grounds for withholding the Document; (b) the nature of the Document (*e.g.*, letter, spreadsheet, memorandum); (c) the date that the Document was prepared; (d) the name/title of the author; (e) the name/title of each recipient or addressee of the Document; (f) the number of pages withheld; and (g) the name and location of the current custodian of the Document.

8. Unless otherwise provided herein, all capitalized terms used in these Requests but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

9. Unless otherwise provided herein, the relevant period for these Requests is January 1, 2012 through the date of these Requests.

## DOCUMENT REQUESTS

1. All Documents Concerning any offers to purchase or expressions of interest in the Debtors' assets.

2. All Documents Concerning any valuations or similar analyses of the Debtors' assets, including any reserve estimates.

3. All Communications with NAEL, PIC, SacOil, MCB, SBSA, and Zenith Concerning the Debtors.

4. All Documents and Communications with Oltasho or Latmol Concerning: (a) any voting agreement; (b) the foreclosure of any Person or entity's equity interest in the Debtors; and (c) any note purchase agreements.

5. All Communications with the Debtors, including any members of the Debtors' board of directors, subsequent to the Petition Date.