# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **ERIN ENERGY CORPORATION,** *et* | § | **Case No. 18-32106** |
| ***al.,***[1] | § | |
| **Debtors.** | § | **Chapter 11** |
| | § | |
| | § | **(Jointly Administered)** |

**ORDER AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE
PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

The Court considered the Motion[2] filed by the above-referenced debtors and debtors in

possession (collectively, the "Debtors"), for entry of an order (the "Order") authorizing the Debtors

to retain and compensate professionals utilized in the ordinary course of business, all as more fully

set forth in the Motion. After consideration of the Motion, the Court finds it has jurisdiction over

the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; that this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent

with Article III of the United States Constitution; that the venue of this proceeding and the Motion

in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; that the relief requested in this

Motion is in the best interests of the Debtors and their respective estates, creditors, and equity

security holders; that proper and adequate notice of the Motion and hearing thereon has been given

and that no other or further notice is necessary; and that good and sufficient cause exists for the

granting of the relief requested in the Motion after having given due deliberation upon the Motion

---

[1] The last four digits of Erin Energy Corporation's ("ERN") federal tax identification number are 9798. The other Debtors in these cases are: Erin Energy Limited ("EEL"); Erin Energy Kenya Limited ("EEKL"); and Erin Petroleum Nigeria Limited ("EPNL").  The Debtors' service address is: 1330 Post Oak Blvd., Suite 2250, Houston, TX 77056.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

and all of the proceedings had before the Court in connection with the Motion.  Therefore it is hereby ORDERED that:

1.      The Motion is **GRANTED**.

2.      The Debtors are authorized to retain and compensate the professionals (the "OCPs") identified on the OCP List attached as **Exhibit B** to the Motion, in the ordinary course of business pursuant to the procedures attached hereto as **Exhibit 1** (the "OCP Procedures"), which procedures are hereby approved in their entirety.

3.      The Debtors are authorized to supplement the OCP List as necessary to add or remove OCPs, from time to time in their sole discretion, without the need for any further hearing and without the need to file individual retention applications for newly added OCPs.  In such event, the Debtors shall filed the amended OCP List with this Court.  Each additional OCP listed in the OCP List shall file with this Court and serve a declaration of disinterestedness, substantially in the form attached hereto as **Exhibit 2** (each a "Declaration of Disinterestedness"), on the Notice Parties as provided in the OCP Procedures.  If no objections are filed to any such additional OCP's Declaration of Disinterestedness within 14 days of the filing thereof, then retention of such OCPs shall be deemed approved by this Court pursuant to this Order without a hearing or further order.

4.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

5.      This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7.      Notwithstanding anything to the contrary contained herein, (a) any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any orders regarding the use of cash collateral approved by this Court in these Bankruptcy Cases (including with respect to any budgets governing or relating to such use) and (b) to the extent there is any inconsistency between the terms of such cash collateral orders and any action taken or proposed to be taken hereunder, the terms of such cash collateral orders shall control.

8.      The requirements of Bankruptcy Rule 6004(a) are waived.

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

10.     The Court retains jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

###

Submitted by,

**OKIN ADAMS LLP**

By:     */s/ Matthew S. Okin*
Matthew S. Okin
Texas Bar No. 00784695
mokin@okinadams.com
David L. Curry, Jr.
Texas Bar No. 24065107
dcurry@okinadams.com
John Thomas Oldham
Texas Bar No. 24075429
joldham@okinadams.com
Ryan A. O'Connor
Texas Bar No. 24098190
roconnor@okinadams.com
1113 Vine St., Suite 201
Houston, Texas 77002
Tel: 713.228.4100
Fax: 888.865.2118

**PROPOSED ATTORNEYS FOR
THE DEBTORS**

# EXHIBIT 1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **ERIN ENERGY CORPORATION,** *et al.*,[1] | § | **Case No. 18-32106** |
| | § | |
| Debtors. | § | **Chapter 11** |
| | § | |
| | § | **(Jointly Administered)** |

## OCP PROCEDURES

Pursuant to the *Order Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business* (the "Order),[2] the following procedures (collectively, the "OCP Procedures") shall apply to the retention and compensation of certain professionals utilized in the ordinary course of business (collectively, the "OCPs") in the chapter 11 cases (the "Bankruptcy Cases") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), except in the event that an order of the Court approving the employment and retention of an OCP provides for different procedures with respect to the compensation of such OCP. Specifically, the OCP Procedures are as follows:

1. Within 30 days of the date on which an OCP commences work for the Debtors, such OCP shall cause a declaration of disinterestedness, substantially in the form annexed as **Exhibit 2** to the Order (each, a "Declaration of Disinterestedness"), to be filed with the Court.

2. Parties in interest shall have 14 days after the date of filing of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within 14 days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than

---

[1] The last four digits of Erin Energy Corporation's ("ERN") federal tax identification number are 9798. The other Debtors in these cases are: Erin Energy Limited ("EEL"); Erin Energy Kenya Limited ("EEKL"); and Erin Petroleum Nigeria Limited ("EPNL"). The Debtors' service address is: 1330 Post Oak Blvd., Suite 2250, Houston, TX 77056.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Order or Motion.

14 days from that date or on a date otherwise agreeable to the parties.  The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

3.  If no objection is received by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized to: (i) retain such OCP as of the date such OCP commenced providing services to the Debtors; and (ii) compensate such OCP as set forth below.

4.  The Debtors shall be authorized to pay, without formal application to the Court by any OCP, one hundred percent (100%) of fees and disbursements to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided, however*, that fees paid to OCPs, excluding costs and disbursements, may not exceed $50,000.00 per month on average over a rolling three-month period while these Bankruptcy Cases are pending (the "OCP Cap").

5.  To the extent that fees payable to any OCP exceed the OCP Cap, the OCP shall file a fee application with the Court for the amount in excess of the OCP Cap in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the United States Trustee Fee Guidelines, and any applicable orders of the Court, unless the U.S. Trustee agrees otherwise.

6.  The Debtors reserve the right to retain additional OCPs from time to time during these Bankruptcy Cases by: (i) including such OCPs on an amended version of the OCP List that is filed with the Court and served on the Notice Parties; and (ii) having such OCPs comply with the OCP Procedures.

# EXHIBIT 2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **ERIN ENERGY CORPORATION,** *et* | § | **Case No. 18-32106** |
| ***al.,*** [1] | § | |
| **Debtors.** | § | **Chapter 11** |
| | § | |
| | § | **(Jointly Administered)** |

**DECLARATION OF DISINTERESTEDNESS OF [ENTITY] PURSUANT TO THE**
**ORDER AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE**
**PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, [NAME], declare under penalty of perjury:

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      I am a [POSITION] of [COMPANY], located at [ADDRESS, CITY, STATE, ZIP CODE] (the "Company").

3.      The above-captioned debtors and debtors in possession (collectively, the "Debtors"), have requested that the Company provide [SPECIFIC DESCRIPTION] services to the Debtors, and the Company has consented to provide such services.

4.      The Company may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these Bankruptcy Cases for persons that are parties in interest in the Debtors' Bankruptcy Cases.  The Company, however, does not perform services for any such person in connection with these Bankruptcy Cases, or have

---

[1] The last four digits of Erin Energy Corporation's ("ERN") federal tax identification number are 9798. The other Debtors in these cases are: Erin Energy Limited ("EEL"); Erin Energy Kenya Limited ("EEKL"); and Erin Petroleum Nigeria Limited ("EPNL").  The Debtors' service address is: 1330 Post Oak Blvd., Suite 2250, Houston, TX 77056.

any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates.

5.      As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these Bankruptcy Cases.

6.      Neither I, nor any principal, partner, director, officer, etc. of, or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

7.      Neither I, nor any principal, partner, director, officer, etc. of, or professional employed by, the Company, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Company is to be employed.

8.      The Debtors owe the Company $[__] for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532.

9.      As of the Petition Date, which was the date on which the Debtors commenced these Bankruptcy Cases, the Company [was / was not] party to an agreement for indemnification with certain of the Debtors.  [A copy of such agreement is attached as **Exhibit 1** to this Declaration].

10.     The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

11.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

Dated: _____ ____, 2018.

[DECLARANTS NAME]