

ENTERED
06/21/2018

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| ERIN ENERGY CORPORATION, *et al.*,[1] | § § | Case No. 18-32106 |
| Debtors. | § § | (Chapter 11) |
| | § § | (Jointly Administered) |

### ORDER ON DEBTORS' EMERGENCY MOTION PURSUANT TO SECTIONS 105(a) AND 362 OF THE BANKRUPTCY CODE HOLDING ZENITH BANK PLC IN CONTEMPT FOR VIOLATING THE AUTOMATIC STAY

Upon consideration of the Debtors' Emergency Motion For the Entry of an Order Pursuant to Sections 105(a) and 362 of the Bankruptcy Code Holding Zenith Bank PLC in Contempt for Violating the Automatic Stay (the "Motion"),[2] filed by the above-captioned debtors and debtors in possession (the "Debtors"), the Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. § 1334(b); (ii) it has specific personal jurisdiction over Zenith Bank PLC; (iii) Zenith Bank PLC has violated and continues to violate the automatic stay imposed by 11 U.S.C. § 362 *et seq.*; (iv) Zenith Bank PLC is in contempt of court for violating the automatic stay imposed by 11 U.S.C. § 362 *et seq.* as well as this Court's May 1, 2018 Order Enforcing and Restating Automatic Stay Provisions [Docket No. 18]; (v) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (vi) the relief requested in the Motion is in the best interests of the Debtors and their respective estates, creditors, and other parties-in-interest; (vii) proper and adequate notice of the Motion and hearing on the Motion has been

---

[1] The last four digits of Erin Energy Corporation's ("ERN") federal tax identification number are 9798. The other Debtors in these cases are: Erin Energy Limited ("EEL"); Erin Energy Kenya Limited ("EEKL"); and Erin Petroleum Nigeria Limited ("EPNL"). The Debtors' service address is: 1330 Post Oak Blvd., Suite 2250, Houston, TX 77056.

[2] Capitalized terms used but not otherwise defined in this Order have the meanings ascribed to such terms in the Motion.

given and that no other or further notice is necessary under the circumstances; (viii) the relief granted in this Order is necessary to avoid immediate and irreparable harm to these estates; and (ix) good and sufficient cause exists for the granting of the relief requested in the Motion after having given due deliberation upon the Motion and all of the proceedings had before the Court in connection with the Motion.  Therefore, it is hereby

ORDERED that Zenith Bank PLC shall pay the Debtors' cost of bringing the Motion and any future costs associated with enforcement of this Order or collection of a monetary award based on Zenith Bank PLC's violation of this Order.  The Debtors shall submit a bill of cost for payment.  It is further

ORDERED that Zenith Bank PLC has five (5) days to comply with this Order and reverse all transgressions, including but not limited to: (i) the appointment of the receiver/manager over Erin Petroleum Nigeria Limited; (ii) all lawsuit(s) and/or legal proceedings initiated against any of the Debtors or property of the estate, including the application to set aside the registration order of the Federal High Court and the collection lawsuit filed against EPNL and creditors; and, (iii) any other actions taken in violation of the automatic stay; it is further

ORDERED that Zenith Bank PLC, upon reversing all transgressions and/or remedying all violations of the automatic stay, shall file a notice of compliance with the Court, setting forth the details of all actions taken to comply with this Order; it is further

ORDERED that if Zenith Bank PLC fails to comply with this Order within five (5) days, Zenith Bank PLC shall pay a $250,000 per diem sanction, until they are in compliance with this Order; it is further

ORDERED that this Order, and any costs, sanctions, or monetary awards arising from or related hereto, may be enforced against any assets of Zenith Bank PLC, wherever they may be found anywhere in the world, specifically including but not limited to, assets held by or with any correspondent bank; finally, it is

ORDERED that the Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Signed: June 21, 2018

                                                  Marvin Isgur
                                    United States Bankruptcy Judge