UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---------------------------------------------------------------x
                                                               :
In re                                                          :   Chapter 11
                                                               :
ERIN ENERGY CORPORATION, *et al.*,[1]                          :   Case No. 18-32106
                                                               :
                                                               :   Jointly Administered
          Debtors.                                             :
---------------------------------------------------------------x

### STATEMENT OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS REGARDING THE FORM OF DEBTOR'S PROPOSED ORDER AND DEBTOR IN POSSESSION LOAN DOCUMENTS
[Relates to Dkt. No. 227]

The Official Committee of Unsecured Creditors ("Committee") hereby submits the following comments to the *Notice of Filing Proposed Order and Debtor in Possession Loan Documents* [Dkt. No. 227] (the "Proposed Order and DIP Documents") filed by the above-captioned Debtors on June 11, 2018:

1. The Committee and the DIP Lender are continuing to discuss some of their differences to the terms of the Proposed Order and DIP Documents, and are still working over this weekend on a further revised Order.

2. However, the Committee and DIP Lender have not reached an agreement on the following critical issues. At the hearing on June 18, 2018, at 9:00 a.m., it was the understanding of Committee counsel that not only had the DIP Lender abandoned its request to prime PIC, but that later in the hearing it had also abandoned its request to take a lien directly in the unencumbered assets, and to instead take a lien in the proceeds of the unencumbered assets.

---

[1] The last four digits of Erin Energy Corporation's federal tax identification number are 9798. The other Debtors in these cases are: Erin Energy Limited; Erin Energy Kenya Limited; and Erin Petroleum Nigeria Limited. The Debtors' service address is: 1330 Post Oak Blvd., Suite 2250, Houston, TX 77056.

Although this was not communicated to Committee counsel at the hearing by the DIP Lender, it was communicated by Debtor's counsel.

3. As the Court will recall, the issue of the DIP Lender taking a lien directly in the unencumbered assets was not only one of the primary arguments in the Committee's Opposition to the DIP Financing, but also in oral argument at the beginning of the hearing, when the Court asked Committee counsel to enumerate what the Committee believed constituted the unencumbered assets. Committee counsel represented to the Court that as reflected in its Opposition, the unencumbered assets constituted at least the following: (1) the avoidance actions; (2) the derivative action against the insider filed in Delaware (the "Delaware Action"); and (3) the inter-company account receivable owing from the non-debtor Gambian entity to the Debtors, but that further due diligence could find other unencumbered assets. As the Committee explained in its Opposition and oral argument, the ability of the DIP Lender to take a direct lien in unencumbered assets meant that the DIP lender could foreclose and either control or eliminate those unencumbered assets (which would include potentially other derivative claims against the insiders).

4. The Proposed Order and DIP Documents provide, at the very end of paragraph 6(b) of the Order, found at page 14 of the clean proposed Order, that "provided, however, that the DIP Liens on the Avoidance Actions and the Delaware Action shall be limited to the proceeds of such actions." Committee counsel informed the Debtor and the DIP Lender that this was not correct, as they had agreed that the DIP Liens would be limited to the proceeds of any unencumbered asset, including, but not limited to the inter-company receivable from the Gambian entity. The Debtor and DIP Lender do not agree with that, and insist that the DIP

Lender should get a direct lien in any unencumbered asset other than the Avoidance Actions and Delaware Action, as opposed to just getting a lien in the proceeds of those unencumbered assets.

5. The Committee believes that the DIP Lender is not correct, nor does it make sense that the DIP Lender should get any direct lien in any other unencumbered assets, when it is more than protected by getting a lien in proceeds. The ability of the DIP Lender to foreclose or terminate unencumbered assets makes no sense in a case like this, where the Committee believes the unencumbered assets are the only realistic hope of recovery for general unsecured creditors, and where some of those unencumbered assets may consist of further claims against the insiders.

6. The Committee also communicated to the Debtor and DIP Lender that the obligation to fund the Chapter 7 Trustee with the $458,000 if the case were converted on or before July 13, 2018 had to be put in the Order itself, as opposed to some language in the Note so to have the force of a Court order, and had to be clear and unconditional. The DIP Lender has agreed to put language in the Order, but in its new draft language is still insisting on tying the obligation to fund the Chapter 7 to potential outs under the Note, including the numerous potential events of default the DIP Lender, including breaches of affirmative or negative covenants, reps or warranties, etc., could call under the Note prior to the conversion of the case.

7. The Committee has suggested to the DIP Lender the following language in a new para 11(c): "Notwithstanding anything to the contrary in this Interim Order or the DIP Facility, in the event these Cases are converted to cases under chapter 7 of the Bankruptcy Code prior to July 13, 2018, the DIP Lender shall fund the applicable amount set forth in paragraph 11(a)(ii)(a) of this Interim Order." As of the filing of this Statement, the DIP Lender has not confirmed whether this is acceptable.

8. In the DIP Motion, under the original budget the Committee was provided for under the Carve Out with $20,000. Because the Debtor changed the budget after filing the DIP motion, this provision has been effectively eliminated under the Proposed Order, which means that the Committee will now be without any carve out whatsoever in this case. There should at least be a provision for this *de minimis* carve out for the Committee.

Dated: June 24, 2018

*/s/ Steven W. Golden*

PACHULSKI STANG ZIEHL & JONES LLP

Jeffrey N. Pomerantz (admitted *pro hac vice*)
Ira D. Kharasch (admitted *pro hac vice*)
Jason H. Rosell (admitted *pro hac vice*)
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA 90067
Telephone:  (310) 227-6910

Steven W. Golden (TX Bar No. 24099681)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:  (212) 561-7700

*Proposed Counsel for the Official
Committee of Unsecured Creditors*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served by electronic transmission to all registered ECF users appearing in these cases.

Dated: June 24, 2018
New York, NY                    */s/ Steven W. Golden*
                                Steven W. Golden