## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | Case No. 18-32106 |
| Erin Energy Corporation, *et al.*,[1] | (Chapter 11) |
| Debtors. | (Jointly Administered) |

**ORDER MODIFYING THE AUTOMATIC STAY WITH RESPECT TO
DEMOBILIZATION PREPARATIONS OF FPSO BUMI ARMADA**
**(Relates to Dkt. No. 69)**

Upon consideration of the *Emergency Motion for an Order Pursuant to Sections 105(a), 362(d)(1), and 363(e) of the Bankruptcy Code Modifying the Automatic Stay and Granting Related Relief* (the "**Stay Motion**") [Dkt. No. 69] filed by Armada Oyo Limited ("**AOL**") and Bumi Armada (Singapore) Pte. Ltd. ("**BASPL**," and together with AOL, "**Bumi**"); based on the evidence set forth on the record; and based on the findings and conclusions set forth on the record by the Court at the May 29, 2018 and June 18, 2018 hearings, it is hereby ORDERED THAT:

1.      Pursuant to section 362(d)(1) of the Bankruptcy Code, the automatic stay is hereby modified and lifted to permit Bumi to take any and all actions necessary to prepare the FPSO Armada Perdana (the "**Perdana**") for demobilization. Specifically and for the avoidance of doubt, the automatic stay shall be lifted and Bumi shall thus be permitted to: (A) take all necessary actions with respect to the ownership and operation of the Perdana to ensure the health and safety of the Perdana, her crew, and the surrounding environment; (B) other than

---

[1]     The last four digits of Erin Energy Corporation's federal tax identification number are 9798. The other Debtors in these cases are: Erin Energy Kenya Limited; Erin Energy Kenya Limited; and Erin Petroleum Nigeria Limited. The Debtors' service address is: 1330 Post Oak Blvd., Suite 2250, Houston, TX 77056.

disconnection of the risers and offloading of the Stored Crude (as defined in the Stay Motion), take steps necessary to complete the demobilization of the Perdana, including flushing of the risers; (C) obtain any required relief from any relevant regulatory or governmental authorities that may be required to demobilize the Perdana; (D) engage in discussions with any party claiming an interest in the Stored Crude regarding potential agreement, in whole or in part, for offloading the Stored Crude; and (E) join or participate in any existing action in any court of competent jurisdiction, including any action in the Nigerian courts to interplead the proceeds of any sale or disposition of the Stored Crude, and to comply with the orders of such courts subject to the payment and satisfaction of all actual costs incurred by Bumi in connection with facilitating any such sale or disposition and discharge of the Stored Crude (from the proceeds thereof or otherwise from Erin Petroleum Nigeria Limited).

2. Provided, however, the automatic stay is not modified to permit Bumi to disconnect the Perdana from the risers, cut or remove the lines, or discharge or otherwise remove the Stored Crude from the Perdana without further order of the Bankruptcy Court.

3. Notwithstanding anything contained herein to the contrary, the relief granted herein, along with any rights associated with such relief pursuant to this Order, (i) does not, and shall not be construed, to limit or affect the rights of third parties, including Nigerian Agip Exploration Limited, regarding any actions or matters contemplated by the foregoing paragraphs (including demobilization efforts) including in connection with any relevant regulatory, governmental, or judicial proceedings or authorities, and (ii) is subject to any required relief or requirements from or of any relevant Nigerian or other regulatory, governmental, or judicial authorities or tribunals.

4. This Order provides Bumi with relief from the automatic stay, but does not otherwise affect or waive the rights set forth in the Court's Interim Order for Adequate Protection [Dkt. No. 162].

5. The balance of the relief sought in Stay Motion will be considered at a hearing to be held on July 17, 2018, at 9:00 a.m.

6. The fourteen (14) day stay provided for under Bankruptcy Rule 4001(a)(3) is hereby waived and this Order is effective immediately.

7. This Order shall bind any trustee hereafter appointed, regardless of the dismissal, withdrawal, consolidation, conversion or refilling of these cases.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated:  June _____, 2018

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE

**AGREED AS TO FORM:**

By: */s/ David L. Curry, Jr.*
David L. Curry, Jr.
Texas Bar No. 24065107
OKIN ADAMS LLP
1113 Vine St., Suite 201
Houston, Texas 77002
Telephone:  (713) 228-4100
dcurry@okinadams.com
**ATTORNEYS FOR THE DEBTORS**

By: */s/ Kevin M. Lippman*
Kevin M. Lippman
Texas Bar No. 00784479
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone:  (214) 855-7500
klippman@munsch.com
**COUNSEL FOR ARMADA OYO LIMITED and BUMI ARMADA (SINGAPORE) PTE. LTD.**