# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **ERIN ENERGY CORPORATION, *et al.*,**[1] | § | **Case No. 18-32106** |
| | § | |
| **DEBTORS.** | § | **(Chapter 7)** |
| | § | |
| | § | **(Jointly Administered)** |

**TRUSTEE'S APPLICATION TO EMPLOY AND COMPENSATE BEYOND IT, INC. TO PROVIDE IT SUPPORT SERVICES PURSUANT TO BANKRUPTCY CODE §§ 327, 328 OR, IN THE ALTERNATIVE, BANKRUPTCY CODE § 363**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Ronald J. Sommers, chapter 7 trustee (the "Trustee"), files his Application to Employ and Compensate Beyond IT, Inc. to Provide IT Support Services ("Application") and the Declaration of Tom Jagielski ("Jagielski Declaration"), attached as **Exhibit A** hereto in support of the Application, and respectfully states as follows:

---

[1] The last four digits of Erin Energy Corporation's federal tax identification number are 9798. The other Debtors in these cases are: Erin Energy Limited; Erin Energy Kenya Limited; and Erin Petroleum Nigeria Limited. The Debtors' service address is: 1330 Post Oak Blvd., Suite 2250, Houston, TX 77056. After August 1, 2018, the Debtors' service address is c/o Kyung S. Lee 909 Fannin St., Suite 3700 Houston, TX 77010.

**RELIEF REQUESTED**

1.      The Trustee requests that the Court enter an order substantially in the form of the proposed order attached hereto authorizing the Trustee to employ and compensate Beyond IT, Inc. ("Beyond IT") to provide information technology support services to the Trustee effective as of August 8, 2018, pursuant to the terms of the engagement agreement attached hereto as **Exhibit B** (the "Engagement Agreement").

**JURISDICTION**

2.      This Court has jurisdiction over this application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      Venue of the Debtors' chapter 7 cases ("Chapter 7 Cases") in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief sought are §§ 327(a), 328, 330, 363, and 704(a) of the Bankruptcy Code, Bankruptcy Rules 2014, 2016, and 6003, and Bankruptcy Local Rule 2014-1.

**BACKGROUND**

5.      On April 25, 2018 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

6.      On June 27, 2018, the Official Committee of Unsecured Creditors filed their Emergency Motion to Convert the cases to cases under chapter 7 of the Bankruptcy Code.

7.      On July 12, 2018 ("Conversion Date"), the Court entered an order converting the cases.

8.      On July 13, 2018, the United States Trustee appointed Ronald J. Sommers as the chapter 7 trustee for the Debtors' estates.

9.      Erin Energy Corporation subleased office space at 1330 Post Oak Blvd, Houston, TX 77056.  The Houston office housed the Debtors' servers.  The servers contain substantially all of the electronically-stored information about the Debtors in the Debtors' possession.  To secure the data, and to avoid incurring additional unnecessary administrative rental obligations related to the sublease, the Trustee must relocate the servers.

## BASIS FOR RELIEF

10.      Section 327(a) of the Bankruptcy Code authorizes a trustee to employ professionals that do not hold or represent an interest adverse to a debtor's estate and that are disinterested persons to assist him with his duties under the Bankruptcy Code.  Bankruptcy Code § 328(a) permits trustee to employ a professional "on any reasonable terms and conditions of employment," including on a "fixed or percentage fee basis."

11.      Certain cases suggest that retention under Bankruptcy Code § 327(a) is restricted to professionals who are essential to the reorganization of a debtor.  *See, e.g.*, *In re Smith*, 524 B.R. 689, 695 (Bankr. S.D. Tex. 2015) (citing *Matter of Seatrain Lines, Inc.*, 13 B.R. 980, 981 (Bankr. S.D.N.Y. 1981)).

12.      Furthermore, the issue becomes even more complicated when the issue involves retention of an entity by the chapter 7 trustee and such person is not a lawyer, accountant or a financial advisor.  The cases contain examples of parties seeking to use Bankruptcy Code § 327 to hire parties or persons who provide special services to a trustee or an estate.  *See id.*; *In re N. Star Mgmt., LP*, 305 B.R. 312 (Bankr. D.N.D. 2003), *reversed on other grounds*, 308 B.R. 906 (B.A.P. 8th Cir. 2004).

13.      Therefore, while Beyond IT may not fit the prototypical definition of a "professional," certain cases interpret the Bankruptcy Court to authorize the retention of such persons by the Trustee under Bankruptcy Code § 327.

14.     Further, Bankruptcy Code § 363(b)(1) of the Bankruptcy Code states that a trustee "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ."  Generally, to obtain approval of a proposed sale of assets, a trustee must "satisfy its fiduciary duty to the debtor, creditors and equity holders, [by articulating some] business justification for using, selling, or leasing the property outside the ordinary course of business." *In re Continental Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986).

15.     The Trustee's employment of Beyond IT is necessary to enable the Trustee to fulfill his duties under the Bankruptcy Code and is in the best interests of the Debtors' estates. Therefore, such employment should be approved under Bankruptcy Code §§ 327 and 328, or, in the alternative, under Bankruptcy Code § 363.

16.     If any party asserts a security interest in and to the cash on hand held by the Trustee, the Trustee seeks approval to use such lenders' cash collateral to pay Beyond IT.

**A.     Beyond IT's Qualifications.**

17.     Beyond IT is an information technology firm that provides digital forensics, cyber security, e-discovery, and expert testimony services.  Beyond IT has substantial experience recovering, storing, and preserving electronically-stored data.

18.     Beyond IT possesses the experience, ability, and resources necessary to provide the IT support services that the Trustee will need during these Chapter 7 Cases.  Therefore, the Trustee believes that Beyond IT is well qualified to provide the Trustee with efficient and effective services in these Chapter 7 Cases.

**B.     Scope of Services.**

19.     The duties of a Trustee are set forth in § 704(a) of the Bankruptcy Code, which states that the Trustee shall:

(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;

(2) be accountable for all property received;

(3) ensure that the debtor shall perform his intention as specified in section 521(a)(2)(B) of this title;

(4) investigate the financial affairs of the debtor;

(5) if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper;

 . . .

(7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;

. . .

(9) make a final report and file a final account of the administration of the estate with the court and with the United States trustee; . . . .

11 U.S.C. § 704(a).

20.    Beyond IT will perform the following tasks for the Trustee:

- Move the Debtors' rack of equipment containing servers, storage devices, tape drives and other computing equipment from its current location to Beyond IT's location for monitoring and access;

- Transfer the Debtors' current Internet-service contract and/or install a new internet service for the Trustee; and

- Maintain and store the servers for a period of one year.

**C.    Beyond IT's Disinterestedness.**

21.    To the best of the Trustee's knowledge, the principals and other professionals at Beyond IT do not have any interest adverse to the Debtors.  To the best of the Trustee's knowledge, the principals and professionals at Beyond IT do not have any connections with the Debtors, their creditors, or other significant parties-in-interest, or their respective attorneys and accountants, other than as disclosed in the Jagielski Declaration.

22.     Based upon the Jagielski Declaration, the Trustee submits that Beyond IT is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.

23.     The Trustee has been informed that Beyond IT will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise.  If any new relevant facts or relationships are discovered, Beyond IT will supplement its disclosure to the Court.  Based on the Jagielski Declaration, the Trustee believes that Beyond IT is in compliance with the requirements of §§ 327(a), 328 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016.

**D.     Beyond IT's Compensation.**

24.     The Engagement Agreement provides that the Trustee will pay Beyond IT a fixed-fee of approximately $24,500 for its services to the Trustee.  The Trustee believes that this compensation arrangement is appropriate in light of the services that Beyond IT will provide and that Beyond IT's charges are reasonable.

**E.     Alternatively, Beyond IT's Employment Should Be Authorized Under § 363.**

25.     In the alternative, the Trustee submits that § 363(b)(1) authorizes the Trustee to pay Beyond IT to move, store and maintain the server.  In his business judgment, the Trustee believes that Beyond IT has proposed the most expeditious and cost-effective method of securing and storing the Debtors' electronically-stored information.  These actions will prevent the Debtors' estates from incurring additional rent charges arising from the sublease and ensure that the Debtors' professionals have access to information to assist in analyzing legal claims.

## NO PRIOR REQUEST

26.     No prior motion or application for the relief requested herein has been made to this Court or any other court.

## PRAYER

27.     The Trustee respectfully requests that this Court enter an order substantially in the form of the proposed order attached hereto and grant any other appropriate relief.

Dated: August 27, 2018

Respectfully submitted,

DIAMOND McCARTHY LLP

/s/ *Michael D. Fritz*
Kyung S. Lee
TBA No. 12128400
klee@diamondmccarthy.com
Michael D. Fritz
TBA No. 24083029
mfritz@diamondmccarthy.com
Two Houston Center
909 Fannin, 37th Floor
Houston, TX 77010
Telephone: (713) 333-5100 Facsimile: (713) 333-5199

*Counsel for Ronald J. Sommers, Chapter 7 Trustee for the Debtors*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, pursuant to Local Rule 9003-1, this document was served on the U.S. Trustee and upon those parties registered to receive ECF notifications in this case on August 27, 2018.

*/s/  Michael D. Fritz*
Michael D. Fritz

## Exhibit A

Jagielski Declaration

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **ERIN ENERGY CORPORATION, *et al.*,**[1] | § | **Case No. 18-32106** |
| | § | |
| **DEBTORS.** | § | **(Chapter 7)** |
| | § | |
| | § | **(Jointly Administered)** |

**DECLARATION OF TOM JAGIELSKI IN SUPPORT OF TRUSTEE'S
APPLICATION TO EMPLOY AND COMPENSATE BEYOND IT, INC. TO PROVIDE
IT SUPPORT SERVICES PURSUANT TO BANKRUPTCY CODE §§ 327, 328 OR, IN
THE ALTERNATIVE, BANKRUPTCY CODE § 363**

I, Tom Jagielski, declare under penalty of perjury as follows:

1.     I am the Director of Professional Services at Beyond IT, Inc. ("Beyond IT").

2.     I make this declaration in support of the Trustee's Application to Employ and Compensate Beyond IT, Inc. to Provide IT Support Services Pursuant to Bankruptcy Code §§ 327, 328 or, in the Alternative, Bankruptcy Code § 363 (the "Application").

3.     Unless otherwise indicated, capitalized terms have the meanings ascribed to them in the Application.

**a.     Scope of Services**

4.     Beyond IT will perform the following tasks for the Trustee:

- Move the Debtors' rack of equipment containing servers, storage devices, tape drives and other computing equipment from its current location to Beyond IT's location for monitoring and access;

- Transfer the Debtors' current internet-service contract and/or install a new internet service for the Trustee; and

---

[1] The last four digits of Erin Energy Corporation's federal tax identification number are 9798. The other Debtors in these cases are: Erin Energy Limited; Erin Energy Kenya Limited; and Erin Petroleum Nigeria Limited. The Debtors' service address is: 1330 Post Oak Blvd., Suite 2250, Houston, TX 77056.  After August 1, 2018, the Debtors' service address is c/o Kyung S. Lee 909 Fannin St., Suite 3700 Houston, TX 77010.

1

- Maintain and store the servers for a period of one year.

**b.      Qualifications and Proposed Compensation**

5.      Beyond IT is an information technology firm that provides digital forensics, cyber security, e-discovery, and expert testimony services.  Beyond IT has substantial experience recovering, storing, and preserving electronically-stored data.

6.      Beyond IT possesses the experience, ability, and resources necessary to provide the IT support services that the Trustee will need during these Chapter 7 Cases.  Therefore, I believe that Beyond IT is well qualified to provide the Trustee with efficient and effective services in these Chapter 7 Cases.

7.      The Engagement Agreement provides that the Trustee will pay Beyond IT a fixed-fee of approximately $24,500 for moving, storing, and maintaining the Debtors' servers.  I believe that this compensation arrangement is appropriate in light of the services that Beyond IT will provide and that these rates are reasonable and consistent with the rates charged by professionals with comparable experience in the Houston, Texas market.

8.      Other than the Trustee's agreement to compensate Beyond IT pursuant to the Engagement Agreement, Beyond IT has not received any promises from the Trustee or any other person to compensate or reimburse Beyond IT in connection with the Chapter 7 Cases.

9.      Neither Beyond IT nor any employees of Beyond IT have divided, paid over or shared, or agreed to divide, pay over or share: (a) any compensation it has or they have received or may receive for services rendered or expenses incurred in connection with the Chapter 7 Cases with another party or person (except as among the employees of Beyond IT), or (b) any compensation another party or person has received or may receive for services rendered or expenses incurred in connection with this case.

10.     As of the Petition Date, Beyond IT was not a creditor of the Debtors.

**c.      Eligibility and Disinterestedness**

11.     Neither I, nor Beyond IT or its staff, represent any interest adverse to the Debtors, as required by Bankruptcy Code §§ 327(a), 328(a), and 504.   Additionally, Beyond IT is a disinterested person as defined by Bankruptcy Code § 101(14).

12.     I have made an investigation of Beyond IT's disinterestedness prior to submitting this declaration, which included a conflicts check as to the Trustee, the Debtors, their secured creditors, unsecured creditors, and equity holders.   Parties included in the conflict check are shown on **Exhibit C** to the Application.

13.     Neither I nor any manager, partner, counsel, or associates of Beyond IT, insofar as I have been able to ascertain, have any connection with the Debtors, the Debtors' creditors, the United States Trustee, persons employed in the United States Trustee's office, or any other potential parties-in-interest herein, or their respective attorneys.

14.     Given the size and complexity of the Chapter 7 Cases, if additional connections are discovered, I will supplement this declaration as necessary.

15.     Accordingly, neither I, nor Beyond IT or its staff, represent any interest adverse to the Debtors, their estates, their creditors, equity holders, or affiliates in the matter upon which we are to be engaged, and Beyond IT is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code and as required by § 327(a) of the Bankruptcy Code.

16.     I believe that Beyond IT is eligible for employment and retention by the Trustee pursuant to the Bankruptcy Code and the applicable Bankruptcy Rules.

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct and this declaration is executed at Houston, Texas, on August 27, 2018.

By: _____

Tom Jagielski

## **Exhibit B**

Engagement Letter



August 6, 2018

Ronald Sommers
Nathan Sommers Jacobs
28aa Post Oak Boulevard, 61st Floor
Houston, Texas 77056

**Re: ERIN Energy Matter**

Dear Mr. Sommers

This letter confirms that you have retained Beyond IT, Inc. "Beyond IT" to provide digital forensics, consulting and/or electronic discovery services in the matter referenced above. We are pleased to provide these services to you. This letter will outline the terms of this engagement.

1.      **Scope of Work**

Beyond IT will move the rack of equipment containing servers, storage devices, tape drives and other computing equipment from its current location to our location for monitoring and access. Beyond IT will also either transfer the current Internet Service Contract or install a new Internet Service for client access to the servers.

The initial cost to prep the system for the move, move the system to our location, setup the system at our location, power the equipment up, and install and configuring the internet connection for remote access and provide ongoing monitoring and maintenance will be $25,400.00 for the first 12 months.  This initial cost will need to be paid up front for the first 12-month term of service.  The initial cost items are listed below:

- Inventory, document and prepare all devices prior to move        $5,000
- Move, setup, power-up and test equipment in Beyond IT location including Internet connectivity        $3,000
- House rack in Beyond IT location for 12 months        $13,800
- Monitoring and maintenance of all devices for 12 months        $3,600
- Replacement hardware due to failures        $TBD

After the first 12-month period, the annual cost to house, monitor and maintain the system along with securing the internet connection for consecutive 12-month terms will be $17,400.00.  This cost will be invoiced on the anniversary of the initial 12-month term and any 12-month term thereafter.   All subsequent invoices for housing and maintaining the equipment will be due upon receipt.

**There is always a risk of data loss when moving equipment which is why we recommend a preservation before any changes are made. We strive to prevent this issue however, we cannot make any guarantees against data loss once the devices are powered down and relocated to our location.**

2.      **Fees and Invoices**



The services performed will be based on requests by you, your client, or your designee.

Beyond IT strives to provide our clients quality services at reasonable costs. To be able to keep costs down we request that all invoices are paid upon receipt.  We invoice for consulting services every two weeks. If there are any specific needs relevant to invoicing, we kindly ask to be informed accordingly so that we can consider these needs before commencement of the work.

If the invoice is not paid within ninety (90) days of receipt, the invoice shall accrue a finance charge of one and one-half percent (1 1/2%) per month on all outstanding balances until paid in full or the maximum rate allowed by applicable law. In addition to the finance charge, the client furthermore agrees to pay all additional expenses associated with attempts to collect any outstanding amounts not paid within ninety (90) days of receipt.  In matters where a reduced fixed fee for the work has been agreed, if the invoice is not paid within ninety (90) days, the reduced fixed fee agreement becomes void and the Client may be invoiced for services rendered at the normal hourly rate.

If it is necessary for us to retain the services of an attorney to collect said amounts, you agree that you will pay the reasonable costs incurred by us for such attorney's fees. We reserve the right to stop work on this matter if our invoices remain unpaid for ninety (90) days or in the event we feel insecure as to payment. Any billing disputes must be submitted within thirty (30) days of receipt of said invoice.

All accounts must be made current before expert testimony is given. Rates for deposition and court appearances are $450 per hour, with a half a day minimum.  Prior to scheduling deposition and trial appearances, you agree to provide 2 weeks' notice, to ensure that we have no prior engagements which would conflict with an appearance.

3.      **Confidentiality**

Beyond IT will take reasonable steps to protect the confidentiality of information and data in this matter. The parties acknowledge that, if compelled by law to disclose information, Beyond IT will comply with the disclosure requirement and will notify you in advance of such required disclosure or as soon as possible if no advance notice is given to Beyond IT or is restricted by law.

3.      **Compliance with Laws**

You acknowledge that if, in the course of our examination and analysis of any digital media, we encounter child pornography or suspect that child pornography is present (as defined by Texas Penal Code Sec. 43.26), we will immediately report such to the appropriate law enforcement officials, as required by state law, and halt all work on the media until released by law enforcement. You agree to indemnify us and hold us harmless for any claim, expense or loss (including expenses and attorney's fees) for reporting and complying with requests from law enforcement and any delays that such reporting may cause in the matter.

Client warrants that any electronic media or evidence sent to or made available to Beyond IT for examination or duplication and any access granted to any information, system or network was obtained lawfully, in full compliance with all applicable statutes and regulations or orders or



policies of any court or agency with jurisdiction. Client agrees to indemnify and hold Beyond IT harmless from any claim or suit alleging unauthorized or unlawful access to any information, media, system or network, including all damages, expenses, liability, fines and attorney fees.

**5.      Collected Data**

Any data collected remains the property of the Client it was obtained from and will be re-turned or destroyed in accordance with the Client's request at any time. Beyond IT will maintain the collected data using our standard evidence storage procedures for up to 90 days from the date of collection without additional charge to the Client.

After the default storage period, has expired, the Client will be invoiced at the standard per item rate (image/physical evidence) per month for as long as Beyond IT maintains the collected data. The standard rate sheet for stored items will be provided upon request.  Beyond IT will make all reasonable attempts to contact the Client to have the collected data returned failure to pay in full the storage invoice will remove any liability Beyond IT has to maintain the collected data and will result in its destruction.

**6.      Status**

Unless otherwise agreed, Beyond IT is being engaged as a consulting expert.  The Client may later designate us as a testifying expert or a consulting expert on whose work a testifying expert relies; but we ask that you discuss that with us before the designation is made. If the Client designates us as a testifying expert, we kindly ask you to notify us as soon as possible when our report is due and when we will be deposed and testify at trial.

**7.      Warranty**

We represent and warrant that we will exercise reasonable efforts and diligence to perform the services. Except for the express warranty in the preceding sentence, all Services provided by us under such separate agreements are provided without any express or implied warranty in fact or in law whatsoever. We specifically disclaim all warranties regarding such Services, including any warranties of merchantability or fitness for a particular purpose. Notwithstanding any provision herein to the contrary, we shall not be liable for any indirect, incidental or consequential damages, including lost profits, sustained or incurred in connection with any act or omission related to our performance regardless of the form of action, whether in contract or tort or otherwise (including negligence, strict liability or otherwise) and whether or not such damages are foreseen or unforeseen. If this provision fails of its essential purpose, our liability hereunder shall not exceed the total of the fees paid to us by you as to any separate project. Any action arising from or in connection with the Services provided by us must be brought within one (1) year after the cause of the action arises.



8.      **Governing Law**

This Agreement is made in and shall be governed by the laws of the State of Texas, without regard to its choice of law principles. The state and federal courts within Harris County, Texas will have exclusive jurisdiction over all disputes arising out of this Agreement.

9.      **Modification**

This Engagement Letter may be modified or amended if the modification or amendment is made in writing and is signed by both parties. Alternatively, electronic mail communications will be an acceptable method of amendment.

We value our relationship with our clients, and we look forward to working with you on this important matter.

**ACKNOWLEDGMENT AND ACCEPTANCE**

Please indicate your approval of the terms of this engagement by signing where indicated below. Should you have additional questions, please do not hesitate to call any of the partners at Beyond IT.

Very truly yours,

Tom Jagielski
**Beyond IT, Inc.**
Accepted By

Client Signature: _____

Printed Name:       Ronald (Ron) J. Sommers

Company Name:    Nathan Sommers Jacobs

Title:                      In his Capacity as Chapter 7 Trustee for Erin Energy Corporation

Date:                     _____

## Exhibit C

List of Parties-in-Interest

**Trustee**

Ronald J. Sommers, chapter 7 trustee
Nathan Sommers Jacobs
Diamond McCarthy LLP

**Debtors**

Erin Energy Corporation
Erin Energy Limited
Erin Energy Kenya Limited
Erin Petroleum Nigeria Limited

**Members of the Board of Directors of
Erin Energy Corp.**
Frank C. Ingriselli
Femi Ayoade
Lee P. Brown
John M. Rudley
Dudu Hlatshwayo
Mahmud Y. Ahmed
J. Michael Stinson

**Board of Directors of Erin Energy Ltd.**
Femi Ayoade
Heidi Wong
Dippo Bello

**Board of Directros of Erin Energy Kenya
Limited**
Jared O. Misati
Augustin K. Nkuba

**Board of Directors of Erin Petroleum
Nigeria Limited**
Femi Ayoade
Dippo Bello

**20 Largest Unsecured Creditors of Erin
Energy Corp.**
Baker Botts

Natural Resources Global Capital Partner
Norton Rose Fulbright US, LLP
NYSE
Jackson Walker LLP
P2ES Holdings LLC
Travel & More
Pannell Kerr Forster of Texas, P.C.
Earl W. McNiel Consultant
The Love Law Firm
Workiva Inc.
Broadridge ICS
John Michael Stinson
Dudu Hlatshwayo
Canaccord Genuity Limited
Mindshift Technologies Inc.
Looper Goodwine PC
Johannesburg Stock Exchange
Ipreo Data, Inc.
Renmark Financial Communications, Inc.

**20 Largest Unsecured Creditors of Erin
Energy Ltd.**
Genesis Trust Corporate Services

**20 Largest Unsecured Creditors of Erin
Energy Kenya**
The Mauritius Commercial Bank Limited
BGP Kenya Limited
Ministry of Energy Training Fund
CAMAC Internation Corporation
Gina Din Kariuki
Arora Properties Limited
Kenya Oil & Gas Association

**20 Largest Unsecured Creditors of Erin
Petroleum Nigeria**
Bumi Armada
Transocean/Indigo
GE/Pressure Controls Systems Nigeria Ltd.
Petromarine Nigeria Limited
Schlumberger
Halliburton Operations Nigeria Ltd.

APPLICATION TO EMPLOY
BEYOND IT

Pacific Bora Limited
Schiste Oil and Gas Limited
Court Helicopters Nigeria Limited
T1 Marine Services Limited
Tilone Subsea Limited
Crossbow Oilfield Industries & Services
JDR Cable Systems Limited
Multiplan Nigeria Limited
Oceaneering Services Nigeria Limited
Frank's International W.A. (BVI) Ltd.
Intels Nigeria Limited
AOS Orwell Limited
Public Investment Corporation SOC Ltd.

**Secured Lenders**
Zenith Bank PLC
The Mauritius Commercial Bank Ltd.

**U.S. Trustee:**
Henry G. Hobbs, Jr.

**Employees of the U.S. Trustee's Office**:

Diane Livingstone
Jacqueline Boykin
Hector Duran
Barbara Griffin
Luci Johnson-Davis
Christine March
Linda Motton
Glenn Otto
Patricia Schmidt
Gwen Statham
Stephen Statham
Clarissa Waston

**Creditors**

Armada Oyo Limited
BDO USA, LLP
Baker Hughes, a GE Company, LLC
Bumi Armada (Singapore) Pte. Ltd.
Erin Energy Corporation
Erin Energy Kenya Limited
Erin Energy Ltd.
Erin Petroleum Nigeria Limited

FAR Gambia Ltd f/k/a Meridian Minerals
(Maur
Four Oaks Place Operating, LP |Dabney
Pappas
Glencore Energy UK, Ltd.
Halliburton Energy Services, Inc.
Harris County |Linebarger Goggan Blair &
Sampson LLP
Indigo Drilling Limited
JDR Cable Systems Limited
Mauritius Commercial Bank Limited
Nigerian Agip Exploration Limited
Oceaneering Services Nigeria Limited
Official Committee of Unsecured Creditors
Oltasho Nigeria Limited
Pacific Bora Ltd |c/o Elizabeth J. Futrell
Pacific International Drilling West Africa
Pasadena Insurance Agency, Inc.
Public Investment Corporation Soc. Ltd.
Transocean Offshore Gulf of Guinea VII
Limit
Unitech International Inc.
Zenith Bank Plc
4|United States Bankruptcy Court
ABM Global Services Ltd.
ADP LLC
AFLAC Worldwide Headquarters
AMA Horizon, Inc. |dba Minuteman Press -
Post Oak
AOS Orwell Limited
AOS Orwell Limited
ARC Document Solutions
Adedokun Adenipekun
Aedes Energia Limited
Airtel Ghana Ltd.
Ajikol Travels & Public Relations
Aker Solutions, Inc.
Alhaji Umar Saro
Alison Lauschke
Allied Energy PLC
Amegy Bank of Texas
Andrews Kurth, LLP
Ann Harris Bennett
Ariosh Limited

APPLICATION TO EMPLOY
BEYOND IT

Armada Etan Limited
Arora Properties Limited
Artee Industries Limited
Axia Resources
BDO USA LLP
BGP Kenya Limited
BJ Services Company NIG Limited
Babatomiwa Falode
Babatunde Olusegun Omidele
Baker Botts LLP
Baker Hughes Company Limited
Balmoral Offshore Engineering
Bank of America, NA
Banwo And Ighodalo
Belcorp Integrated Systems Limited
Berke-Weiss Law PLC
Bidvest Execuflora
Bidvest Steiner
Bolatito Ibrahim Lawal
Boston Investments Ltd
Bourbon Interoil Nigeria
Broadridge ICS
Brone Positioning & Survey Ltd.
Bud Griffin Customer Support, Inc.
Bumi Armada Berhad
Business Wire, Inc.
CAMAC International Corp.
CCH Incorporated
CNS Marine Nig Limited
Canaccord Genuity Limited
Century Ports And Terminal Limited
Chesroc Nigeria Ltd.
Chorus Call Inc
Cisco Web Ex, LLC
Citrix Systems Inc
Cityflex Express Limited
Coastland Energy Logistics Limited
Cocacc Resources Nig Company Ltd
Cogent Communications Inc
Coje Engineering Limited
Computershare Inc
Continental Stock Transfer & Trust Co.
Corporate Affairs Commission
Coulson Harney Advocates
Court Helicopters Nigeria Limited
Covenantshol Communicationns

Covet Integrated Services
Crossbow Oilfield Industries & Services
Cyril Ozoemenam
DISA Global Solutions Inc.
Dafe Anthony Onoro
Delaware Secretary Of State |Division Of Corporations
Deloitte Tax LLP
Department of Petroleum Resources
Dept of Petroleum Resources (DPR)
Deralen Services NIG Ltd
Design Consultants
Donels Associates Limited
Dorothy Egbuchulam
Dudu Hlatshwayo
ENS Africa
Earl W. McNiel Consultant
Eko Hotels Limited
Emeka Lawrence
Enercom, Inc.
Energy And Mineral Resources Limited
Erin Energy Corporation
Etoboro A. Isaac
Excel Marco Singapore PTE Ltd
FNG Energy Ltd
Falck Prime Atlantic
Fasken Martineau
Federal Inland Reserve Service (FIRS)
Federal Inland Revenue Service
Federal Inland Revenue Services
Federal Ministry Trade & Investment
Federal Ministry of Environment
Federal Ministry of Finance
Fidelity Investments Inst. Op. Co.
Four Oaks Place Operating Lp
Frank's International W.A. (BVI) Ltd.
Fugro Nigeria Limited
GE Oil & Gas
GE/Pressure Controls Systems Nigeria Ltd
Gambia Revenue Authority
Gateley PLC
Gbenga Aderobaki
Genesis Trust Corporate Services
Ghana National Petroleum Corporation
Gina Din Kariuki
Glencore Energy Uk Ltd

HIDOZ Filtration & Equipment Co. Ltd.
Halliburton Operations Nigeria Ltd.
Harris County et al.
Havilah Hydrocarbon Resources
Hebert Smith Freehills
Herbert Smith Freehills Paris LLP
Hotel De Island
Howard Jones |dba Town & Country Luxury
Limousine
IBC Academy Distance Learning
IHS Global SA
Ifeanyi Works Nigeria Enterprise
Ikon Science
Ikon Science Americas Inc
Ikoyi Club 1938
Imeh Bassey
Incar Petroleum Limited
Indigo Drilling Limited
Industrial Training Fund
Intels Nigeria Limited
Intels Nigeria Limited
INTERNAL REVENUE
SERVICE|CENTRALIZED INSOLVENCY
OPERATIONS
Internal Revenue Service
Internal Revenue Service-Houston
International Energy Services Limited
Ipreo Data, Inc.
Iron Mountain
Isaiah Okanlawon
JDR Cable Systems Limited
Jackson Walker LLP
Jacque Tetnosong
James Street Capital Limited
James Street Capital Partners
Jimcol Resources Limited
Johannesburg Stock Exchange
John Michael Stinson
Jordan, Lynch & Cancienne, PLLC
Joseph Kalio
Kenya Oil & Gas Association
King & Spalding LLP
Lagos Internal Revenue Service (LIRS)
Laser Engineering And Resources
Leader Engineering
Librod Energy Services

Link Market Services
Lloyd`s Register Energy
London Court of Int'l Arbritration
Lonestar Deepwater LLC
Looper Goodwine, PC
Maersk Nigeria Limited
Mansard Insurance PLC
Mansfield Energy Nigeria Limited
Mather and Platt Kenya Ltd.
Matpatson Petroleum Services Limited
Matthew Okin |Okin Adams LLP
Mindshift Technologies Inc
Ministry of Energy Training Fund
Mitel Cloud Services Inc
Mitel Leasing Inc
Morris Nichols Arsht And Tunnell LLP
Multiplan Nigeria Limited
Mustard Insurance Brokers Limited
My Staffing Pro
NAJ Technical Services
NAK ICT Solutions
NYSE
NYSE Governance Services Corporate
Board
National Oil Spill Detection & Response
|NOSDRA)
National Oilwell Varco
Natural Resources Global Capital
Natural Resources Global Capital Partner
Neil Barnett Inspection Services
Niche Consultancy & Marine Surveyors Ltd
Nicon Hotels
Niger Delta Development Comm. (NDDC)
Nigeria Extractive Industry Transparency
Nigerian Content Dev. Mgmt Board
(NCDMB)
Nigerian Customs Service |Consultants
Nigeria Limited
Nigerian Export Supervision Scheme (NESS
Nigerian Maritime Admin & Safety
(NIMASA
Nigerian Nat'l Petro Corp (NNPC-COMD)
Nigerian Navy
Nigerian Nuclear Regulatory Agency
(NNRA
Nigerian Ports Authority (NPA)

Nigerian Social Infrastructure Trust
Norton Rose Fulbright US LLP
OGO Nigeria Enterprise
Oceaneering Services Nigeria Limited
Office Pro Supply Company LLC
Officeland Limited |
Oilfield Management Services Limited
Oiltools Africa Limited
Oli Oli Olowhu
Oliver Onyebuchi Ogbonna
Oltasho Nigeria Limited
Olushola Odeyemi
Olushola Sunday Akande
Olutayo Sosanya
Owoseni Sunday
Oyebanjo Olusegun
P2ES Holdings LLC
Pacific Bora Limited |Pacific International
Drilling
Pacific International Drilling |West Africa
Limited
Pacific International Drilling West Africa L
Paloma Blanche Enterprises
Pannell Kerr Forster of Texas PC
Paul Oreunomhe
Payce Consulting Limited
Peter Oriaifo
Petroleum Experts, Inc.
Petromarine Nigeria Limited
Philip Uche Ibeji
Pressure Control Systems Nigeria Limited
Prostar Services Inc dba Parks Coffee
Public Investment Corporation SOC Ltd.
Public Investment Corporation SOC Ltd.
Q4 Web Systems Inc
RL Financial Advisory LLC
RL Financial Advisory Services, LLC
Raams Safety Technologies Limited
Radial Circle Limited
Recommind Inc
Red Transport Nig Ltd
Renmark Financial Communications Inc.
Richards Layton Finger
Risten Development Company Nigeria Ltd.
Rizenn Homes Ltd
Russell And Associates

S&A International LLC d/b/a Travel-N-
More
SCIB Nigeria & Co. Ltd.
Sasfin Capital Pty Ltd
Schiste Oil & Gas Limited
Schlumberger
Securities and Exchange Commission
Shina Kolawole Monsur
Simbanet Com Ltd
Stanbic Lagos
Standard And Poors Financial Services
Starlight Multi-Concept Limited
State of California
Stepheson Harwood LLP
Stonegate Capital Partners Inc
Strate (Pty) Ltd. |P.O. Box 78608
Swift Networks Limited
T1 Marine Services Limited
TBN Marine Limited
Takeover Regulation Panel
Temitope Sunday Olafisoye
TEXAS COMPTROLLER OF PUBLIC
ACCOUNTS|REVENUE ACCOUNTING
DIV - BANKRUPTCY SECTION
The Gambia Revenue Authority
The Initiates Limited
The Loev Law Firm, PC
The Mauritius Commercial Bank Limited
The Mauritius Commercial Bank Ltd.
The Wheat Baker Hotel
Tilone Subsea Limited
Tilone Subsea Limited
Total Nigeria PLC
Total Oil Trading Sa
Transocean
Transocean / Indigo
Transocean Offshore Gulf of Guinea VII
Limit
Travel & More
Trucking Land & Sea Nigeria Ltd.
Tunde Fahm
US Dept of Homeland Security
US Trustee |Office of the US Trustee
Ukpong Edem
Unitech International Inc.
United States Trustee's Office

APPLICATION TO EMPLOY
BEYOND IT

Unity National Bank Villa Toscana Hotel
Vinson & Elkins
Wakely-Smith Lattua Advisory Pty Ltd.
Weatherford
Workiva Inc
YOA Insurance Brokers
Zenith Bank PLC

David L Curry Jr
James Scott Douglass
John Thomas Oldham
Matthew Scott Okin
Ronald J Sommers
Ryan Anthony O'Connor

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **ERIN ENERGY CORPORATION,** *et al.,*[1] | § | **Case No. 18-32106** |
| | § | |
| **DEBTORS.** | § | **(Chapter 7)** |
| | § | |
| | § | **(Jointly Administered)** |
| | § | |

**ORDER AUTHORIZING THE EMPLOYMENT AND COMPENSATION OF
BEYOND IT, INC. PURSUANT TO BANKRUPTCY CODE §§ 327, 328
OR, IN THE ALTERNATIVE, BANKRUPTCY CODE § 363**
(Related to Docket No. ___)

The court, having considered the Trustee's Application to Employ and Compensate Beyond IT, Inc. ("Beyond IT") to Provide IT Support Services (the "Application")[2] and the Declaration of Tom Jagielski (the "Jagielski Declaration") submitted in support of the Application, the court hereby finds that based upon the representations made in the Application and the Jagielski Declaration that: (i) Beyond IT represents no interests adverse to the Debtors; (ii) Beyond IT is a "disinterested person" as that term is defined under § 101(14) of the Bankruptcy Code, and as provided and disclosed in the Application and the Jagielski Declaration; (iii) the employment of Beyond IT is necessary and is in the best interests of the Debtors' estates; (iv) the proposed terms and conditions of Beyond IT's employment are reasonable under the circumstances; (v) the contemplated use of any cash collateral by the

---

[1] The last four digits of Erin Energy Corporation's federal tax identification number are 9798. The other Debtors in these cases are: Erin Energy Limited; Erin Energy Kenya Limited; and Erin Petroleum Nigeria Limited. The Debtors' service address is: 1330 Post Oak Blvd., Suite 2250, Houston, TX 77056.   After August 1, 2018, the Debtors' service address is c/o Kyung S. Lee 909 Fannin St., Suite 3700 Houston, TX 77010.

[2] All terms not defined herein shall have the meaning ascribed in the Application.

Trustee to pay Beyond IT under Bankruptcy Code § 363(b) is supported by the sound and good business judgment of the Trustee; and, it is therefore hereby:

ORDERED that the Trustee is authorized to retain Beyond IT in these Chapter 7 Cases pursuant to the terms and conditions set forth in the Engagement Agreement under Bankruptcy Code § 327 and pay Beyond IT for its services in accordance with the Engagement Agreement, without the need for a fee application; or, in the alternative, it is hereby

ORDERED that the Trustee is authorized to compensate Beyond IT for its services in accordance with the Engagement Agreement pursuant to Bankruptcy Code § 363 and pay Beyond IT with cash collateral in accordance with the Engagement Agreement, without the need for a fee application;

ORDERED that to the extent there is inconsistency between the terms of the Engagement Letter, the Application, the Jagielski Declaration and this Order, the terms of this Order shall govern; and it is further

ORDERED that the Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

SIGNED this _____ day of _____, 2018.

_____
UNITED STATES BANKRUPTCY JUDGE