



ENTERED
08/30/2018

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **ERIN ENERGY CORPORATION,** *et al.*,[1] | § | Case No. 18-32106 |
| | § | |
| **DEBTORS.** | § | (Chapter 7) |
| | § | |
| | § | (Jointly Administered) |
| | § | |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF
## STOUT RISIUS ROSS, LLC AS FINANCIAL ADVISOR TO THE TRUSTEE
(Related to Docket No. ___)

The court having considered the Trustee's Application to Employ Stout Risius Ross, LLC ("Stout") as Financial Advisor to the Trustee (the "Application")[2] and the Declaration of Loretta R. Cross (the "Cross Declaration") submitted in support of the Application, the court hereby finds that based upon the representations made in the Application and the Cross Declaration that: (i) Stout represents no interests adverse to the engaged; (ii) Stout is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code and as provided and disclosed in the Application and the Cross Declaration; (iii) the employment of Stout is necessary and is in the best interests of the Debtors' estates; and (iv) the proposed terms and conditions of Stout's employment are reasonable under the circumstances. It is therefore hereby:

---

[1] The last four digits of Erin Energy Corporation's federal tax identification number are 9798. The other Debtors in these cases are: Erin Energy Limited; Erin Energy Kenya Limited; and Erin Petroleum Nigeria Limited. The Debtors' service address is: 1330 Post Oak Blvd., Suite 2250, Houston, TX 77056.

[2] All terms not defined herein shall have the meaning ascribed in the Application.

ORDERED that in accordance with §§ 327(a) and 328(a) of the Bankruptcy Code, the Trustee is authorized to retain Stout as Financial Advisor in these Chapter 7 Cases pursuant to the terms and conditions set forth in the Application;

ORDERED that Stout shall be compensated for its services and reimbursed for its actual, necessary, and reasonable expenses or other disbursements incurred in connection with such services in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of the United States Bankruptcy Court for the Southern District of Texas, the provisions of the Application, and any interim compensation procedures order approved by the Court;

ORDERED that Stout shall file applications for interim, and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code §§ 330 and 331, such Bankruptcy Rules and Local Bankruptcy Rules as may then be applicable, and any applicable orders and procedures of this Court, including the Interim Compensation Order.  For billing purposes, Stout shall keep its time in one tenth (1/10) hour increments;

ORDERED that Stout shall provide ten-business-days' notice to the Trustee, the U.S. Trustee, and any official committee before any increases in the hourly rates set forth in the Application of the Engagement Letter are implemented.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in § 330 of the Bankruptcy Code, and the Court retains the right to review and rate increase pursuant to § 330 of the Bankruptcy Code;

ORDERED that notwithstanding anything in the Application or Engagement letter to the contrary, to the extent that Stout uses the services of independent or third party contractors of

subcontractors (the "Contractors") in these cases and Stout seeks to pass through the fees and/or costs of the Contractors to the Trustee, Stout shall (i) pass through the fees of such Contractors to the Trustee at the same rate that Stout pays the Contractors; and (ii) seek reimbursement for actual costs of the Contractors only. In addition, Stout shall ensure that the Contractors perform the conflicts checks and file such disclosures as required by Bankruptcy Code and Bankruptcy Rules;

ORDERED that to the extent there is inconsistency between the terms of the Engagement Letter, the Application, the Cross Declaration and this Order, the terms of this Order shall govern; and it is further

ORDERED that the Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: August 29, 2018

_____
Marvin Isgur
United States Bankruptcy Judge

> The authorized retention in this Order expired effective as of the conversion of the case to a case under chapter 7. Any fees will be chapter 11 administrative fees.