UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 18-32106 |
| ERIN ENERGY CORPORATION, ET AL[1], ) | |
| ) | (Chapter 7) |
| Debtors. ) | (Jointly Administered) |
| ) | |

**ORDER ON EMERGENCY MOTION FOR ORDER (I) APPROVING SURCHARGE PURSUANT TO 11 U.S.C. § 506(C) AGAINST CRUDE OIL, OIL MINING LEASES, PRODUCTION SHARING CONTRACT, AND GENERAL INTANGIBLES, (II) GRANTING PRIMING LIENS ON SUCH ASSETS, AND (III) PROVIDING THAT SUCH OBLIGATIONS SHALL SURVIVE DISMISSAL**

[Relating to ECF No. ___]

The Court, having considered the *Emergency Motion for Order (I) Approving Surcharge Pursuant to 11 U.S.C. § 506(C) Against Crude Oil, Oil Mining Leases, Production Sharing Contract, and General Intangibles, (II) Granting Priming Liens on Such Assets, and (III) Providing that Such Obligations Shall Survive Dismissal* (the "Motion"),[2] any responses to the Motion, the statements of counsel, and the record in this case, and finds that: (a) it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) the relief requested in the Motion is in the best interests of the Debtor's estate, their creditors, and other parties-in-interest; (d) proper and adequate notice of the Motion has been given and no other or further notice is necessary; and (e) good and sufficient cause exists for the granting of the relief requested. Therefore, IT IS HEREBY ORDERED THAT:

---

[1] The last four digits of Erin Energy Corporation's federal tax identification number are 9798. The other Debtors in these cases are: Erin Energy Limited; Erin Energy Kenya Limited; and Erin Petroleum Nigeria Limited.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1. The Trustee, for the benefit of the chapter 7 estate of Erin Petroleum Nigeria Limited, is hereby allowed and awarded a surcharge under Bankruptcy Code § 506(c) against Zenith Bank Plc and the Zenith Collateral in the amount of $600,000.00 (the "Surcharge") though October 3, 2018, without prejudice to any future potential surcharge for any subsequent period as may be established at a hearing on the Motion.

2. Zenith shall pay the Surcharge to the Trustee no later than fourteen (14) days after entry of this Order.

3. In addition to all other rights and remedies, the Surcharge shall be a lien and encumbrance against the Zenith Collateral until paid, which lien and encumbrance shall be senior in priority to the lien of Zenith against the Zenith Collateral (and also superior in priority to any lien against the Zenith Collateral that is junior to Zenith's lien), but which lien shall be *pari passu* to any lien of Bumi, and which Surcharge and related lien and encumbrance shall bear interest at the rate of five percent (5%) per annum until paid in full.

4. This order shall constitute a perfected lien against the Zenith Collateral to secure the Surcharge, and the Trustee may record or file such other document or instrument as may be advisable to evidence the perfected lien;

5. The Surcharge, the related lien, and other provisions of this Order shall survive the dismissal of Erin Petroleum Nigeria's bankruptcy case unless the order dismissing the case expressly provides otherwise.

6. The Court shall retain jurisdiction to the maximum extent under applicable law to interpret and enforce this Order.

Dated: _____, 2018

_____
**UNITED STATES BANKRUPTCY JUDGE**