

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
10/18/2018

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 7** |
| | § | |
| **ERIN ENERGY CORPORATION,** *et al.*, | § | **Case No. 18-32106** |
| | § | |
| | § | **(Jointly Administered)** |
| **Debtors**[1] | § | |
| | § | |

**ORDER (I) APPROVING ABANDONMENT OF PROPERTY AND
(II) LIFTING THE AUTOMATIC STAY ON SUCH ABANDONED PROPERTY**

On this day the Court considered the *Notice of Trustee's Proposed Abandonment of Property* Docket No. 468 (the "Abandonment Notice") filed by the Trustee[2] in EPNL's Chapter 7 Case seeking to abandon the Abandoned Property. Upon consideration of the Abandonment Notice; and the Trustee having filed and properly served the Abandonment Notice; and having found that proper notice under the circumstances has been provided; and no objection to the Abandonment Notice having been made; this Court having jurisdiction over the Abandonment Notice and the relief requested therein; and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. Pursuant to section 554 of the Bankruptcy Code, the Trustee is authorized to and hereby does abandon any and all interests, if any, of the Estate in the Abandoned Property.

2. Notwithstanding anything to the contrary, the automatic stay provided in section 362 of the Bankruptcy Code, to the extent applicable, is hereby modified, lifted and/or otherwise

---

[1] The debtors in these chapter 7 cases (the "Chapter 7 Cases"), for which joint administration has been granted, include: Erin Energy Corporation ("ERN"), Erin Energy Limited ("EEL"); Erin Energy Kenya Limited ("EEKL"); and Erin Petroleum Nigeria Limited ("EPNL," together with ERN, EEL, and EEKL, the "Debtors"). The Debtors' service address is Ronald J. Sommers, Nathan Sommers Jacobs, 2800 Post Oak Blvd., #6100, Houston, TX 77056.

[2] Unless otherwise indicated, capitalized terms used, but not defined herein have the meaning ascribed to them in the Abandonment Notice.

1

4812-9801-3048 v.13

terminated to allow Zenith Bank Plc. ("Zenith") to exercise all remedies, if any, against or in respect of the Abandoned Property, including without limitation to (a) appoint a receiver/manager (the "Receiver/Manager") to the extent provided under applicable law pursuant to its powers under the Deed of Legal Charge, dated May 14, 2015, and Deed of All Assets Debenture, dated November 25, 2014, the instrument appointing the Receiver/Manager, and applicable Nigerian Law, as provided for under the loan documents between Zenith and EPNL and Zenith, EPNL, and Allied Energy Plc (the "Zenith Loan Documents"), and (b) take any other steps as may be required by relevant legislations, regulations, and universal best practices necessary to effectuate the appointment of the Receiver/Manager. Nothing in this Order shall be interpreted to limit the Receiver/Manager's authority or power over any entity for which the Receiver/Manager is appointed; however, Zenith shall irrevocably instruct any Receiver/Manager that is appointed that the Receiver/Manager must not exercise any control or dominion over any asset that is not Abandoned Property.

3. When the Receiver/Manager sells the Crude Oil, pursuant to applicable Nigerian law, which shall in no way prejudice the rights of any of the Parties[3] in accordance with paragraph six (6) below, all of the proceeds (the "Proceeds") from any disposition shall be distributed to Zenith as an escrow agent and not in its capacity as creditor or lender (the "Escrow Agent"). Pursuant to this Order, except as otherwise provided herein, within three (3) business days of receipt of the Proceeds, Zenith shall carve-out from the Proceeds certain distributions as detailed in this Order in complete satisfaction of all claims and causes of action that any of the Parties (as defined herein) have against the Crude Oil and the Proceeds. The Escrow Agent shall distribute the Proceeds as follows:

---

[3] Any reference to the "Parties" shall mean collectively Bumi, Zenith, NAE, PIC, and the Trustee as such terms are defined herein.

4812-9801-3048 v.13

a. First, to the Department of Petroleum Resources in Nigeria, 12.5% of the total Proceeds (the "DPR Allocation");

b. Second, into an interest-bearing escrow account maintained by the Escrow Agent, 2.5% of the total Proceeds in a segregated escrow account for CAMAC International (Nigeria) Limited ("CINL");

c. Third, to the Trustee, in an amount not to exceed $600,000.00, which shall include (1) costs and expenses of the Trustee, (2) the costs and expenses of counsel to the Trustee, (3) the costs and expenses of the financial advisors to the Trustee, and (4) reimbursement of insurance payments made by the Trustee (the "Trustee Allocation"); *provided that* prior to payment of the Trustee Allocation, the Trustee shall seek approval of such fees, costs, and expenses from the Court upon notice to all parties-in-interest in accordance with the provisions of section 330(a) of the Bankruptcy Code, or submit a request for reimbursement for expenses paid by the Trustee; *provided further that* any amounts not approved by the Court shall be returned by the Trustee to the Escrow Agent and subsequently distributed with the Distributable Amount;

d. Fourth, to the expenses that may be incurred in connection with the Sale (the "Cost of Sale"), in an amount up to $750,000.00 (the "Cost of Sale Allocation"); *provided, however*, that in the event the Cost of Sale is less than $750,000.00, the Cost of Sale Allocation shall be reduced by the difference between $750,000.00 and the Cost of Sale (the "Unused Cost of Sale Allocation") and the Unused Cost of Sale Allocation shall instead be distributed to the Restart Escrow;

e. Fifth, into an interest-bearing escrow account (the "Restart Escrow") maintained by the Escrow Agent, located in Lagos, Nigeria, in an amount equal to $4,000,000.00 of the total Proceeds, plus the amount of the Unused Cost of Sale Allocation (the "Restart Escrow Allocation");

f. Sixth, to Armada Oyo Limited ("Armada") and Bumi Armada (Singapore) Pte. Ltd., ("BASPL," and together with Armada, "Bumi," in the amount of $8,500,000.00 of the total Proceeds (such sum, the "Bumi Allocation"; the DPR Allocation, the CINL Allocation, the Trustee Allocation, the Cost of Sale Allocation, the Restart Escrow Allocation, and the Bumi Allocation shall be collectively referred to herein as the "Fixed Allocation"); *provided that* the Bumi Allocation shall first be applied to reduce any adequate protection payments due to Bumi from the Chapter 7 estate of EPNL until paid in full, and, then second applied to reduce any adequate protection payment due Bumi from the Chapter 11 estate of EPNL;

3

    g.    Seventh, of the Proceeds remaining after disbursements of the Fixed Allocation (the "Distributable Amount"), 42.53% (the "NAE Allocation") shall be distributed to Nigerian Agip Exploration Limited ("NAE"); and

    h.    Eighth, 57.47% of the Distributable Amount shall be distributed to Zenith (the "Zenith Allocation").

4. In the event the Crude Oil is not sold on or before November 30, 2018, unless otherwise agreed upon by the Parties, the amount in the Restart Escrow Allocation shall be distributed on a *pro rata* ratio determined from the respective allocations received by Bumi, Zenith, and NAE under this Order. The Parties shall cooperate in good faith and take all steps reasonably required to cause the Crude Oil to be sold as expeditiously as possible prior to November 30, 2018.

5. Notwithstanding anything to the contrary in this Order, nothing in this Order shall release acquit and/or discharge: (i) any administrative claim under the Bankruptcy Code Bumi may have against the Debtors' chapter 11 bankruptcy estates related to the storage of the Crude Oil on the FPSO; (ii) the rights and claims of the Mauritius Commercial Bank ("MCB") relating to its loan agreements with the Debtors and its intercreditor agreements with Zenith, and the rights and claims of Public Investment Corporation Soc. Ltd., wholly owned by the South African Government ("PIC") as assignee of MCB; (iii) the rights and claims of Zenith relating to its loan agreements with the Debtors and its intercreditor agreements with MCB, and the rights and claims of PIC as assignee of MCB; (iv) any rights or claims of NAE against the Trustee or the Debtors; or (v) any rights or claims of the Trustee against any of the foregoing Parties.

6. For the avoidance of doubt, nothing in this Order, including, without limitation, the appointment of a receiver over EPNL or of any of the other Debtors, shall be construed as a determination in any court of what interest, if any, EPNL or any of the Debtors' estates has in respect of the Abandoned Property or the validity, extent, or priority of any claims to, or security

interests in respect of, the Abandoned Property. All of the Parties' rights regarding the foregoing are preserved.

7. The Court hereby reserves its jurisdiction to interpret and enforce this Order. Notwithstanding anything to the contrary in this Order, if the Crude Oil is not sold on or before November 30, 2018, the Court shall retain jurisdiction to determine, consistent with the Court's ordered adequate protection lien [*see* Docket No. 312], the amount of costs and expenses incurred by Bumi from December 1, 2018 until the date that the Crude Oil is offloaded, which amounts, to the extent awarded, shall be charged against the Proceeds and added to the Bumi Allocation, but in no event shall Bumi have any remaining adequate protection claims against the Debtors' Chapter 7 estates.

8. This Order shall be binding, regardless of the dismissal, withdrawal, consolidation, conversion or re-filing of these cases.

9. This Order is effective immediately upon entry.

DATED: October 18, 2018.

_____
THE HONORABLE MARVIN ISGUR
UNITED STATES BANKRUPTCY JUDGE

AS AGREED TO IN FORM AND
SUBSTANCE BY:

*/s/ Charles A. Beckham, Jr.*
Charles A. Beckham, Jr., Partner
**Counsel for Zenith Bank Plc.**
Texas State Bar No. 02016600
1221 McKinney Street, Suite 2100
Houston, TX 77010
Telephone: 713.547.2000
Facsimile: 713.547.2600
Email: charles.beckham@haynesboone.com

*/s/ Kyung S. Lee*
Kyung S. Lee, Partner
**Counsel for Chapter 7 Trustee**
Texas State Bar No. 12128400
Kasowitz Benson Torres LLP
1415 Louisiana Street, Suite 2100
Houston, Texas 77002
Telephone: 713.220.8851
Facsimile: 713.583.8765
Email: klee@kasowitz.com

4812-9801-3048 v.13

*/s/ Kevin Lippman*
Kevin Lippman, Shareholder
**Counsel for Armada Oyo Limited and Bumi Armada (Singapore) Pte. Ltd.**
Texas State Bar No. 00784479
Munsch Hardt Kopf & Harr, P.C.
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: 214.855.7500
Facsimile:  214.855.7584
Email: klippman@munsch.com


*/s/ Ronald J. Silverman*
Ronald J. Silverman, Partner
**Counsel for Nigerian Agip Exploration Limited**
(*admitted pro hac vice*)
New York State Bar No. 3946944
Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
Telephone:  212.918.3000
Facsimile:  212.918.3100
Email: ronald.silverman@hoganlovells.com

*/s/ Bradley R. Foxman*
Bradley R. Foxman, Counsel
**Counsel for Public Investment Corporation Soc. Ltd.**
Texas State Bar No. 24065243
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Telephone: 214.220.7700
Email: bfoxman@velaw.com


*/s/ Ken Coleman*
Ken Coleman, Partner
**Counsel for Public Investment Corporation Soc. Ltd.**
(*pro hac vice*)
New York State Bar No. 1775139
1221 Avenue of the Americas
New York, New York 10020
Telephone: 212.610.6300
Facsimile:  212.610.6399
Email: ken.coleman@allenovery.com