IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| ERIN ENERGY CORPORATION, et al., | § | |
| | § | Case No: 18-32106 |
| Debtors[1] | § | |
| | § | |
| | § | (Jointly Administered) |
| | § | |
| | § | |

**TRUSTEE'S APPLICATION FOR AUTHORIZATION TO EMPLOY GRANT & EISENHOFER P.A., FRIEDMAN OSTER & TEJTEL PLLC, AND ANDREWS & SPRINGER LLC AS SPECIAL LITIGATION COUNSEL**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

[1] The debtors in these Chapter 7 cases (the "Chapter 7 Cases"), for which joint administration has been granted, include: Erin Energy Corporation ("ERN"), Erin Energy Limited ("EEL"); Erin Energy Kenya Limited ("EEKL"); and Erin Petroleum Nigeria Limited ("EPNL," and with ERN, EEL, EEKL and EPNL, the "Debtors"). The Debtors' service address is: Ronald J. Sommers, Nathan Sommers Jacobs, 2800 Post Oak Blvd., Suite 6100, Houston, TX 77056.

TO THE HONORABLE MARVIN ISGUR,
UNITED STATES BANKRUPTCY JUDGE:

Comes now Ronald J. Sommers (the "Trustee"), Chapter 7 Trustee for ERN, and files this Trustee's Application for Authorization to Employ Grant & Eisenhofer, P.A. ("G&E"), Friedman Oster & Tejtel PLLC ("FOT") and Andrews & Springer LLC ("A&S", and together with G&E and FOT, "Contingency Counsel") as Special Litigation Counsel (the "Application") pursuant to the terms of the engagement letter by and between the Trustee and Contingency Counsel dated May 20, 2019 (the "Engagement Letter") attached hereto as Exhibit A. In support of the Application, the Trustee respectfully represents:

## I. JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(w)(A). Venue is proper in this Court pursuant to 28 U.S.C. § 1408. This Court has constitutional authority to enter a final order regarding this matter because employment of professional persons by a bankruptcy estate has no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall*, 564 U.S. 462 (2011) inapplicable to this matter.

2. The statutory bases for the relief sought are 11 U.S.C. §§ 327(a), 327(e), 328(a), and 704(a), Bankruptcy Rule 2014, and Bankruptcy Local Rule 2014-1.

## II. PROCEDURAL AND FACTUAL BACKGROUND[2]

3. On April 25, 2018 (the "Petition Date"), ERN and three of its subsidiaries (collectively previously defined as the "Debtors") filed voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code, U.S.C. § 101, *et seq*. (the "Bankruptcy Code").

[2] The Trustee incorporates by reference the factual summation set forth in Lenois's Motion for Relief from the Automatic Stay (ECF 532).

4. On July 13, 2018, this Court converted the Debtors' Chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code. The Trustee was appointed to serve as Chapter 7 trustee for all of the Debtors' bankruptcy estates, including the estate of ERN (the "ERN Estate").

5. Based on the Trustee's initial analysis of ERN's case, there are potential assets that may be administered for the benefit of ERN's unsecured creditors. As part of administering those potential assets, the Trustee requires special litigation counsel to assist and represent him in *Lenois v. Lawal, et al.*, Del. Ch. No. 11963-VCMR / Del. No. 482, 2017 (the "Action") against certain former directors and officers of ERN for breach of fiduciary duties and other claims. Contingency Counsel intend to provide legal counsel to the Trustee on behalf of the ERN Estate.

6. In 2016, Lenois filed the Action as a derivative action with the Court of Chancery of the State of Delaware (the "Court of Chancery"). The Action challenged two integrated transactions (the "Transactions") that funneled hundreds of millions of dollars of value from ERN to Kase Lukman Lawal ("Lawal"), ERN's founder, controlling stockholder and then-chief executive officer and chairman of the ERN board. Despite finding that Lenois's Complaint in the Action stated a claim of bad faith against Lawal, the Court of Chancery dismissed the Action on demand futility grounds. Lenois appealed that decision to the Supreme Court of Delaware (the "Appeal"). When ERN filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, the Appeal was fully briefed and oral argument was imminent. On April 27, 2018, the Supreme Court of Delaware entered a stay of the proceedings in accordance with Bankruptcy Code Section 362(a) (the "Automatic Stay"). The Action remains stayed pursuant to that order.

7. As set forth more fully in Lenois's Motion for Relief From the Automatic Stay (ECF 532), the proceedings in ERN's bankruptcy case have revealed facts that, if known by the Court of Chancery, likely would have changed its demand futility determination, and which thus

present a strong basis for Lenois to move to vacate the Court of Chancery's dismissal of the Action. The Trustee believes that he should retain Contingency Counsel and substitute himself as the plaintiff in the Action, to present this new evidence to the Court of Chancery, to move to vacate its judgment dismissing the Action, and to prosecute the Action to its conclusion.

8. The Action constitutes a substantial asset of the ERN Estate. ERN's bankruptcy was precipitated by the seizure of certain oil assets in the Oyo Field, off the coast of Nigeria (the "Assets"). The Action seeks to recover for the ERN Estate damages caused to ERN as a result of ERN's acquisition of the Assets from Lawal and entities owned and controlled by him (previously defined as the "Transactions"). The Action, therefore, seeks to recover damages arising from breaches of fiduciary duty that imposed substantial harm on ERN and ultimately resulted in ERN's financial collapse.

## III. RELIEF REQUESTED

9. The Trustee seeks approval to employ Contingency Counsel as special litigation counsel, pursuant to 11 U.S.C. §§ 327 and 328, on a contingent fee basis for the purpose of pursuing the claims of the ERN Estate in the Action. The contact information for the special litigation counsel is:

GRANT & EISENHOFER P.A.
Michael J. Barry
123 Justison Street
Wilmington, DE 19801
Tel: (302) 622-7000
Email: mbarry@gelaw.com

FRIEDMAN OSTER & TEJTEL PLLC
Jeremy Friedman
Spencer Oster
David Tejtel
493 Bedford Center Road, Suite 2D
Bedford Hills, NY 10507
Tel: (888) 529-1108
Email: jfriedman@fotpllc.com

        soster@fotpllc.com
dtejtel@fotpllc.com

ANDREWS & SPRINGER LLC
Peter B. Andrews
Craig J. Springer
3801 Kennett Pike, Bldg C, Ste 305
Wilmington, DE 19807
Tel: (302) 504-4957
Email: pandrews@andrewsspringer.com
cspringer@andrewsspringer.com

**a. Qualifications of Contingency Counsel**

10. The Trustee has selected Contingency Counsel because of, *inter alia*, their extensive experience litigating the Action prior to the Petition Date. The Trustee believes that Contingency Counsel are well-qualified and uniquely able to represent him and the ERN Estate in the most efficient and effective manner. The Trustee has also selected Contingency Counsel because Contingency Counsel have stated a desire and willingness to perform the necessary professional services for the Trustee.

**b. Disinterestedness of Contingency Counsel**

11. The Trustee is informed and believes that Contingency Counsel are "disinterested persons," as that term is defined in 11 U.S.C. § 101(14). The Trustee is informed and believes that the partners, attorneys and other professionals at Contingency Counsel do not hold any interest adverse to ERN or the ERN Estate with respect to the matter on which Contingency Counsel is proposed to be employed, and do not have any connections with the Debtors, their creditors, or other significant parties-in-interest, or their respective attorneys and accountants, other than as disclosed in the declarations of Michael J. Barry, David F.E. Tejtel and Craig J. Springer (collectively, the "Declarations"), attached hereto as **Exhibits B, C,** and **D**, respectively, and which are incorporated herein by reference for all purposes.

12. The Trustee has been informed that Contingency Counsel will conduct an ongoing review of their files to ensure that no disqualifying circumstances arise. If any new relevant facts or relationships are discovered, Contingency Counsel will supplement their disclosure to the Court. Based on the Declarations, the Trustee believes that Contingency Counsel are in compliance with the requirements of 11 U.S.C. § 327(a) and Bankruptcy Rule 2014.

13. Even if Contingency Counsel were not "disinterested persons" under the Bankruptcy Code, the Trustee believes that employment of Contingency Counsel would be permitted under 11 U.S.C. § 327(e). As specified herein, Contingency Counsel are being retained for a specified special purpose, the employment of Contingency Counsel is in the best interests of the ERN Estate, and Contingency Counsel do not have any interest adverse to ERN or the ERN Estate with respect to the matter on which the special counsel is to be employed. Moreover, while Contingency Counsel have not previously represented ERN prior to the Petition Date, Contingency Counsel have pursued the Action prior to the Petition Date, which Action sought to pursue, on a derivative basis, causes of action on behalf of ERN.

**c. Services to Be Rendered by Contingency Counsel**

14. Subject to the order of this Court, it is proposed that Contingency Counsel be employed to perform all necessary legal services in pursuing the claims of the ERN Estate against the defendants in the Action. Specifically, Contingency Counsel will prosecute appropriate litigation in the Action through a final judgment or settlement of claims, including any appeals.

**d. Compensation of Contingency Counsel**

15. Section 328 of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including . . . on a contingent fee basis." 11 U.S.C. § 328(a). The compensation to be paid to Contingency Counsel in connection with the proposed retention is as follows:

Contingency Counsel will be paid a fee based on a percentage of any recovery or benefit conferred on the ERN Estate, subject to Bankruptcy Court approval, plus be reimbursed for out-of-pocket expenses (at cost) which will be advanced by Contingency Counsel, according to the following schedule:

| **Amount of Recovery to the ERN Estate (after reimbursement of Contingency Counsel's expenses)** | **Aggregate Fee Percentage to Contingency Counsel** |
|---|---|
| First $30 million | **30%** |
| Second $30 million | **27%** |
| Third $30 million | **24%** |
| Anything in excess of $90 million | **21%** |

16. Contingency Counsel's expenses incurred after the date of Trustee's Engagement Letter with Contingency Counsel shall be payable subject to Bankruptcy Court approval under 11 U.S.C. § 330(a)(1)(B). Contingency Counsel's expenses incurred before the date of Trustee's Engagement Letter with Contingency Counsel total $48,579.77 and shall be payable subject to Bankruptcy Court approval under 11 U.S.C. § 328(a).

17. The Trustee submits that this arrangement regarding Contingency Counsel's professional fees and expenses is reasonable and customary in representing a client in a dispute of this nature.

18. Contingency Counsel intend to apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, including but not limited to 11 U.S.C. §§ 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules for the Southern District of Texas (the "Local Rules"), the guidelines established by the United States Trustee for the Southern District of Texas , and any orders of this Court in these Chapter 7 Cases (the "Orders"), for all services performed and expenses incurred during its representation of the Trustee.

**e. Potential Compensation For Mr. Lenois**

19. If Contingency Counsel's pursuit of the Action results in any recovery or benefit conferred on the ERN Estate, Contingency Counsel intends to apply for Court authorization to pay an incentive award of up to $5,000 to Mr. Lenois, paid out of any contingency fee due to Contingency Counsel under the Agreement, and not from assets otherwise available to the ERN Estate.

## IV. CONCLUSION

20. WHEREFORE, the Trustee respectfully requests that he be authorized to employ and appoint Contingency Counsel to represent him in the Action, and further requests such additional relief to which he may be entitled.

Date: May 30, 2019

*By:* ______________________

Ronald J. Sommers
Texas Bar No. 18842500
rsommers@nathansommers.com
2800 Post Oak Blvd., 61st Floor
Houston, TX 77056-5705
Tel: (713) 960-0303

CHAPTER 7 TRUSTEE

**CERTIFICATION OF SERVICE**

I certify that on May 31, 2019, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas and by first class mail, postage prepaid, on the parties listed on the attached service list.

By: */s/ Kyung S. Lee*

**ERIN ENERGY - MAILING SERVICE LIST**

**United States Trustee:**

Attn: Christine March
Office of the U.S. Trustee
515 Rusk, Suite 3516
Houston, TX 77002

**20 Largest Unsecured Creditors of each Debtor (Domestic):**

Baker Botts, LLP
910 Louisiana Street
Suite 3000
Houston, TX 77002

Norton Rose Fulbright US, LLP
98 San Jacinto Boulevard
Suite 1100
Austin, TX 78701-4255

NYSE
5660 New Northside Dr. NW
3rd Floor
Atlanta, GA 3328

Jackson Walker, LLP
2323 Ross Avenue
Suite 600
Dallas, TX 75201

P2ES Holdings LLC
1670 Broadway
Suite 2800
Denver, CO 80202

Travel & More
7011 Harwin Drive
Suite 185
Houston, TX 77036

Pannell Kerr Forster of Texas, PC
5847 San Felipe
Suite 2600
Houston, TX 77057-3000

Earl W. McNiel Consultant
1606 Cambridge Oaks Circle
Houston, TX 77094

The Loev Law Firm, PC
6300 West Loop South
Suite 280
Bellaire, TX 77401

Workiva, Inc.
2900 University Blvd.
Ames, IA 50010

Broadridge ICS
300 Executive Drive
Edgewood, NY 11717

John Michael Stinson
6509 Edloe
Houston, TX 77055

Mindshift Technologies Inc.
500 Commack Road
Suite 140
Commack, NY 11725

Looper Goodwine, PC
1300 Post Oak Blvd.
Suite 2400
Houston, TX 77489

Ipreo Data, Inc.
1359 Broadway
2nd Floor
New York, NY 10018

Transocean/Indigo
4 Greenway Plaza
Houston, TX 77046

Schlumberger
10101 Woodloch Forest Drive
The Woodlands, TX 77380

Pacific Bora Limited
Pacific International Drilling
1170 Katy Freeway
Suite 175
Houston, TX 77079

**20 Largest Unsecured Creditors of Each Debtor (International):**

Natural Resources Global Capital
Partners
29 Farm Street
London England
UNITED KINGDOM W1J 5RL

Dudu Hlatshwayo
127 Greyvill Street
Kyalami Estates Midrand
SOUTH AFRICA

Canaccord Genuity Limited
88 Wood Street
London England
UNITED KINGDOM EC2V7QR

Johannesburg Stock Exchange
Private Bag X991174
Sandton, 2146
SOUTH AFRICA

Renmark Financial
Communications, Inc.
1050-3400 De Maisonneuve
West
Montreal Quebec
CANADA H3Z 3B8

BGP Kenya Limited
Kalamu House 3rd Floor
Brookside Drive
PO Box 48272-00100
Nairobi
KENYA

Ministry of Energy Training Fund
23rd Floor, Nyayo House
Kenyatta Avenue
KENYA

Gina Din Kariuki
PO Box 42518
Nairobi
KENYA

Arora Properties Limited
Lion PL Waiyaki Way
Westlands
Nairobi
NIGERIA

Kenya Oil & Gas Association
PO Box 856-00606
Nairobi
KENYA

GE/Pressure Controls SystemsNigeria Ltd.
Mansard Place, Plot 927-928
Bishop Aboyade Close Street
Victoria Island
Lagos
NIGERIA

Petromarine Nigeria Limited
2-4 Morsley Road
Off Gerard Road
Ikoyi
Lagos
NIGERIA

Halliburton Operations Nigeria
Plot 90 Ajose Adeogun Street
Victoria Island
Lagos
NIGERIA

Schiste Oil & Gas Limited
1 Justice Rose Ukeje Street
Off Adeshola Akinnifesti Street
Lekki Scheme 1
Lagos
NIGERIA

Court Helicopters Nigeria Ltd.
Plot 1649 Olosa Street
Victoria Island
Lagos
NIGERIA

T1 Marine Services Limited
3rd Fl, Aqua Towers Complex
Plot 12A AJ Marinjo Drive
Off Sinari Daranijo St.
Victoria Island
Lagos
NIGERIA

Tilone Subsea Limited
c/o Uche T.K. Alaoma & Co.
13 Igbokwe Street, D/Line
Port Harcourt
NIGERIA

Crossbow Oilfield Industries &
Services
7 Shakiru Anjorin St.
Off Admiralty Road
Lekki Phase 1
Lagos
NIGERIA

JDR Cable Systems Limited
Attn: Alistair Mackie
Littleport Innovation Park
177 Wisbech
Littleport Cambridgeshire
UNITED KINGDOM CB6 1RA

Multiplan Nigeria Limited
7 Rumuogba Estate Road
Port Harcourt
Lagos
NIGERIA

Oceaneering Services Nigeria
Eleganza Estate, KM 20
Lekke Epe Express
2nd Tollgate After Chevron Junction
Lekki
Lagos
NIGERIA

Frank's International WA (BVI)
Jebel Ali South Zone
PO Box 12388
Dubai
UAE

Intels Nigeria Limited
Onne Oil & Gas Free Zone
Onne
NIGERIA

AOS Orwell Limited
2nd Floor, Lateef Jakande House
3/5 Adeyemo Alakija St.
Victoria Island
Lagos
NIGERIA

**Parties Requesting Notice without Email:**

Louis Jerome Stanley
Henchy Verbois & Hackenberg
7904 Wrenwood Blvd, Suite C
Baton Rouge, LA 70809