IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 7 |
| ERIN ENERGY CORPORATION, et al., | § | |
| | § | Case No: 18-32106 |
| Debtors[1] | § | |
| | § | |
| | § | (Jointly Administered) |
| | § | |
| | § | |

**ORDER GRANTING TRUSTEE'S APPLICATION FOR AUTHORIZATION TO EMPLOY GRANT & EISENHOFER P.A., FRIEDMAN OSTER & TEJTEL PLLC, AND ANDREWS & SPRINGER LLC AS SPECIAL LITIGATION COUNSEL**

CAME ON FOR HEARING the Trustee's Application for Authorization to Employ Grant & Eisenhofer, P.A. ("G&E"), Friedman Oster & Tejtel PLLC ("FOT") and Andrews & Springer LLC ("A&S", and together with G&E and FOT, "Contingency Counsel") as Special Litigation Counsel (the "Application") (ECF 582) pursuant to 11 U.S.C. §§ 327(a), 327(e) and 328(a), as set forth in the Application and all exhibits and attachments to the Application, including the Initial Declarations of Michael J. Barry, David F.E. Tejtel and Craig J. Springer attached thereto (the "Initial Declarations") (ECF 582-2 through 582-4, Ex. B, C, & D), and the Supplemental Declarations of Michael J. Barry, David F.E. Tejtel and Craig J. Springer attached thereto (collectively, the "Supplemental Declarations," and with the Initial Declarations, the "Declarations");

---

[1] The debtors in these Chapter 7 cases (the "Chapter 7 Cases"), for which joint administration has been granted, include: Erin Energy Corporation ("ERN"), Erin Energy Limited ("EEL"); Erin Energy Kenya Limited ("EEKL"); and Erin Petroleum Nigeria Limited ("EPNL," and with ERN, EEL, EEKL and EPNL, the "Debtors"). The Debtors' service address is: Ronald J. Sommers, Nathan Sommers Jacobs, 2800 Post Oak Blvd., Suite 6100, Houston, TX 77056.

1

Upon consideration of the Court's finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iii) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the Application and the Declarations are in full compliance with all applicable provisions of the Bankruptcy Code, Bankruptcy Rules, Local Rules, and Orders and procedures of this Court; (v) Contingency Counsel do not represent or hold an interest adverse to ERN, or any of the other debtors in these jointly administered Chapter 7 cases or the estate of ERN (the "ERN Estate"), with regard to the matters on which they are to be employed, and are "disinterested persons" within the meaning of that term under § 101(14) of the Bankruptcy Code; (vi) Contingency Counsel are qualified to represent the Debtors' estates under 11 U.S.C. §§ 327(a) and 327(e); (vii) the terms of Contingency Counsel's employment have been disclosed and are reasonable under the circumstances; (viii) proper and adequate notice of the Application, the deadline to file any objections to the Application, and the hearing thereon was given, and no other or further notice is necessary; (ix) the legal and factual bases set forth in the Application establish just cause for the relief granted herein; (x) the relief sought in the Application is in the best interests of the Debtors and their estates; (xi) any timely objection to the Application having been withdrawn or overruled for the reasons stated on the record at the hearing; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED that the Application is granted; and it is further

ORDERED, ADJUDGED, AND DECREED that Ronald J. Sommers, Chapter 7 Trustee of the ERN Estate (the "Trustee"), is hereby authorized to employ Contingency Counsel as special counsel pursuant to 11 U.S.C. §§ 327(a), 327(e) and 328(a), as of the date hereof, to represent the ERN Estate and to prosecute the action pending in Court of Chancery of the State of Delaware and

captioned *Lenois v. Lawal, et al.*, Del. Ch. No. 11963-VCMR / Del. No. 482, 2017 (the "Action") on behalf of the Trustee and the ERN Estate, under the terms and conditions set forth in the Application and the Engagement Letter attached to the Application as **Exhibit A**; and it is further

ORDERED, ADJUDGED, AND DECREED that the employment of Contingency Counsel is approved on the terms set forth in the Application pursuant to 11 U.S.C. § 328(a). Contingency Counsel is authorized to apply for a contingent fee as follows:

> Contingency Counsel will be paid a fee based on a percentage of any recovery or benefit conferred on the ERN Estate, subject to Bankruptcy Court approval, plus be reimbursed for out-of-pocket expenses (at cost) which will be advanced by Contingency Counsel, according to the following schedule:

| Amount of Recovery to the ERN Estate (after reimbursement of Contingency Counsel's expenses) | Aggregate Fee Percentage to Contingency Counsel |
|---|---|
| First $30 million | **30%** |
| Second $30 million | **27%** |
| Third $30 million | **24%** |
| Anything in excess of $90 million | **21%** |

ORDERED, ADJUDGED, AND DECREED that Contingency Counsel's expenses incurred after the date of Trustee's Engagement Letter with Contingency Counsel shall be payable subject to Bankruptcy Court approval under 11 U.S.C. § 330(a)(1)(B). Contingency Counsel's expenses incurred before the date of Trustee's Engagement Letter with Contingency Counsel total $48,579.77 and shall be payable subject to Bankruptcy Court approval under 11 U.S.C. § 328(a); and it is further

ORDERED, ADJUDGED, AND DECREED if Contingency Counsel's pursuit of the Action results in any recovery or benefit conferred on the ERN Estate, Contingency Counsel intends to apply for Court authorization to pay an incentive award of up to $5,000 to Mr. Lenois, paid out of any contingency fee due to Contingency Counsel under the Agreement, and not from assets otherwise available to the ERN Estate; and it is further

ORDERED, ADJUDGED, AND DECREED that Contingency Counsel shall advance all costs and expenses related to its representation of the Trustee; and it is further

ORDERED, ADJUDGED, AND DECREED that except for any contingent fee and reimbursement of expenses that may be awarded by the Court to Contingency Counsel, which award and resulting administrative claim shall have priority over the Super-Priority Claim, as defined and provided for in paragraph 7 of the Interim Order (I) Authorizing Debtors to Obtain Postpetition Secured Financing; and (II) Modifying the Automatic Stay [ECF 247] ("DIP Order"), nothing in this Order, the Application, or the Engagement Letter between Contingency Counsel and the Trustee dated June __, 2019, shall amend, alter, modify, or otherwise supersede any of the terms of or protections granted to Greg Holcombe ("DIP Lender") in the DIP Order, including but not limited to those related to the Super-Priority Claim and the DIP Liens as defined and granted in paragraph 6 of the DIP Order; and it is further

ORDERED, ADJUDGED, AND DECREED that the employment of Contingency Counsel is hereby approved.

SIGNED this ____ day of _____, 2019.

_____
Marvin Isgur
United States Bankruptcy Judge