**THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § § § | Chapter 7 |
| **ERIN ENERGY CORPORATION**, *et al.*, | § § | Case No. 18-32106 |
|  | § § | (Jointly Administered) |
| Debtors.[1] | § § | |

**MOTION TO APPROVE COMPROMISE BETWEEN**
**THE TRUSTEE AND PUBLIC INVESTMENT CORPORATION SOC. LTD.**
**PURSUANT TO BANKRUPTCY RULE 9019**

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

Ronald J. Sommers, as chapter 7 trustee of the Debtors (the **Trustee**), respectfully files this motion (this **Motion**) for the approval of a compromise with the Public Investment Corporation Soc. Ltd. (**PIC**).

In support thereof, the Trustee respectfully states as follows:

## JURISDICTION

1.      The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core

---

[1]      The last four digits of Erin Energy Corporation's (**ERN**) federal tax identification number are 9798. The other Debtors in these cases are: Erin Energy Limited (**EEL**); Erin Energy Kenya Limited (**EEKL**); and Erin Petroleum Nigeria Limited (**EPNL** and, together with ERN, EEL, and EEKL, the **Debtors**).

proceeding under 28 U.S.C. § 157(b)(2). The bases for the relief requested are section 363(b) of title 11 of the United States Code (the **Bankruptcy Code**) and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the **Bankruptcy Rules**).

## BACKGROUND

I.        **The MCB Facility and the Stay Relief Motion**

2.        PIC is (i) a shareholder of ERN, (ii) a party to a Financing Support Agreement dated February 6, 2017 between ERN and PIC, and (iii) the assignee of the secured claims of Mauritius Commercial Bank Ltd. (**MCB**) in respect of certain loans advanced by MCB to EPNL and guaranteed by ERN under a Pre-Export Finance Facility Agreement concluded on February 6, 2017 (the **MCB Facility**).

3.        PIC's collateral in relation to the MCB Facility includes, among other things, approximately $9.4 million on deposit in a debt service reserve account maintained by EPNL with MCB (the **DSRA**).

4.        On April 25, 2018, the Debtors commenced cases under chapter 11 of the Bankruptcy Code. On July 13, 2018, the Court converted the chapter 11 cases to cases under chapter 7 of the Bankruptcy Code and the Trustee was appointed.

5.        On October 19, 2018, PIC filed proofs of claim against ERN and EPNL asserting claims under the MCB Facility in the amount of $68,602,273.37. Such proofs of claims have respectively been assigned Claim Nos. 46 and 28 on the claims registers of ERN and EPNL. To date, no party has objected to the proofs of claim or challenged the validity of PIC's security over the DSRA.

6.        On October 28, 2019, PIC filed a motion seeking relief from the automatic stay as to the DSRA so that PIC may enforce its security over the DSRA and apply the balance thereof in partial payment of its outstanding claims under the MCB Facility [Dkt. No. 610] (the

**Stay Relief Motion**). On November 15, 2019, the Trustee filed an answer opposing the relief sought in the Stay Relief Motion [Dkt. No. 613] (the **Stay Relief Objection**).

## II.    The New York Litigation

7.    On January 17, 2018, ERN and EPNL filed an action against PIC in the U.S. District Court for the Southern District of New York, alleging claims of tortious interference with contract and conspiracy. *Erin Energy Corporation et al v. Public Investment Corporation SOC Ltd*, Case No. 1:18-cv-00435-DLC (S.D.N.Y. 2018). Shortly thereafter, the assigned judge *sua sponte* issued an Order to Show Cause why the action should not be dismissed for lack of subject matter jurisdiction *Id*. at Dkt. No. 4. On January 26, 2018, ERN and EPNL's counsel wrote the federal court acknowledging that the filing was wholly deficient and that the federal court did not have subject matter jurisdiction over the dispute. *Id*. at Dkt. No. 6. The federal court signed an order dismissing the case that day. *Id*. at Dkt. No. 8.

8.    On January 26, 2018, ERN and EPNL filed a similar action against PIC in New York State Supreme Court. *Erin Energy Corporation and Erin Petroleum Nigeria Limited v. Public Investment Corporation Soc Ltd.*, No. 650436/2018 (Sup. Ct. N.Y. Cnty. January 26, 2018). On March 2, 2018, PIC filed a motion to dismiss the action in its entirety on the basis that, among other things, the action was without legal basis. *Id*. at Dkt. No. 18. In its motion to dismiss, PIC argued, among other things, that under New York law, a claim for tortious interference is deficient without an allegation of a breach of an underlying contract and a claim for conspiracy is deficient in the absence of an underlying claim. Briefing on PIC's motion to dismiss was completed on April 9, 2018, and oral argument was set for May 22, 2018. *Id*. at Dkt. No. 45. On April 25, 2018, ERN and EPNL filed for bankruptcy, and on May 11, 2018, the New York State Supreme Court adjourned the motion to dismiss due to the bankruptcy filing. The motion to dismiss remains pending. *Id*. at Dkt. No. 47.

9.      On June 28, 2018, ERN and EPNL filed a Notice of Removal to move the New York State Supreme Court action back to the U.S. District Court for the Southern District of New York. *Id.* at Dkt. No. 49. *Erin Energy Corporation et al v. Public Investment Corporation SOC Ltd*, Case No. 1:18-cv-05642-DLC (S.D.N.Y. 2018). On July 3, 2018, the action was referred to the U.S. Bankruptcy Court for the Southern District of New York as an adversary proceeding. *Sommers v. Public Investment Corporation SOC Ltd*, Case No. 18-01579-shl (Bankr. S.D.N.Y. 2018). ERN and EPNL then sought to transfer the action to the Southern District of Texas, but that request was put on hold and the parties appeared in the U.S. Bankruptcy Court for the Southern District of New York. There, Judge Lane held conferences with respect to the adversary proceeding on August 9, 2018, and September 26, 2018, and allowed the parties to confer with respect to the action. Though the parties subsequently met to discuss the adversary proceeding in Houston, Texas on November 1, 2018, the adversary proceeding has not advanced since.

10.     The actions referenced in this section, together with the underlying claims and causes of action raised against PIC, shall be referred to collectively as the **New York Litigation**.

### III.     The Settlement

11.     The Trustee and PIC have successfully negotiated the full and final settlement of the Stay Relief Motion, the Stay Relief Objection, and the New York Litigation, the terms of which are summarized as follows (the **Settlement**):[2]

---

[2]      The following description is qualified by reference to the proposed order attached hereto as Exhibit A (the **Proposed Order**). In the event of any discrepancy between the terms summarized below and the Proposed Order, the Proposed Order shall control in all respects.

- PIC shall direct MCB to pay $30,000 in cash out of the DSRA to the Trustee within 5 days after the order approving the Settlement becomes a final, non-appealable order;

- The Trustee shall withdraw the Stay Relief Objection and consent to the relief sought in the Stay Relief Motion;

- Within 2 days of such payment, the Trustee shall execute a voluntary dismissal of the action captioned *Sommers v. Public Investment Corporation SOC Ltd*, Case No. 18-01579-shl (Bankr. S.D.N.Y. 2018), with prejudice, as to all parties and causes of action. The Trustee further agrees to release any and all claims that were, or could have been, included or asserted in the New York Litigation; and

- PIC's proofs of claim against ERN and EPNL shall be deemed allowed claims secured by the DSRA in the chapter 7 bankruptcy cases of the Debtors.

12.     The Trustee respectfully submits that the Settlement is reasonable and requests that the Court approve it pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019. The Settlement offers a favorable resolution of the Trustee's claims against PIC, and is favorable to the estate considering the circumstances of the dispute. The benefits of the Settlement inure to the benefit of the estate and its stakeholders. The Settlement is well within the range of reasonableness when factoring in the time, expense, and risk in continuing to pursue the New York Litigation, seeing the litigation through to completion, and enforcing any ultimate judgment. The Settlement is an appropriate use of estate resources and is a sound exercise of the Trustee's business judgment and in the best interest of the estate.

Accordingly, the Settlement should be approved, and the Trustee should be authorized to consummate the settlement and undertake any necessary actions in connection therewith.

## RELIEF REQUESTED

13.     By this Motion, the Trustee seeks entry of an order, substantially in the form of the Proposed Order, approving the Settlement and granting related relief.

## BASIS FOR RELIEF

### I.     The Settlement is a Sound Exercise of the Trustee's Business Judgment.

14.     Section 363(b)(1) of the Bankruptcy Code authorizes a trustee to "use, sell, or lease, other than in the ordinary course of business, property of the estate," after notice and a hearing. It is well established in this jurisdiction that a trustee may use property of the estate outside the ordinary course of business under this provision if there is a good business reason for doing so. *See, e.g., ASARCO, Inc. v. Elliott Mgmt. (In re ASARCO, L.L.C.)*, 650 F.3d 593, 601 (5th Cir. 2011) ("[F]or the debtor-in-possession or trustee to satisfy its fiduciary duty to the debtor, creditors, and equity holders, there must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business.") (quoting *In re Cont'l Air Lines, Inc.*, 780 F.3d 1223, 1226 (5th Cir. 1986)); *GBL Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd. (In re State Park Bldg. Grp., Ltd.)*, 331 B.R. 251, 254 (Bankr. N.D. Tex. 2005); *In re Martin*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Filene's Basement, LLC*, No. 11-13511 (KJC) (Bankr. D. Del. Apr. 29, 2014) (stating that, under the business judgment standard, once a debtor presents "a reasonable basis for its business decisions . . . courts will generally not entertain objections to the debtor's conduct").

15.     The Trustee respectfully submits that the Settlement represents a fair and reasonable compromise that is in the best interests of the estate. The Settlement monetizes claims that were previously mired in litigation and provides a cash infusion that will benefit the estate.

16.     In addition, the Settlement was the result of arms' negotiations between the Trustee and PIC that, if approved by the Court, will allow the parties to avoid costly litigation. This Settlement resolves all pending disputes with PIC, enabling the Trustee to focus the efforts of its advisors and other resources on managing the process of liquidation. Finally, the Settlement allows the Trustee to realize immediate returns on account of claims that could have taken months, if not years, to liquidate. Accordingly, the Trustee respectfully requests that the Court enter the Order and authorize the Trustee to proceed with the Settlement as such action is a sound exercise of the Trustee's business judgment and in the best interest of the estate.

## II.     The Settlement Satisfies the Standards of Bankruptcy Rule 9019 and Should Be Approved.

17.     Bankruptcy Rule 9019(a) provides, in relevant part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee … and indenture trustee as provided in Rule 2002 and to any other entity as the court may direct."

18.      Pursuant to Bankruptcy Rule 9019(a), a bankruptcy court may, after appropriate notice and a hearing, approve a compromise or settlement so long as the proposed settlement is fair, reasonable, and in the best interest of the estate. *See In re Age Ref. Inc.*, 801 F.3d 530, 540 (5th Cir. 2015). Ultimately, "the decision to approve a compromise lies within the sound discretion of the bankruptcy court." *See United States v. AWECO, Inc. (In re AWECO, Inc.)*, 725 F.2d 293, 297 (5th Cir. 1984); *Jackson Brewing*, 624 F.2d at 602–03.

19.     In *Jackson Brewing*, the United States Court of Appeals for the Fifth Circuit set forth a balancing test under which bankruptcy courts are to analyze proposed settlements. The factors the Court must consider are: "(1) the probability of success in litigating the claim subject to settlement, with due consideration for the uncertainty in fact and law; (2) the complexity and likely duration of litigation and any attendant expense, inconvenience, and delay,

7

and (3) all other factors bearing on the wisdom of the compromise." *See Age Ref. Inc.*, 801 F.3d at 540 (internal citations omitted).

20.     Under the rubric of the third factor referenced above, the Fifth Circuit has specified two additional factors that bear on the decision to approve a proposed settlement. First, the court should consider "the paramount interest of creditors with proper deference to their reasonable views." *Id.*; *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortg. Corp.)*, 68 F.3d 914, 917 (5th Cir. 1995). Second, the court should consider the "extent to which the settlement is truly the product of arms'-length bargaining, and not of fraud or collusion." *Age Ref. Inc.*, 801 F.3d at 540; *Foster Mortg. Corp.*, 68 F.3d at 918 (citations omitted).

21.     Generally, the role of the bankruptcy court is not to decide the issues in dispute when evaluating a settlement. *Watts v. Williams*, 154 B.R. 56, 59 (S.D. Tex. 1993). Instead, the court should determine whether the settlement as a whole is fair and equitable. *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968).

22.     The Settlement satisfies these standards. The first two factors of the *Jackson Brewing* balancing test, taken together, suggest that the Settlement represents a fair and reasonable compromise and is in the best interest of the estate. There is no certainty that the Trustee would find success in fully litigating the lawsuit. In contrast, the Settlement provides certainty in both the amount and timing of payments.

23.     Based on the foregoing considerations, the Trustee respectfully submits that the Settlement represents a fair and reasonable compromise that is in the best interest of the estate. The Trustee has determined in its reasonable business judgment that the benefits of the Settlement outweigh the costs after considering the probability of success in litigating the claim, the complexity and likely duration of litigation and related expenses and inconvenience, and all

8

other factors bearing on the wisdom of the compromise, including the interests of the creditors and the extent to which the settlement is the product of an arms'-length negotiation.

24.    The Settlement meets other factors that bear on approval of the compromise, as it benefits the creditors' interests and is truly the product of arms'-length bargaining. From the creditors' perspective, the Settlement brings value in the form of a settlement payment to the estate. There is no concern that the Settlement was the product of fraud or collusion. For all of these reasons, the Trustee respectfully requests that the Court approve the Settlement.

## **WAIVER OF BANKRUPTCY RULE 6004(H)**

25.    The Trustee submits that cause exists to exclude the relief requested herein from the 14-day stay period under Bankruptcy Rule 6004(h).

WHEREFORE, the Trustee respectfully requests that the Court enter an order substantially in the form of the Proposed Order, granting the relief requested in this Motion, approving the Settlement, and granting such other and further relief as is appropriate under the circumstances.

Dated: January 27, 2020
Houston, Texas

**KYUNG S. LEE PLLC**

/s/ *Kyung S. Lee*[3]
Kyung S. Lee
(Texas Bar No. 12128400)
4723 Oakshire Drive-Apt. B
Houston, Texas 77027
(713) 301-4751
kslee50@gmail.com

*Attorney for Ronald J.*
*Sommers, the Chapter 7*
*Trustee of the Debtors*

---

[3]     By email correspondence dated January 22, 2020, Mr. Lee authorized counsel to PIC to affix his electronic signature to this Motion.

## **CERTIFICATE OF SERVICE**

Pending registration of my ECF to be able to file pleadings with the Court, I requested counsel to PIC to file this Motion on my behalf. I hereby certify that on January 27, 2019, a true and complete copy of this Motion was served upon filing via the Court's CM/ECF electronic system on all parties subscribing thereto. Additionally, this Motion was via U.S. mail on the parties listed below.

/s/ *Kyung S. Lee*[1]
Kyung S. Lee

---

[1]   By email correspondence dated January 22, 2020, Mr. Lee authorized counsel to PIC to affix his electronic signature to this Motion.

## SERVICE LIST

**Debtors**

Erin Energy Corporation
Erin Energy Limited
Erin Energy Kenya Limited
Erin Petroleum Nigeria Limited
1330 Post Oak Boulevard
Suite 2250
Houston, TX 77056

**Counsel to the Debtors**

Matthew S. Okin
David L. Curry, Jr.
John Thomas Oldham
Ryan A. O'Connor
Okin Adams LLP
1113 Vine St, Suite 201
Houston, Texas 77002
mokin@okinadams.com
dcurry@okinadams.com
joldham@okinadams.com
roconnor@okinadams.com

**Trustee and Counsel**

| | | |
|---|---|---|
| Ronald J. Sommers<br>Nathan Sommers Jacobs<br>2800 Post Oak Blvd.<br>61st Floor<br>Houston, TX 77056 | Michael David Fritz<br>Diamond McCarty LLP<br>909 Fannin<br>Suite 3900<br>Houston, TX 77002<br>mfritz@diamondmccarthy.com | Kyung Shik Lee<br>R. J. Shannon<br>Kasowitz Benson Torres LLP<br>1415 Louisiana Street<br>Suite 2100<br>Houston, TX77002<br>klee@kasowitz.com<br>rshannon@kasowitz.com |

**Government Agencies**:

| | | |
|---|---|---|
| Christine March<br>Stephen Statham<br>Hector Duran<br>Office of the U.S. Trustee<br>515 Rusk, Suite 3516<br>Houston, TX 77002<br>Christine.A.March@usdoj.gov<br>Stephen.Statham@usdoj.gov<br>Hector.Duran.Jr@usdoj.gov | Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Texas Comptroller<br>PO Box 149348<br>Austin, TX 78714-9348 |

| | | |
|---|---|---|
| Securities & Exchange Commission 100 F Street, NE Washington, DC 20549 | Lagos Internal Revenue Service Itirin Court Bishop Abovade Cole Street Victoria Island Lagos NIGERIA | Federal Ministry of Environment 7th & 9th Floors, Federal Secretarial Sbehu Shagari Way PMB 468 Garki Abuja NIGERIA |
| Corporate Affairs Commission Dipo Akinbode, Banwo & Ighodalo 98 Awolowo Road Iyoki Lagos NIGERIA Attn: Dipo Akinbode dakinbode@banwo-ighodalo.com | Dept of Petroleum Resources 7 Kofof Abayomi Street PMB 12650 Victoria Island Lagos NIGERIA Attn: Bello Lanre Bello.o.y@drp.gov.ng | Nigerian Content Dev. Mgmt. Isaac Boro Expressway By Ololo Roundabout Opolo, Yenagoa, Bayelsa NIGERIA info@ncdmb.gov.ng |
| Nigerian Nuclear Regulatory Agency Plot 565-565 Airport Road, Central Area PMB 559 Garki, Abuja NIGERIA Attn: Dr. Yau Idris yauidi@yahoo.com yau.idris@nnra.gov.ng | Industrial Training Fund 2nd Floor Water-Front Plaza 270, Ozumba Mbadiwe Avenue Victoria Island Lagos NIGERIA Attn: Tunde Elelu tundelelu@yahoo.com itfvictoriaisland@itf.gov.ng | National Oil Spill Detection & Response Plot 22 Ilaje Road Ijapo Housing Estate Akure, Ondo NIGERIA Attn: Imeh Ekane Ekanemimea1@yahoo.com |
| NigerDelta Dev. Commission Headquarter Office 167 Aba Road Rivers State NIGERIA info@nddc.gov.ng | Nigerian Maritime Admin & Safety 4 Burma Road PMB 12861 Apapa NIGERIA | |

**Secured Creditors**:

| | | |
|---|---|---|
| James Street Capital Limited PO Box 32338 SMB Genesis Building, 3rd Floor Georgetown Grand Cayman CAYMAN ISLANDS | The Mauritius Commercial Bank Limited 11th Floor, MCB Head Office 9-15 Sir William Newton Street Port Louis MAURITIUS | Zenith Bank PLC Attn: Michael Anokwuru; Nnamdi Edekobi; Sheriff Ogunrinola Zenith Heights PO Box 75315 Plot 84/87 Ajose Adeogun Street Victoria Island Lagos NIGERIA Michael.Anokwuru@zenithbank.com Nnamdi.Edekobi@zenithbank.com Sheriff.Ogunrinola@zenithbank.com |

| James Street Capital Limited c/o Herbert Smith Freehills Paris LLP 66 Avenue Marceau 75008 Paris FRANCE | Genesis Trust Corporate Services Elgin Court, Elgin Avenue PO Box 448 Georgetown Grand Cayman KY1 1106 CAYMAN ISLANDS | Allied Energy PLC Plot 1649 Olosa Street PO Box 73178 Victoria Island Lagos NIGERIA |

**Twenty Largest Creditors (For Each Enti**

| Baker Botts, LLP Attorneys at Law 910 Louisiana Street Suite 3000 Houston, TX 77002 | Natural Resources Global Capital Partners 29 Farm Street London England UNITED KINGDOM W1J 5RL | Norton Rose Fulbright US, LLP 98 San Jacinto Boulevard Suite 1100 Austin, TX 78701-4255 |
| NYSE 5660 New Northside Dr. NW 3rd Floor Atlanta, GA 3328 | Jackson Walker, LLP 2323 Ross Avenue Suite 600 Dallas, TX 75201 | P2ES Holdings LLC 1670 Broadway Suite 2800 Denver, CO 80202 |
| Travel & More 7011 Harwin Drive Suite 185 Houston, TX 77036 | Pannell Kerr Forster of Texas, PC 5847 San Felipe Suite 2600 Houston, TX 77057-3000 | Earl W. McNiel Consultant 1606 Cambridge Oaks Circle Houston, TX 77094 |
| The Loev Law Firm, PC 6300 West Loop South Suite 280 Bellaire, TX 77401 | Workiva, Inc. 2900 University Blvd. Ames, IA 50010 | Broadridge ICS 300 Executive Drive Edgewood, NY 11717 |
| John Michael Stinson 6509 Edloe Houston, TX 77055 | Dudu Hlatshwayo 127 Greyvill Street Kyalami Estates Midrand SOUTH AFRICA | Canaccord Genuity Limited 88 Wood Street London England UNITED KINGDOM EC2V 7QR |
| Mindshift Technologies Inc. 500 Commack Road Suite 140 Commack, NY 11725 | Looper Goodwine, PC 1300 Post Oak Blvd. Suite 2400 Houston, TX 77489 | Johannesburg Stock Exchange Private Bag X991174 Sandton, 2146 SOUTH AFRICA |
| Ipreo Data, Inc. 1359 Broadway 2nd Floor New York, NY 10018 | Renmark Financial Communications, Inc. 1050-3400 De Maisonneuve West Montreal Quebec CANADA H3Z 3B8 | BGP Kenya Limited Kalamu House 3rd Floor Brookside Drive PO Box 48272-00100 Nairobi KENYA |
| Ministry of Energy Training Fund 23rd Floor, Nyayo House Kenyatta Avenue KENYA | Gina Din Kariuki PO Box 42518 Nairobi KENYA | Arora Properties Limited Lion PL Waiyaki Way Westlands Nairobi KENYA |

| | | |
|---|---|---|
| Kenya Oil & Gas Association<br>PO Box 856-00606<br>Nairobi<br>KENYA | Bumi Armada Berhad<br>Armada Oyo Ltd.<br>1, Fusionopolis Walk #11-02<br>Solaris South Tower<br>138628<br>SINGAPORE | Transocean/Indigo<br>4 Greenway Plaza<br>Houston, TX 77046 |
| GE/Pressure Controls Systems<br>Nigeria Ltd.<br>Mansard Place, Plot 927-928<br>Bishop Aboyade Close Street<br>Victoria Island<br>Lagos<br>NIGERIA | Petromarine Nigeria Limited<br>2-4 Morsley Road<br>Off Gerard Road<br>Ikoyi<br>Lagos<br>NIGERIA | Schlumberger<br>10101 Woodloch Forest Drive<br>The Woodlands, TX 77380 |
| Halliburton Operations Nigeria<br>Plot 90 Ajose Adeogun Street<br>Victoria Island<br>Lagos<br>NIGERIA | Pacific Bora Limited<br>Pacific International Drilling<br>1170 Katy Freeway<br>Suite 175<br>Houston, TX 77079 | Schiste Oil & Gas Limited 1<br>Justice Rose Ukeje Street Off<br>Adeshola Akinnifesti Street Lekki<br>Scheme 1 |
| Court Helicopters Nigeria Ltd.<br>Plot 1649 Olosa Street<br>Victoria Island<br>Lagos<br>NIGERIA | T1 Marine Services Limited<br>3rd Fl, Aqua Towers Complex<br>Plot 12A AJ Marinjo Drive Off<br>Sinari Daranijo St.<br>Victoria Island<br>Lagos<br>NIGERIA | Tilone Subsea Limited<br>c/o Uche T.K. Alaoma & Co.<br>13 Igbokwe Street, D/Line<br>Port Harcourt<br>NIGERIA |
| Crossbow Oilfield Industries &<br>Services<br>7 Shakiru Anjorin St.<br>Off Admiralty Road<br>Lekki Phase 1<br>Lagos<br>NIGERIA | JDR Cable Systems Limited<br>Attn: Alistair Mackie<br>Littleport Innovation Park 177<br>Wisbech<br>Littleport Cambridgeshire<br>UNITED KINGDOM CB6<br>1RA | Multiplan Nigeria Limited<br>7 Rumuogba Estate Road<br>Port Harcourt<br>Lagos<br>NIGERIA |
| Oceaneering Services Nigeria<br>Eleganza Estate, KM 20<br>Lekke Epe Express<br>2nd Tollgate After Chevron<br>Junction<br>Lekki<br>Lagos<br>NIGERIA | Frank's International WA<br>(BVI)<br>Jebel Ali South Zone<br>PO Box 12388<br>Dubai<br>UAE | Intels Nigeria Limited Onne Oil &<br>Gas Free Zone Onne NIGERIA |

| AOS Orwell Limited<br>2nd Floor, Lateef Jakande House<br>3/5 Adeyemo Alakija St.<br>Victoria Island<br>Lagos<br>NIGERIA | Public Investment Corp SOC<br>Menlyn Main Central Square<br>Waterkloof Glen<br>Extension 2 0181<br>Pretoria<br>                    SOUTH AFRICA | |

**Parties Requesting Notice**

| Pasadena Insurance Agency, Inc.<br>Michael J. Durrschmidt<br>T. Raybourn<br>V. Dessens<br>Hirsch & Westheimer, PC<br>1415 Louisiana, 36th Floor<br>Houston, TX 77002<br>mdurrschmidt@hirschwest.co<br>m traybourn@hirschwest.com<br>vdessens@hirschwest.com | Oceaneering Svcs Nigeria Ltd.<br>David S. Elder<br>G. Gattis<br>R. Diep<br>Foley & Lardner LLP<br>1000 Louisiana Street,<br>Suite 2000<br>Houston, TX 77002<br>dselder@foley.com<br>ggattis@foley.com<br>rdiep@foley.com | Armada Oyo Limited<br>Bumi Armada (Singapore) Pte. Ltd.<br>Kevin M. Lippman, Esq.<br>P. Moore<br>J. Cornwell<br>S. Sturm<br>Munsch Hardt Kopf & Harr, PC<br>500 N. Akard Street, Suite 3800<br>Dallas, TX 75201-6659<br>klippman@munsch.com<br>pmoore@munsch.com<br>jcornwell@munsch.com<br>ssturm@munsch.com |
| Harris County<br>c/o Tara L. Grundemeier<br>Linebarger Goggan Blair et al<br>PO Box 3064<br>Houston, TX 77253-3064<br>Houston_bankruptcy@public<br>ans.com | Halliburton Energy Services c/o<br>Omar J. Alaniz<br>Baker Botts LLP<br>2001 Ross Avenue, Suite 700<br>Dallas, TX 75201-2980<br>Omar.alaniz@bakerbotts.com | Transocean Offshore & Indigo Drilling<br>c/o James R. Prince<br>Baker Botts, LLP<br>2001 Ross Avenue, Suite 700<br>Dallas, TX 75201<br>jim.prince@bakerbotts.com |
| Four Oaks Place Operating, LP<br>Gus E. Pappas<br>Heather L. Lingle<br>Dabney Pappas<br>1776 Yorktown, Suite 425<br>Houston, TX 77056<br>gus@dabneypappas.com<br>heather@dabneypappas.com | Mauritius Commercial Bank Ltd.<br>c/o Benjamin Mills & Jonathan C. Cross<br>Herbert Smith Freehills NY LLP<br>450 Lexington Avenue, 14th Fl.<br>New York, NY 10017<br>Benjamin.mills@hsf.com<br>Jonathan.cross@hsf.com | Oltasho Nigeria Limited c/o<br>Kwame N. Cane, Esq. Looper<br>Goodwine, PC 1300 Post Oak<br>Blvd, Suite 2400 Houston, TX 77056<br>kcain@loopergoodwine.com |

| | | |
|---|---|---|
| Pacific Bora Ltd and Pacific Int'l Drilling West Africa Ltd. c/o Elizabeth J. Futrell Jones Walker LLP 201 St. Charles Ave., Suite 5100 | | |

| | | |
|---|---|---|
| Baker Hughes c/o Phil F. Snow W. Ross Spence Snow Spence Green LLP 2929 Allen Parkway, Suite 2800 Houston, TX 77019 philsnow@snowspencelaw.com ross@snowspencelaw.com | Baker Hughes c/o Christopher J. Ryan PO Box 4740 Houston, TX 77210-4740 | Nigerian Agip Exploration Ltd. Ronald J. Silverman, Esq. Hogan Lovells US LLP 875 Third Avenue New York, NY 10022 Ronald.silverman@hoganlovells.com |
| Nigerian Agip Exploration Ltd. M. Shane Johnson, Esq. Hogan Lovells US LLP 875 Third Avenue New York, NY 10022 shane.johnson@hoganlovells.com | Nigerian Agip Exploration Ltd. John D. Beck, Esq. Hogan Lovells US LLP 875 Third Avenue New York, NY 10022 john.beck@hoganlovells.com | BDO USA, LLP Laurence W. Goldberg Director, Receivables Management 4135 Mendenhall Oaks Pkwy, #140 High Point, NC 27265 lgoldberg@bdo.com |
| JDR Cable Systems Limited Richard W. Staff Jeff Weems Staff Weems LLP 6363 Woodway, Suite 1100 Houston, TX 77057 rstaff@staffweems.com jweems@staffweems.com | Jeffrey N. Pomerantz Ira D. Kharasch Jason H. Rosell Pachulski Stang Ziehl & Jones 10100 Santa Monica Blvd. 13th Floor Los Angeles, CA 90067 jpomerantz@pszjlaw.com ikharash@pszjlaw.com jrosell@pszjlaw.com | Steven W. Golden Pachulski Stagn Ziehl & Jones 780 Third Avenue, 34th Floor New York, NY 10017 sgolden@pszjlaw.com |
| Unitech International, Inc. c/o Brian W. Zimmerman Zimmerman Axelrad Meyer 3040 Post Oak Blvd, Suite 1300 Houston, TX 77056-6560 bzimmerman@zimmerlaw.com | Glencore Energy UK, Ltd. c/o Ivan M. Rodriguez Chaffe McCall, LLP 801 Travis Street, Suite 1910 Houston, TX 77002 rodriguez@chaffe.com | Glencore Energy UK, Ltd. c/o Fernand L. Laudumiey, IV Chaffe McCall, LLP 2300 Energy Centre 1100 Poydras Street New Orleans, LA 70163-2300 laudumiey@chaffe.com bankruptcy@chaffe.com |

| | | |
|---|---|---|
| Louis Jerome Stanley<br>Henchy Verbois &<br>Hackenberg<br>7904 Wrenwood Blvd, Suite C<br>Baton Rouge, LA 70809 | John A. Morris, Esq.<br>Pachulski Stang Ziehl & Jones<br>780 Third Avenue, 34th Floor<br>New York, NY 10017-2024 | Gregory F. Holcombe<br>c/o Melanie Gray<br>John B. Strasburger<br>Lauren Randle<br>1111 Louisiana, 25th Floor<br>Houston, TX 77002<br>mggray@winston.com |
| | | jstrasburger@winston.com<br>lrandle@strasburger.com |
| Gregory F. Holcombe Justin E.<br>Rawlins Winston & Strawn<br>LLP 333 South Grand Avenue<br>Los Angeles, CA 90071<br>jrawlins@winston.com | Charles A. Beckham, Jr. Haynes<br>and Boone, LLP 1221 McKinney<br>Street, Suite 2100<br>Houston, TX 77010<br>Charles.beckham@haynesboon<br>e.com | Joseph Corrigan<br>Iron Mountain Information<br>Management, LLC<br>One Federal Street<br>Boston, MA 02110<br>Bankruptch2@ironmountain.com |
| J. Scott Douglas<br>Attorney at Law<br>1811 Bering Dr., Suite 420<br>Houston, TX 77057<br>jsd@aol.com | Bruce D. Oakley<br>Hogan Lovells US LLP<br>609 Main Street, Suite 4200<br>Houston, TX 77002<br>Bruce.oakley@hoganlovells.com | S. Lee Whitesell<br>Hogan Lovells US LLP<br>609 Main Street, Suite 4200<br>Houston, TX 77002<br>Leewhitesell@hoganlovells.com |

**EXHIBIT A**

**PROPOSED ORDER**

**THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | § | Chapter 7 |
|  | § |  |
| **ERIN ENERGY CORPORATION**, *et al.*, | § | **Case No. 18-32106** |
|  | § |  |
|  | § | (Jointly Administered) |
| Debtors.[1] | § |  |
|  | § |  |

**ORDER APPROVING COMPROMISE BETWEEN**
**THE TRUSTEE AND PUBLIC INVESTMENT CORPORATION SOC. LTD.**
**PURSUANT TO BANKRUPTCY RULE 9019**

Upon the motion of Ronald J. Sommers, as chapter 7 trustee of the Debtors (the **Trustee**) seeking approval of a compromise with the Public Investment Corporation Soc. Ltd. (**PIC**) pursuant to sections 105(a) and 363(b) of title 11 of the Bankruptcy Code and Bankruptcy Rule 9019 (the **Motion**),[2] and the Court having considered the Motion and any objections or responses thereto, and after due deliberation and sufficient cause appearing therefore, the Court finds and concludes as follows:

(i)     it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334;

(ii)     venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

(iii)     this matter is a core proceeding under 28 U.S.C. § 157(b)(2); and

(iv)     the relief requested in the Motion is warranted in light of the factual circumstances of these cases and the matters described in the Motion; and

---

[1]     The last four digits of Erin Energy Corporation's (**ERN**) federal tax identification number are 9798. The other Debtors in these cases are: Erin Energy Limited (**EEL**); Erin Energy Kenya Limited (**EEKL**); and Erin Petroleum Nigeria Limited (**EPNL** and, together with ERN, EEL, and EEKL, the **Debtors**).

[2]     Capitalized terms used herein shall have the meanings given to them in the Motion.

(v)      service of notice of the Motion was appropriate under the circumstances and no other notice need be provided.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The Settlement satisfies the standards of Bankruptcy Rule 9019 and is hereby approved.

3.      Within 5 days after this Order becomes a final, non-appealable order, PIC shall direct MCB to pay to the Trustee the sum of $30,000 out of the DSRA (the **Settlement Amount**). Payment of the Settlement Amount shall be made by wire transfer pursuant to instructions provided by the Trustee.

4.      Upon payment of the Settlement Amount, the automatic stay of 11 U.S.C. § 362(a) is lifted as to the DSRA so that PIC may enforce its security over the DSRA and apply the balance thereof in partial payment of its outstanding claims under the MCB Facility.

5.      Within 2 days of payment of the Settlement Amount, the Trustee shall execute a voluntary dismissal of the action captioned *Sommers v. Public Investment Corporation SOC Ltd*, Case No. 18-01579-shl (Bankr. S.D.N.Y. 2018), with prejudice, as to all parties and causes of action, pursuant to the Federal Rules of Civil Procedure. Upon payment of the Settlement Amount, the Trustee and the Debtors shall be deemed to have released, acquitted, and discharged PIC from any and all claims, damages, debts, demands, obligations, costs, expenses, accounts, losses, liabilities, liens, actions, proceedings and causes of action that were, or could have been, included or asserted in the New York Litigation, without the need for further action by any party.

6.      Upon payment of the Settlement Amount, PIC's proofs of claim against ERN and EPNL shall be deemed allowed claims secured by the DSRA in the chapter 7 bankruptcy cases of the Debtors without the need for further action by any party.

7.      The Trustee is authorized to enter into, perform, execute, and deliver all documents, and take all actions, necessary to immediately continue and fully implement the Settlement and to effectuate the relief granted in this Order, all of which are hereby approved.

8.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10.     This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order.

Dated: February __, 2020
       Houston, TX


                                    _____
                                    Hon. Marvin Isgur
                                    United States Bankruptcy Judge