**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>ERIN ENERGY CORPORATION, ET AL[1],<br><br>Debtors. | Case No. 18-32106<br><br>(Chapter 7)<br><br>(Jointly Administered) |

**TRUSTEE'S APPLICATION TO (I) TERMINATE THE EMPLOYMENT OF KYUNG S. LEE PLLC, AS OF AUGUST 1, 2020, AND (II) EMPLOY PARKINS LEE & RUBIO LLP AS GENERAL COUNSEL FOR THE TRUSTEE, *NUNC PRO TUNC* TO AUGUST 1, 2020**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

TO THE HONORABLE MARVIN ISGUR, UNITED STATES BANKRUPTCY JUDGE:

Ronald J. Sommers, chapter 7 trustee (the "Trustee") for the estates of the above-captioned debtors (the "Debtors"), files this application (the "Application") to, first, terminate the retention of Kyung S. Lee PLLC, as general counsel for the chapter 7 estates of Debtors, and, second,

---

[1] The last four digits of Erin Energy Corporation's federal tax identification number are 9798. The other Debtors in these cases are: Erin Energy Limited; Erin Energy Kenya Limited; and Erin Petroleum Nigeria Limited.

employ Parkins Lee & Rubio LLP (the "PLR") as his general counsel as set forth in the engagement letter attached hereto as Exhibit A (the "Engagement Letter"). In support of the Application, the Trustee submits the declaration Kyung S. Lee (the "Lee Declaration") attached hereto as Exhibit B and respectfully states the following:

## SUMMARY OF PROPOSED EMPLOYMENT APPLICATION

| | |
|---|---|
| **Name of Trustee:** | Ronald J. Sommers |
| **Name of Professional to be Employed:** | Parkins Lee & Rubio LLP |
| **Reason Employment is Needed:** | Trustee seeks representation by a bankruptcy attorney to represent him as chapter 7 trustee |
| **Compensation Agreement:** | Same hourly fee of $500 per hour for Mr. Kyung Lee, traditional rates of other lawyers at PLR and reimbursement out-of-pocket expenses, subject to Court approval. |
| **Trustee's Reasons for Selection:** | Mr. Lee at PLR has extensive institutional knowledge about Erin's chapter 7 case. |
| **Reason Employ is in the Best Interest of the Estate (only if Trustee's own firm):** | N/A |

## RELIEF REQUESTED

1. The Trustee requests that the Court enter an order substantially in the form of the proposed order (the "Proposed Order") attached hereto authorizing the Trustee to terminate Kyung S. Lee PLLC as his general counsel, and to retain PLR as his new general counsel pursuant to the terms of the engagement letter attached hereto as Exhibit A (the "Engagement Letter"), *nunc pro tunc* to August 1, 2020.

## JURISDICTION

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue of the Debtors' chapter 7 cases (the "Chapter 7 Cases") and this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief sought are sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2014 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and rule 2014-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## BACKGROUND

### A. General Background

5. On April 25, 2018 ("Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court, Southern District of Texas, Houston Division (Marvin Isgur presiding)(the "Bankruptcy Court" or "Court").

6. The Official Committee of Unsecured Creditors filed an emergency motion to convert the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code on June 27, 2018.

7. On July 12, 2018 ("Conversion Date"), the Court entered an order converting the cases from chapter 11 to chapter 7.

8. On July 13, 2018, the Office of the United States Trustee appointed Ronald J. Sommers as the chapter 7 trustee for the Debtors' estates.

### B. Necessity of Trustee Having General Counsel

9. It was and remains essential to the liquidation of the Debtors' estates that the Trustee has general counsel to assist the him in the liquidation of the Debtors' chapter 7 estates.

10. Until Mr. Lee formed Parkins Lee & Rubio LLP, the Trustee retained Kyung S. Lee PLLC to represent him as his general counsel for the Debtors' chapter 7 estates.

11. As general counsel, Kyung S. Lee PLLC, through Mr. Lee's work as the lead partner, assisted the Trustee in all aspects of managing the chapter 7 estates.

12. While not as many as back in July of 2018, the four Erin chapter 7 estates have issues, which the Trustee must address, and assets that still must be liquidated. In order to do so, the Trustee requires the services of PLR.

13. Going forward, the Trustee will continue to require the legal services of PLR in order to determine whether he can monetize the remaining assets of the Erin Debtors. Second, the Trustee continues to be embroiled in the collection of the $600,000 from the disposition of the Crude Oil in Nigeria. Finally, a slew of administrative matters must be addressed in order to close the Debtors' chapter 7 estates.

## PROPOSED EMPLOYMENT

### A. Services to Be Provided and Qualifications of PLR

14. The Trustee seeks to retain PLR to provide him general counsel advice during the pendency of the Chapter 7 Cases.

15. Mr. Lee has extensive experience in the area of corporate restructurings, chapter 11 and 7 bankruptcy cases and representing chapter 7 trustees. Moreover, Mr. Lee is intimately familiar with the Erin Debtors as he was the lead partner when the Trustee retained the Kasowitz Firm at the time the Court converted the Erin Debtors from chapter 11 to 7 in July of 2018. Therefore, he will not have any learning curve associated with representing the Trustee going forward. Finally, his hourly rate of $500 per hour is a good rate for a professional who has practiced in the corporate bankruptcy arena for over 35 years. Mr. Lee will continue to provide his services to the Trustee at the $500 per hour rate, even though his hourly rate at PLR is $750 per hour.

16. The Trustee believes that the sum of PLR's experience and expertise makes PLR particularly well suited to provide the services needed in these Chapter 7 Cases.

### B. Professional Compensation and Reimbursement of Expenses

17. PLR has agreed to seek compensation and reimbursement of expenses in these Chapter 7 Cases pursuant to Bankruptcy Code §§ 330(a), 331, and 503(a) and (b), and Bankruptcy Rules 2014 and 2016. PLR will seek approval of the Court prior to receiving any professional compensation or receiving reimbursement of out-of-pocket expenses.

18. PLR anticipates requesting compensation for all hours worked at PLR's standard hourly rates, except for Mr. Lee, which he will bill at $500 per hour, the rate at which he was charging the estate while he was at Kyung S. Lee PLLC.

19. The Engagement Letter also provides that PLR will be reimbursed for out-of-pocket expenses actually incurred by PLR. Expenses that may be incurred include printing, travel, and data acquisition costs.

### C. Reasons for the Selection of PLR

20. PLR's combination of experience, expertise and familiarity with the Erin Debtors make the firm particularly well suited to provide general counsel advice to the Trustee. The hourly rates charged by PLR reflected in the Engagement Letter and described above are reasonable considering the firm's expertise and reputation.

21. Trustee believes that retaining PLR as his general counsel will result in the most effective and efficient use of estate resources.

### D. Disinterestedness

22. Based on the attached Lee Declaration, to the best of the Trustee's knowledge, information, and belief, PLR and its professional are disinterested persons within the meaning of Bankruptcy Code § 101(14) and are eligible to serve as general counsel for the Debtors' estates and the Trustee pursuant to Bankruptcy Code § 327(a). PLR represents no interest adverse to the Trustee or the estates in the matters upon which it is to be engaged by the Trustee, and PLR has

no connections with the Debtors, any creditors, or any other party in interest, except as disclosed in the Lee Declaration. In addition, the Lee Declaration indicates that PLR and its professionals have no family connections with the United States Trustee, employees thereof, or judges of the United States Bankruptcy Court for the Southern District of Texas.

## BASIS FOR RELIEF

### A. The Employment of PLR Should Be Approved

23. Bankruptcy Code § 327 provides that, subject to court approval, a trustee "may employee one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent the trustee or assist the trustee in carrying out the trustee's duties under this title." Bankruptcy Rule 2014(a) requires that an application to employ a professional include

> the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the united states trustee.

Fed. R. Bankr. P. 2014. The connections must be described in a verified statement. *Id.*

24. The Trustee submits that for the reasons stated above and in the Lee Declaration, the retention and employment of PLR as his general counsel is warranted. Further, as indicated in the Lee Declaration, PLR is a "disinterested person" within the meaning of Bankruptcy Code § 327(a).

### B. The Order Approving PLR's Employment Should Be Effective *Nunc Pro Tunc* to August 1, 2020

25. Pursuant to Bankruptcy Local Rule 2014-1(a), "[i]f an application for approval of the employment of a professional is made within 30 days of the commencement of that professional's provision of services, it is deemed contemporaneous."

26. As reflected in the Engagement Letter, PLR agreed to provide general counsel bankruptcy advice services to the Trustee beginning on August 1, 2020.

27. The Court has discretion to issue an order approving the employment of an attorney *nunc pro tunc*[2] under its general equity powers. *In re Triangle Chemicals, Inc.*, 697 F.2d 1280, 1288-89 (5th Cir. 1983). Bankruptcy Local Rule 2014-1(b) sets forth the requirements for a *nunc pro tunc* application. First, the exigencies of starting a new practice have delayed the filing of an application. Second, *nunc pro tunc* approval is appropriate as Applicant has provided the Trustee general counsel advice throughout the transition from one firm to PLR. Finally, little or no

---

[2] The U.S. Supreme Court in *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, No. 18-921, 2020 WL 871715, at *1 (U.S. Feb. 24, 2020), in a *per curiam* opinion held that a *nunc* pro *tunc* order cannot save actions taken by the state court in the interim period.

The Supreme Court found that federal courts may issue nunc pro tunc orders only to "reflect[ ] the reality" of what has already occurred. *Id.* (quoting *Missouri v. Jenkins*, 495 U.S. 33, 49, 110 S.Ct. 1651, 109 L.Ed.2d 31 (1990)). In other words, the Supreme Court stated that "[s]uch a decree presupposes a decree allowed, or ordered, but not entered, through inadvertence of the court." Id. (quoting *Cuebas y Arredondo v. Cuebas y Arredondo*, 223 U.S. 376, 390, 32 S.Ct. 277, 56 L.Ed. 476 (1912)). The Supreme Court reasoned that a court "cannot make the record what it is not" by creating facts that never occurred. *Id.* at *4. Because nothing occurred in the District Court case on March 13, 2018, the case remained in federal court until the District Court on August 20, 2018 rendered its decision on the motion to remand, which was pending before it. Id. Thus, the Supreme Court held that all actions taken by the Court of First Instance before remand including the payment and seizure orders were void

The practical import of this opinion can be vast or constrained to its set of facts. The main distinguishing factor for this Application is that the state court in *Roman Catholic Archdiocese of San Juan, Puerto Rico* had no jurisdiction after the removal. So any actions taken were void ab *initio*. Whereas, here, this Bankruptcy Court presumably has jurisdiction conferred, has jurisdiction over the Erin bankruptcy estate and can then enter retroactive orders in such cases.

prejudice will result from this Court's retention of PLR on a *nunc pro tunc* basis to August 1, 2020. Applicant is not seeking a retainer from the Trustee. Furthermore, before Applicant may be compensated from the Erin estates or the Trustee, PLR must seek compensation of its fees and reimbursement of out-of-pocket expenses through a Bankruptcy Code § 330 and 331 fee application process.

28. PLR understands that it bears responsibility for ensuring that its employment applications are properly filed with the Court. The Firm has, however, acted reasonably and prudently in this case. No party has been prejudiced. Under these circumstances, an order *nunc pro tunc* is appropriate.

## NO PRIOR REQUEST

29. No prior motion or application for the relief requested herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form of the Proposed Order, approving the Trustee's retention of PLR and granting such other and further relief as the Court may deem just and proper.

Dated: August 26, 2020

Respectfully submitted,

Ronald J. Sommers, Chapter 7 Trustee
2800 Post Oak Blvd., 61st Floor
Houston, TX 77056
(713) 960-0303

## CERTIFICATE OF SERVICE

I certify that on August 26, 2020 I caused a true and correct copy of the foregoing Application to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas on all parties registered to receive such service.

*Kyung S. Lee*
Kyung S. Lee
