UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 7 |
| ) | |
| ERIN ENERGY CORPORATION *et al.*, ) | Case No. 18-32106 |
| ) | |
| Debtors. ) | (Jointly Administered)[1] |

**NOTICE OF DEADLINE TO FILE REQUESTS FOR PAYMENT OF 2018
ADMINISTRATIVE EXPENSE CLAIMS PURSUANT TO 11 U.S.C. § 503**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST ANY OF THE
BANKRUPTCY ESTATES OF THE FOLLOWING CHAPTER 7 DEBTORS:**

| DEBTOR | CASE NUMBER |
|---|---|
| Erin Energy Corporation | 18-32106 |
| Erin Energy Ltd. | 18-32107 |
| Erin Petroleum Nigeria Limited | 18-32109 |

PLEASE TAKE NOTICE that Erin Energy Corporation, Erin Energy Ltd., and Erin Petroleum Nigeria Limited (collectively, the "Debtors") commenced their respective bankruptcy cases (the "Bankruptcy Cases") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that the Bankruptcy Court entered an order converting the Bankruptcy Cases to cases under chapter 7 of the Bankruptcy Code effective as of July 13, 2018.

---

[1] The jointly administered cases are Erin Energy Corporation (Case No. 18-32106), Erin Energy Ltd. (Case No. 18-32107), and Erin Petroleum Nigeria Limited (Case No. 18-32109). At the commencement of the chapter 7 cases, the case of Erin Energy Kenya Limited (Case No. 18-32108) was also jointly administered with the other Erin debtors by the Trustee. The Erin Energy Kenya Limited case was closed on December 17, 2021.

PLEASE TAKE FURTHER NOTICE that the Office of the United States Trustee for Region 7 appointed Ronald J. Sommers as the chapter 7 trustee (the "Trustee") for the Debtors' estates (the "Estates") and the Trustee now serves as the trustee in these cases pursuant to Bankruptcy Code § 702(d).

PLEASE TAKE FURTHER NOTICE that, on November 17, 2023, the Bankruptcy Court entered the *Order Granting Trustee's Emergency Motion for an Order (I) Establishing a Deadline to File Requests for Payment of Certain Administrative Expense Claims (II) Approving Form and Manner of Notice Thereof and (III) Granting Related Relief* [ECF No. 662] (the "2018 Administrative Claim Bar Date Order").

PLEASE TAKE FURTHER NOTICE that, pursuant to the 2018 Administrative Claim Bar Date Order, the deadline for all persons or entities (except as otherwise provided in the 2018 Administrative Claim Bar Date Order) to assert any right to payment constituting an actual, necessary cost or expense of administering the Bankruptcy Cases or preserving the Estates under section 503 of the Bankruptcy Code (a "2018 Administrative Claim") that arose during the period from and including April 25, 2018, through and including December 31, 2018 (the "2018 Administrative Claim Period"), to file requests for payment pursuant to section 503 of the Bankruptcy Code (a "Request for Payment") shall be January 31, 2024 (the "2018 Administrative Claim Bar Date").

**You should consult an attorney if you have any questions, including whether to file a Request for Payment. If you have any questions with respect to this Notice, you may contact the undersigned counsel for the Trustee.**

I. **WHO MUST FILE A REQUEST FOR PAYMENT**

You **MUST** file a Request for Payment in accordance with the procedures approved by the Bankruptcy Court and set forth in this Notice in order to assert a 2018 Administrative Claim Period, and it is not a claim described in Section II below.

II. **WHO IS NOT REQUIRED TO FILE A REQUEST FOR PAYMENT**

The following persons and entities are **not** required to file a Request for Payment:

a. The U.S. Trustee, on account of any claims for fees payable pursuant to 28 U.S.C. § 1930;

b. Any person or entity that has already timely and properly filed a Request for Payment asserting a 2018 Administrative Claim that arose during the 2018 Administrative Claim Period against one or more of the Debtors' estates in a form and manner substantially similar to that set out in this Notice;

c. Any person or entity whose 2018 Administrative Claim that arose during the 2018 Administrative Claim Period has been allowed by order of the Bankruptcy Court entered on or before the 2018 Administrative Claim Bar Date;

d. Any person or entity whose 2018 Administrative Claim is payable to pursuant to an order granting the *Trustee's Motion to Authorize Payments on Account of DIP Obligations, Allowed Administrative Expenses, and the Adequate Protection Claim Asserted by Public Investment Corporation Soc. Ltd.* [ECF No. 656]; and

e. Any person or entity holding an administrative expense claim that accrued or arose on or after January 1, 2019.

**You should not file a Request for Payment if you do not have a 2018 Administrative Claim against any of the Debtors' Estates. Your receipt of this Notice does not mean that you have a 2018 Administrative Claim (or any claim) or that the Trustee or the Bankruptcy Court believes that you have a 2018 Administrative Claim (or any claim).**

### III. HOW TO FILE REQUESTS FOR PAYMENT

To file a Request for Payment, a party asserting a 2018 Administrative Claim must follow the procedures set forth below:

a. Each Request for Payment must: (i) comply with section 503 of the Bankruptcy Code, the 2018 Administrative Claim Bar Date Order, and the 2018 Administrative Claim Bar Date Notice; (ii) be in writing and signed by the party asserting the 2018 Administrative Claim or an authorized agent of such party; (iii) set forth with specificity all factual and legal bases supporting the asserted 2018 Administrative Claim; (iv) include supporting documentation (or, if voluminous, include a summary of supporting documents, an explanation as to why such documentation is not included, and a concise description of the means by which the Trustee can reasonably and expeditiously obtain such supporting documents); (v) be in the English language; and (vi) be denominated in United States currency.

b. Each Request for Payment must specify by name the particular Debtor's estate against which a 2018 Administrative Claim is asserted.

c. Each Request for Payment must be filed with the Bankruptcy Court by the 2018 Administrative Claim Bar Date.

### IV. CASE PROFESSIONALS

With respect to professional persons employed by the Debtors prior to the conversion of the cases to chapter 7 or by the Trustee who hold a 2018 Administrative Claim for accrued and unpaid professional fees and expenses ***not already approved*** by order of the Bankruptcy Court, such professionals are required to file an application for compensation and reimbursement of expenses on or before the 2018 Administrative Claim Bar Date. An application for compensation and reimbursement under Bankruptcy Code § 330 satisfies the requirements for a Request for Payment.

Any professionals whose fees and expenses (i.e., their respective 2018 Administrative Claims) were previously allowed by order of the Court are not required to file a Request for Payment.

V.     **EFFECT OF FAILURE TO FILE A TIMELY REQUEST FOR PAYMENT**

**ANY POTENTIAL HOLDER OF A 2018 ADMINISTRATIVE CLAIM AGAINST ANY OF THE DEBTORS' ESTATES WHO RECEIVES THE 2018 ADMINISTRATIVE CLAIM BAR DATE NOTICE (WHETHER SUCH NOTICE WAS ACTUALLY OR CONSTRUCTIVELY RECEIVED) AND IS REQUIRED, BUT FAILS, TO FILE A REQUEST FOR PAYMENT IN ACCORDANCE WITH THE 2018 ADMINISTRATIVE CLAIM BAR DATE ORDER AND THE 2018 ADMINISTRATIVE CLAIM BAR DATE NOTICE (A) SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS' ESTATES AND (B) SHALL NOT RECEIVE OR BE ENTITLED TO RECEIVE ANY PAYMENT OR DISTRIBUTION OF PROPERTY FROM THE DEBTORS' ESTATES WITH RESPECT TO SUCH 2018 ADMINISTRATIVE CLAIM.**

VI.    **EXTENSION OF TIME TO OBJECT TO REQUESTS FOR PAYMENT**

Notwithstanding Bankruptcy Local Rule 9013-1(b), the time for the Trustee or any party in interest to object or otherwise respond to any Request for Payment shall be enlarged to the date that is thirty (30) days after the 2018 Administrative Claim Bar Date. Nothing in the 2018 Administrative Claim Bar Date Order prevents the Trustee or any other person from requesting further enlargement of the period to object or otherwise respond to any Request for Payment.

VII.   **SOLE AND EXCLUSIVE METHOD TO ASSERT 2018 ADMINISTRATIVE CLAIM**

The procedures described in this Notice are the sole and exclusive method for the assertion of any 2018 Administrative Claim that is required to be filed, and all claimants asserting a 2018 Administrative Claim are prohibited from invoking any other means of asserting such claims pursuant to the Bankruptcy Code.

## VIII. RESERVATION OF RIGHTS

Nothing contained in this Notice or any actions taken by the Trustee pursuant to the relief granted in the 2018 Administrative Claim Bar Date Order is intended or should be construed as: (a) an admission as to the validity, status, amount or priority of any particular claim asserted against one or more of the Debtors or their Estates; (b) a waiver of the Trustee's rights to dispute any particular claim on any grounds; (c) a promise or obligation to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Notice; or (e) a waiver or limitation of the Trustee's rights under the Bankruptcy Code or any other applicable law.

Dated: November 20, 2023

Respectfully submitted,

**SHANNON & LEE LLP**

/s/*R. J. Shannon*
Kyung S. Lee
State Bar No. 12128400
klee@shannonleellp.com
R. J. Shannon
State Bar No. 24108062
rshannon@shannonleellp.com
2100 Travis Street, STE 1525
Houston, Texas 77002
Tel. (713) 714-5770

*General Bankruptcy Counsel to Ronald J. Sommers, Chapter 7 Trustee*